SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Emmanuel Cornet,*
*Justine De Caires, Grae Kindel, Alexis Camacho,*
*and Jessica Pan, on behalf of themselves*
*and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:22-cv-06857-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN TIME ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STRIKE CLASS CLAIMS**<br><br>BEFORE HON. JAMES DONATO |

## I. INTRODUCTION

Although Plaintiffs have filed an Emergency Motion for a Protective Order pursuant to Fed. R. Civ. P. 23(d) (Dkt. 7), which the Court has set for an expedited hearing on December 8, 2022 (Dkt. 15), Twitter now moves to also shorten the briefing schedule for its Motion to Compel Arbitration (Dkt. 18), so that Plaintiffs' Emergency Motion and Twitter's Motion to Compel Arbitration can be heard together. However, there is nothing urgent about Twitter's Motion to Compel Arbitration that would justify a shortened schedule. In truth, Twitter makes this request in an effort to convince this Court to compel Plaintiffs' claims to arbitration without even addressing Plaintiffs' preliminary request for emergency relief. Twitter's request should be denied.

Indeed, the Court has already set a hearing on Twitter's Motion to Compel Arbitration for January 19, 2023 (Dkt. 22). Maintaining the schedule that is currently set, with Plaintiffs' Emergency Motion to be heard on December 8, 2022, and Twitter's Motion to Compel Arbitration to be heard on January 19, 2023, will appropriately allow the Court to address the time-sensitive Emergency Motion as soon as possible, and then address the Motion to Compel in an orderly manner.

## II. ARGUMENT

Plaintiffs filed this case in order to challenge Twitter's breach of contract with its workforce regarding benefits and severance, assert claims of promissory estoppel, and challenge the company's violation of the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101 *et seq.* (the "WARN Act"), as well as the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (First Am. Compl. § 1, Dkt. 6.) As Plaintiffs explained in their complaint, they have also sought declaratory relief, because they are very concerned that employees will be asked to sign away their rights without notice that they have legal claims to additional benefits and severance and that these legal claims have already been filed on their behalf. (First Am. Compl. § 6, Count VI, Dkt. 6.) In order to prevent Twitter from obtaining *ex parte* releases from the putative class

members in this case without the class members even knowing about the existence of this case or the legal claims that have been asserted, Plaintiffs submitted an Emergency Motion for a Protective Order pursuant to Fed. R. Civ. P. 23(d) on November 9, 2022 (Dkt. 7).  The Court has set an expedited schedule for the briefing and hearing of that Emergency Motion, with a hearing set on December 8, 2022. (Dkt. 15.)

Plaintiffs' concerns have now come to bear. On November 9, 2022, Plaintiffs filed an Emergency Motion for a Protective Order (Dkt. 7), detailing the fact that, in conjunction with Twitter's mass layoffs, Twitter had informed employees that they would receive one month of severance pay after their layoff (i.e. after their final date of employment), and that in order to receive that pay, they would need to sign a release. (Emergency Motion at 6-7, Dkt. 7; De Caires Decl ¶¶ 9-10, Dkt. 7-2; Pan Decl. ¶¶ 9-10, Dkt. 7-3.) Because of the immediate need for the Court's intervention to prevent Twitter from obtaining these releases without potential class members being informed of their rights and the claims asserted here on their behalf, Plaintiffs also moved to shorten time for their Emergency Motion to be briefed and heard. (Dkt. 11.) The Court granted Plaintiffs' Motion and set a briefing schedule that permitted the Emergency Motion to be heard on December 8, 2022.

As will be explained in greater detail in Plaintiffs' Reply in Support of their Emergency Motion for a Protective Order, Twitter has now responded to Plaintiffs' Emergency Motion by arguing that the Court should not even address the Emergency Motion, because Plaintiffs' claims must be compelled to arbitration. See Defendant's Opp. at 6-11 (Dkt. 20). Twitter seeks to compel Plaintiffs' claims to arbitration while obtaining releases of claims from the many thousands of its employees that it has laid off in recent weeks, without their ever being informed of the existence of this lawsuit or the claims that have been made against Twitter on their behalf.

Contrary to Twitter's assertion, however, the Court can and should decide Plaintiffs' Emergency Motion for a Protective Order *first*, before addressing Twitter's Motion to Compel Arbitration. Taking that approach will maintain the *status quo* in this case and protect potential

class members' ability to advance their claims (whether those claims are ultimately advanced in court or in arbitration). It is well settled law that courts are empowered to issue preliminary relief to maintain the status quo even where a defendant seeks to compel arbitration. See Toyo Tire Holdings of Americas Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 981 (9th Cir. 2010) (explaining that a court has the authority to grant preliminary relief on arbitrable claims "if interim relief is necessary to preserve the statuts quo and the meaningfulness of arbitration") (collecting cases from the Sixth, Second, Third, Tenth, Fourth, Seventh, and Eighth Circuits); Teleport Mobility, Inc. v. Sywula, 2021 WL 858438, at * (N.D. Cal. March 7, 2021) (enjoining defendant from destroying evidence prior to addressing a motion to compel arbitration in order to maintain the status quo); O'Connor v. Uber Technologies, Inc., 2013 WL 6407583, at *4-7 (N.D. Cal. Dec. 6, 2013) (issuing a protective order early in the case under Rule 23(d) - *prior* to addressing a motion to compel arbitration - in light of Uber's misleading coercive conduct of issuing arbitration agreements on an *ex parte* basis to putative class members). Indeed, Twitter's arbitration agreement itself provides for Plaintiffs to seek preliminary relief in court.[1] (Cornet Arb. Agreement ¶ 4, Exhibit E to Callagher Decl., Dkt. 18-1; De Caires Arb. Agreement ¶ 4, Exhibit C to Callaghan Decl., Dkt. 18-1; Kindel Arb. Agreement ¶ 4, Exhibit A to Callaghan Decl., Dkt. 18-1; Camacho Arb. Agreement ¶ 4, Exhibit B to Callaghan Decl., Dkt. 18-1; Pan Arb. Agreement ¶ 4, Exhibit D to Callaghan Decl., Dkt. 18-1.)

Courts routinely address such preliminary issues prior to addressing the enforceability of arbitration clause. Indeed, a court in a different layoff case, involving another company owned by Elon Musk, granted a motion just like the one Plaintiffs seek here. In that case, Lynch v.

---

[1] The arbitration agreement states: "A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief." (Cornet Arb. Agreement ¶ 4, Exhibit E to Callagher Decl., Dkt. 18-1; De Caires Arb. Agreement ¶ 4, Exhibit C to Callaghan Decl., Dkt. 18-1; Kindel Arb. Agreement ¶ 4, Exhibit A to Callaghan Decl., Dkt. 18-1; Camacho Arb. Agreement ¶ 4, Exhibit B to Callaghan Decl., Dkt. 18-1; Pan Arb. Agreement ¶ 4, Exhibit D to Callaghan Decl., Dkt. 18-1.) Such relief would be ineffectual later, if potential class members have released their claims by then, not realizing that they have them.

Tesla, Inc., 2022 WL 4295295, at *1-4 (W.D. Tex. Sept. 16, 2022), Plaintiffs brought claims under the WARN Act, following mass layoffs for which the company did not provide employees advance notice. After the layoffs, Tesla attempted to obtain releases from putative class members in exchange for a small severance payment (less than the plaintiffs contended they were entitled to under the WARN Act). Despite the fact that the plaintiffs had all signed arbitration agreements, the court granted the plaintiffs' motion for a protective order, ordering Tesla to provide notice of the pending lawsuit to all employees it had laid off since the pendency of the lawsuit, because Tesla's effort to obtain releases from those employees was misleading and coercive for the purposes of Rule 23(d). See id. Thus, the court in Tesla ordered that this notice be issued, regardless of the fact that the employer contended that all or most of the employees had agreed to individual arbitration and thus would not ultimately be able to participate in a class action. See id., at *2. The court agreed with the plaintiffs that the request for protective order should be decided early in the case, prior to considering any motion to compel arbitration. See id.[2]

This decision in the Tesla case followed a long line of cases that likewise determined that such preliminary issues should be addressed before a court considers arbitration-related issues. See, e.g., Conde v. Open Door Marketing, LLC, 2016 WL 1427641, *10 (N.D. Cal. April 12, 2016); Woods v. Club Cabaret, Inc., 140 F. Supp. 3d 775, 782-83 (C.D. Ill. 2015); Sylvester v. Wintrust Fin. Corp., 2013 WL 5433593, *9 (N.D. Ill. Sept. 30, 2013); Romero v. La Revise Assocs., L.L.C., 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013); Hernandez v. Immortal Rise, Inc.,

---

[2] In Tesla, after a magistrate judge entered the protective order and ordered that notice be issued, an order was later entered compelling the employees to arbitrate their claims, and the case was dismissed before the notice could be issued. Plaintiffs in that case (represented by the undersigned counsel) have appealed that dismissal. See Lynch et al. v. Tesla, Inc., No. 22-51018 (5th Cir.). In any event, the pertinent issue for present purposes is that the magistrate judge in Tesla granted the same relief that Plaintiffs seek here. Also, Plaintiffs here will strongly object to the dismissal of this case, even if arbitration is ultimately compelled, so that the requested notices would be issued.

4
PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN TIME ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STRIKE CLASS CLAIMS

2012 WL 4369746, *5 (E.D.N.Y. Sept. 24, 2012); Sealy v. Keiser Sch., Inc., 2011 WL 7641238, *3 (S.D. Fla. Nov. 8, 2011); Davis v. Four Seasons Hotel Ltd., 2011 WL 4590393, *4 (D. Haw. Sept. 30, 2011); Whittington v. Taco Bell of America, Inc., 2011 WL 1772401 (D. Col. May 10, 2011); Ali v. Sugarland Petroleum, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009); Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811 (W.D. Mo. 2005); Villatoro v. Kim Son Restaurant, L.P., 286 F. Supp. 2d 807 (S.D. Tex. 2003).[3]

For its part, Twitter argues that the decision of the Ninth Circuit in O'Connor v. Uber Technologies, Inc., 904 F.3d 1087, 1094-95 (9th Cir. 2018), counsels against determining Plaintiffs' Emergency Motion before addressing Twitter's Motion to Compel Arbitration. Not so. In O'Connor, the district court took the exact approach that Plaintiffs urge here, which was to consider the plaintiffs' emergency motion for a protective order ***prior to*** any determination regarding whether to compel the plaintiffs' claims to arbitration. See O'Connor, 2013 WL 6407583, at *4-7. It was only **five years later** that the Ninth Circuit held that the class of drivers' claims should indeed be compelled to arbitration. See O'Connor, 904 F.3d at 1094-95. The earlier decision – through which Uber was ordered to provide enhanced specific notice to drivers and make it easier for them to opt out of arbitration if they chose to – permitted more drivers to opt out of arbitration long before the court ultimately ruled on the enforceability of the arbitration clause. Nothing in the Ninth Circuit's decision undermined the propriety of the district court's original decision to address the plaintiffs' Rule 23(d) motion (by more than a year) before addressing Uber's motion to compel arbitration in O'Connor v. Uber Technologies,

---

[3] See also Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011) ("the district court merely sought to preserve the status quo *before* deciding the motion to compel arbitration, and by doing so they sought to preserve the meaningfulness of any arbitration that might take place") (emphasis in original); North American Deer Registry, Inc. v. DNA Solutions, Inc., 2017 WL 1426753, at *2 (E.D. Tex. April 21, 2017) ("A district court can grant preliminary relief before deciding whether to compel arbitration."); Henry v. New Orleans Louisiana Saints L.L.C., 2016 WL 2901775, at *7 (E.D. La. May 18, 2016); Marsoft, Inc. v. United LNG, L.P., 2014 WL 1338707, at *11 (S.D. Tex. March 31, 2014) (granting preliminary relief "before [the court] considers Defendants' motion to compel arbitration").

5
PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN
TIME ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STRIKE CLASS CLAIMS

Inc., 2015 WL 5138097 (N.D. Cal. Sept. 1, 2015).

Moreover, Plaintiffs intend to be moving shortly to amend their complaint further and add one or more named plaintiffs who opted out of Twitter's arbitration agreement and who thus cannot be compelled to arbitrate their claims. Such amendment would give the Court further reason not to advance a hearing on Twitter's motion to compel arbitration, since such an order, even if appropriate, could certainly not moot out Plaintiffs' Emergency Motion.[4]

Finally, Twitter argues that denying its request to shorten time would prejudice Twitter's employees, because such a decision would somehow delay the employees receiving their severance packages. Twitter is simply wrong. Twitter has agreed (and has now been ordered) to postpone distributing severance agreements, pending the Court's consideration of Plaintiffs' Emergency Motion. As it stands, Plaintiffs' Emergency Motion is scheduled to be heard in short order, on December 8, 2022 (just a little more than two weeks from today).[5] Twitter appears inexplicably to believe that if its motion to shorten time to respond to the Motion to Compel Arbitration is denied, the December 8, 2022, hearing would be moved to December 29, 2022.

---

[4] Plaintiffs Cornet and Camacho have also submitted letters to the California Labor & Workforce Development Agency ("LWDA"), detailing their California claims against Twitter on November 16, 2022, and intend to move (following the requisite waiting period) to amend the complaint to assert a representative claim seeking civil penalties against Twitter under the California Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 1400 *et seq.* Plaintiffs. Thus, even if these plaintiffs are ultimately compelled to arbitrate their individual claims, including individual PAGA claims, in light of Viking River Cruises, Inc. v. Moriana, 142 S. Ct. 1906, 1923-24 (2022), it is an open question of law in California whether they could then still pursue the *representative* aspect of their claims in court. This question is currently pending before the California Supreme Court in Adolph v. Uber Technologies, S274671, Order Granting Review (Cal. Aug. 1, 2022). Therefore, the anticipated addition of these PAGA claims also casts in further doubt the specter that this entire case could ultimately be dismissed (or stayed) by virtue of Twitter's motion to compel arbitration.

[5] No employees' payments will be held up by this brief delay. Many of the employees who were laid off are being paid until January or February 2023 (and would not receive their severance payments, if they chose to sign a release, until February or March 2023). See Separation FAQ, Exhibit 3 to De Caires Decl., Dkt. 7-2 and Pan Decl., Dkt. 7-3. Thus, the brief delay in Twitter's distributing the separation agreements – in order to ensure that employees are not duped into unknowingly signing away their rights - would not actually delay the distribution of severance pay, nor put these employees in a position of not receiving any pay until the severance agreements are distributed.

6
PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN
TIME ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STRIKE CLASS CLAIMS

There is no reason the hearing on Plaintiffs' motion needs to be moved.  The Court need not disturb the schedule as it currently stands – both the December 8, 2022, hearing on Plaintiffs' Emergency Motion and the January 19, 2022, hearing on Twitter's Motion to Compel Arbitration should remain on calendar.

### III.     CONCLUSION

For the foregoing reasons, the Court should deny Twitter's Motion to Shorten Time (Dkt. 19) and instead maintain the schedule that has already been set, with Plaintiffs' Emergency Motion to be heard on December 8, 2022, and Twitter's Motion to Compel Arbitration to be heard on January 19, 2022.

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

**CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel of record for Defendant Twitter, Inc., on November 22, 2022, via filing on the Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan