1

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181

2

eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893

3

brian.berry@morganlewis.com
One Market, Spear Street Tower

4

San Francisco, CA  94105
Tel:    +1.415.442.1000

5

Fax:    +1.415.442.1001

6

Attorneys for Defendant

7

TWITTER, INC.

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

EMMANUEL CORNET, JUSTINE DE
CAIRES, GRAE KINDEL, ALEXIS

12

CAMACHO, AND JESSICA PAN, on behalf
of themselves and all others similarly situated,

13

Plaintiffs,

14

v.

15

TWITTER, INC.

16

Defendant.

17

Case No. 3:22-cv-06857-JD

**DECLARATION OF ERIC MECKLEY IN
SUPPORT OF TWITTER'S OPPOSITION
TO PLAINTIFFS' RULE 6-3 MOTION TO
SHORTEN TIME**

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF ERIC MECKLEY**

1.      I am a partner in the lawfirm of Morgan, Lewis & Bockius LLP, counsel of record for Defendant Twitter, Inc. ("Twitter") in the above-captioned matter.

2.      The original Complaint in this case was filed on November 3, 2022 (ECF No. 1). Plaintiffs did not serve Twitter with the summons and complaint in accordance with the Federal Rules of Civil Procedure until November 10, 2022 (ECF No. 6).

3.      Twitter's opposition to Plaintiffs' motion for leave to amend is due on Wednesday, December 7, 2022.   Twitter intends to oppose the motion for leave to amend and needs until December 7 to prepare its opposition.   Twitter believes that given the significant issues raised and the relief sought by Plaintiffs' motion for leave to amend, it is critical for the Court to have a meaningful opportunity to review, consider and adjudicate the issues raised by Plaintiffs' motion and Twitter's opposition.  Conducting the hearing less than 24 hours after receiving Twitter's opposition briefing would unfairly prejudice Twitter's interests.

4.      Twitter has filed a motion to compel arbitration of the five named Plaintiffs' claims and to dismiss the *Cornet* action. Twitter's motion to compel is scheduled to be heard on January 12, 2023.

5.      Dismissing the *Cornet* action before hearing Plaintiffs' motion for leave to amend would moot the motion for leave to amend but would not result in any "substantial harm or prejudice", because the three (3) newly proposed plaintiffs (who reside in Washington and New York; none of whom are residents of California) can simply file their own new, separate lawsuit. None of these new proposed plaintiffs' claims appears to be barred by any applicable statute of limitations.  And, having them file a new separate lawsuit is the most appropriate course of action given the multiple claims alleged in the currently pending lawsuit that these proposed plaintiffs *cannot plead* consistent with Rule 11.  Specifically, proposed plaintiffs Emily Kim and Brett Folkins

each reside in Washington state and each received the requisite 60-days' notice of termination under the federal WARN Act.  *See* proposed SAC ¶¶ 14, 16.  Proposed plaintiff Migeul Barreto resides in New York and received the requisite 90-days' notice of his termination under New York law.  *See* proposed SAC ¶ 15.  As a result, it is undisputed that none of these newly proposed plaintiffs can state a claim for any violation of the federal WARN Act or New York WARN Act.  In addition, because none of these newly proposed plaintiffs is or was a resident of California, it is undisputed that none of them can state a claim for any violation of California law, including but not limited to any violation of the California WARN Act or any other provision of the California Labor Code).

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.  Signed on December 5, 2022.

By: */s/ Eric Meckley*
Eric Meckley