MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 3:22-cv-06857-JD<br><br>**DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>Date:   January 23, 2023<br>Time:   9:30 a.m.<br>Judge:   Hon. James Donato |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS ........................................................................................................ 2

    A. Procedural History and Current Schedule of Hearings. ........................................ 2

    B. Pertinent Factual Allegations in the Proposed SAC. .............................................. 3

III. ARGUMENT .................................................................................................................... 4

    A. The Court Should Decide Twitter's Motion to Compel Arbitration Prior to Plaintiffs' Motion for Leave to Amend. ................................................................. 4

    B. Leave to Amend Should Be Denied Under Rule 15. ............................................. 6

        1. Amendment Should Be Denied Based on Prejudice to Twitter. ................. 7

        2. Amendment Should Be Denied Based on Futility. .................................... 8

        3. The Cases Cited by Plaintiffs' Are Inapposite. ......................................... 12

IV. CONCLUSION ............................................................................................................... 13

MORGAN, LEWIS &
BOCKIUS UK LLP
ATTORNEYS AT LAW
LONDON

- i -

Case No. 3:22-cv-06857-JD

TWITTER'S OPPOSITION TO MOTION FOR LEAVE TO AMEND

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adema Techs. Inc. v. Wacker Chemie AG*,
657 Fed. Appx. 661 (N.D. Cal. 2014)........................................................................ 11

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
465 F.3d 946 (9th Cir. 2006)........................................................................ 2, 6

*Amparan v. Plaza Home Mortg., Inc.*,
No. C 07-4498 JF (RS), 2009 WL 2776486 (N.D. Cal. Aug. 28, 2009) ................................ 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................ 8

*Atlantic Marine Const. Co. v. U.S. District Court for the Western District of Texas*,
134 S. Ct. 568 (2013) ........................................................................ 10

*Barren v. Harrington*,
152 F.3d 1193 (9th Cir. 1998)........................................................................ 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................ 8

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995)........................................................................ 8

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011)........................................................................ 6

*Carnival Cruise Lines v. Shute*,
499 U.S. 585 (1991) ........................................................................ 10

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*,
709 F.2d 190 (3d Cir. 1983)........................................................................ 10

*Comer v. Micor, Inc.*,
436 F.3d 1098 (9th Cir. 2006)........................................................................ 10

*Crispo v. Musk*,
CA No. 2022-0666-KSJM, 2022 WL 6693660 (Del. Ch. Oct. 11, 2022) .............................. 12

*Diamond Multimedia Systems, Inc. v. Superior Court*,
19 Cal.4th 1036 (1999) ........................................................................ 9

*E. & J. Gallo Winery v. Andina Licores S.A.*,
446 F.3d 984 (9th Cir. 2006)........................................................................ 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .................................................................................. 7

*In re Exodus Communications, Inc. Securities Litigation*,
   No. C-01-2661 MMC, 2006 WL 2355071 (N.D. Cal. Aug. 14, 2006) .............................. 4, 5

*Fidelity Fin. Corp. v. Fed. Home Loan Bank*,
   79 F.3d 1432 (9th Cir. 1986) ................................................................................... 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................ 6

*Franczak v. Suntrust Mortgage Inc.*,
   No. 5:12-01453, 2013 WL 4764327 (N.D. Cal. Sept. 5, 2013) .................................. 5

*Fresno Unified School Dist. V. K.U. ex rel. A.D.U.*,
   980 F.Supp.2d 1160 ........................................................................................... 4, 12

*Frost v. Diocese of San Bernardino Educ. & Welfare Corp.*,
   302 Fed. App'x 729 (9th Cir. 2008) ........................................................................ 8

*Ginoyan v. Barclays Bank Delaware*,
   2020 WL 1974030 (C.D. Cal. Mar. 10, 2020) ......................................................... 5

*Ho v. Ernst & Young LLP*,
   No. C05-04867 JF, 2007 WL 2070216 (N.D. Cal. July 17, 2007) ......................... 12

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004) ................................................................................ 8

*Kramer v. Toyota Motor Corp.*,
   705 F.3d 1122 ....................................................................................................... 10

*Lentini v. Kelly Services, Inc.*,
   No. C17-03911 WHA, 2017 WL 4354910 (N.D. Cal. Oct. 2, 2017) .................... 11

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ............................................................................................ 10, 11

*McClune v. Shamah*,
   593 F.2d 482 (3d Cir. 1979) ................................................................................... 5

*Miller v. Rykoff–Sexton*,
   845 F.2d 209 (9th Cir. 1988) ................................................................................... 8

*Morris v. Ernst & Young LLP*,
   834 F.3d 975 (9th Cir. 2016) ................................................................................. 13

*Myers v. Intuit, Inc.*,
   2018 WL 2287425 (S.D. Cal. May 18, 2018) ......................................................... 6

*National Security Counselors v. Central Intelligence Agency*,
  960 F.Supp.2d 101 (D.D.C. 2013) .................................................................................. 7

*Nordyke v. King*,
  644 F.3d 776 (9th Cir. 2011) ............................................................................................ 8

*Norwest Mortgage, Inc. v. Superior Court*,
  72 Cal.App.4th 214 (1999) ............................................................................................... 9

*O'Connor v. Uber Tech., Inc.*,
  Case No. 13-cv-3826 (N.D. Cal.) ................................................................................... 13

*O'Connor, et al. v. Uber Technologies, et al.*,
  No. 3:13-cv-03826-EMC (N.D. Cal. Nov. 5, 2014) (ECF 193) ..................................... 13

*Osakan v. Apple Am. Grp.*,
  2010 WL 1838701 (N.D. Cal. May 5, 2010) ................................................................... 8

*Palmer v. Stassinos*,
  236 F.R.D. 460 (N.D. Cal. May 18, 2006) ..................................................................... 12

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 ..................................................................................................................... 9

*Sanchez v. Wal Mart Stores, Inc.*,
  2009 WL 2971553 (E.D. Cal. Sept. 11, 2009) ................................................................. 7

*Soto v. Castlerock Farming and Transport, Inc.*,
  No. 1:09-cv-00701-AWI-JLT, 2011 WL 3489876 (E.D. Cal. Aug. 9, 2011) .................. 6

*Sparling v. Hoffman Constr. Co.*,
  864 F.2d 635 (9th Cir. 1988) ............................................................................................ 5

*Union Pac. Railroad Co. v. Nev. Power Co.*,
  950 F.2d 1429 (9th Cir. 1991) .......................................................................................... 6

*Warden v. Crown American Realty Trust*,
  1998 WL 725946 (W.D. Pa. 1998) ............................................................................. 1, 5

*Wixon v. Wyndham Resort Development Corp.*,
  No. C 07-02361 JSW, 2010 WL 424603 (N.D. Cal. Jan. 27, 2010) .............................. 12

*Yucesoy v. Uber Technologies, Inc., et al.*,
  No. 3:15-cv-00262 EMC (N.D. Cal. Mar. 5, 2018) (ECF 287) ..................................... 12

*Zero Motorcycles, Inc. v. Pirelli Tyre S.P.A.*,
  802 F. Supp. 2d 1078 (N.D. Cal. 2011) (*rev'd and remanded on other grounds*,
  517 F. App'x 589, 590 (9th Cir. 2013)) ........................................................................... 8

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................................................. 6

**Statutes**

United States Constitution 14th Amendment ................................................................................ 9

United States Federal Arbitration Act, 9 U.S.C. §§ 1-16; §§ 201-208; §§ 301-307 ...................... 2

29 U.S.C. § 2101(a)(5), (6) ............................................................................................................ 4

United States Worker Adjustment and Retraining Notification Act of 1988,
    29 U.S.C. §§ 2101–2109 (the "WARN Act") ................................................................ 2, 3, 4, 9

Federal Rule of Civil Procedure Rule 11 ....................................................................................... 1

Federal Rule of Civil Procedure Rule 12(b)(6) .............................................................................. 8

Federal Rule of Civil Procedure Rule 15 ............................................................................... 1, 6, 7

Federal Rule of Civil Procedure 23(d) ....................................................................................... 2, 7

California Labor Code §§ 1400-1408 (the "California WARN Act") ....................................... 3, 9

**Rules**

California Civil Local Rule 6-3 ..................................................................................................... 3

**Other Authorities**

https://dol.ny.gov/system/files/documents/2022/11/warn-twitter-nyc-2022-0050-
    11-8-2022_0.pdf ..................................................................................................................... 4

https://fortress.wa.gov/esd/file/warn/Public/SearchWARN.aspx ................................................... 4

## I. INTRODUCTION

Plaintiffs filed their motion for leave to file a Second Amended Complaint in direct response to Twitter's motion to compel the five named Plaintiffs into arbitration and to dismiss this lawsuit. In requesting leave to add three new named plaintiffs, the current Plaintiffs admittedly seek some way to keep this lawsuit alive even after the Court compels them to arbitrate their claims. However, even under the general liberal standards of Rule 15, the Court should deny the motion for multiple independent reasons.

First, the Court should not entertain Plaintiffs' repeated attempts during the short life of this case to litigate various "emergency" issues before the Court has even decided whether Plaintiffs' claims belong in court in the first place. The Court should resolve Twitter's motion to compel arbitration *first*, as it is scheduled to be heard on January 12, 2023. Plaintiffs' motion for leave to amend is scheduled to be heard *later*, on January 23, 2023. If the Court grants the motion to compel and dismisses the operative First Amended Complaint (as it should), then there will be no pending actionable pleading to be amended and Plaintiffs' motion to amend will be moot. Resolving the motions in this sequence is also appropriate because the Court has not yet ruled on class certification. *Warden v. Crown American Realty Trust*, 1998 WL 725946 (W.D. Pa. 1998). Ultimately, because the current Plaintiffs are contractually bound to arbitrate their claims, they have no genuine stake in the disposition of this motion. And the three new proposed Plaintiffs – none of whom reside in California – face no harm or prejudice whatsoever because they may simply file a new action asserting whatever claims they choose (consistent with their obligations under Rule 11).

Second, where a plaintiff has previously amended a complaint, the Court has more broad discretion to deny leave to amend. In addition, amendments seeking to add parties should be granted less freely than amendments adding new claims. These limitations on the generally liberal interpretation of Rule 15 clearly apply here, because Plaintiffs already have amended their complaint once (*see* ECF No 6) and are seeking to add three new proposed plaintiffs (to replace the five Plaintiffs whose claims will be compelled to arbitration resulting in the dismissal of the lawsuit).

Third, the Court may deny leave to amend where, as here, allowing the proposed amendment would prejudice the opposing party or be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Plaintiffs here want to use the soon-to-be dismissed lawsuit as a platform for sending pre-certification notice to putative class members via their motion for a protective order under Federal Rule of Civil Procedure 23(d), a result that would unfairly prejudice Twitter's interests in the orderly administration of its pre-planned reduction in force. In addition, the proposed claims of the three new plaintiffs outlined in the proposed Second Amended Complaint would be futile because (a) none of these Washington and New York state residents can assert claims for violation of the California Labor Code, (b) none of them can assert claims for federal WARN Act violations as they concededly received sufficient advance notice of their terminations, and (c) their contract-based claims are premised upon them suing to enforce the Merger Agreement, which contains a forum-selection provision requiring them to sue in a Delaware court, not this Court. The futility of amending the complaint to include these three new persons – who cannot prosecute and state any viable claims before this Court – further justifies denying Plaintiffs' motion.

## II.     RELEVANT FACTS

### A.     Procedural History and Current Schedule of Hearings.

Plaintiffs filed their original Complaint on November 3, 2022. ECF No. 1. This pleading alleged claims under the federal and California WARN Acts. On November 8, 2022, Plaintiffs filed their FAC that alleged additional claims for alleged breach of contract and promissory estoppel. ECF No. 6.

On November 21, 2022, Twitter filed a motion to compel arbitration as to the five named Plaintiffs, each of whom signed a valid and enforceable Dispute Resolution Agreement subject to the Federal Arbitration Act, and to dismiss the putative class action claims. ECF No. 18. Twitter's motion is scheduled for hearing on January 12, 2023. If the Court grants Twitter's motion, the FAC should be dismissed because no plaintiffs or class claims will remain.

/ / /

/ / /

On November 23, 2022, Plaintiffs filed the present motion for leave to amend to file a SAC to add three new proposed plaintiffs and additional claims under the California Labor Code. ECF No. 21. Plaintiffs concededly filed the motion for leave to amend in direct response to Twitter's motion to compel and dismiss, admitting they did so to "ensure this case remains before this Court." Mot. 1:17-18. Plaintiffs' motion is scheduled for hearing on January 23, 2023. Plaintiffs moved under California Civil Local Rule 6-3 to shorten time on the hearing of their motion; Twitter opposed that request. To date, the Court has not ruled on Plaintiffs' administrative motion.

### B. Pertinent Factual Allegations in the Proposed SAC.

According to the proposed SAC, none of the three proposed new plaintiffs are residents of California and none of them worked for Twitter in California; specifically: Emily Kim is a resident of Washington and works for Twitter in Washington. SAC ¶ 14. Miguel Barreto is a resident of New York and works for Twitter in New York. *Id.* ¶ 15. Brett Folkins is a resident of Washington and works for Twitter in Washington. *Id.* ¶ 16.

In addition, the allegations of the proposed SAC demonstrate that each of the three proposed new plaintiffs received advance notice of their terminations that fully complied with applicable WARN Act notice requirements: specifically: Twitter notified Emily Kim on November 4, 2022 that her employment would terminate on January 4, 2023, which is a period of 61 days' notice. *Id.* ¶ 14. Twitter notified Miguel Barreto on November 4, 2022 that his employment would terminate on February 4, 2023, which is a period of 91 days' notice. *Id.* ¶ 15. Brett Folkins communicated to Twitter that he did not intend to continue working at Twitter when he chose not to click "Yes" on November 17, 2022; Twitter notified Folkins that his employment would terminate on January 20, 2023, which is a period of approximately 63 days' notice. *Id.* ¶¶ 16 52.

Twitter was, at all times, mindful of and in compliance with its obligations under the WARN Act and all similar state laws, including the California WARN Act. *See* ECF No. 20-1, Decl. of Fix Conti, at ¶ 5. On November 4, 2022, Twitter notified approximately 2,600

employees that they were being involuntarily discharged as part of a reduction in force and that their last day of employment with Twitter would be January 4, 2023 – more than 60 days after such notice.[1]  *Id*., at ¶ 4.  Consistent with its obligations under the WARN Act and applicable state law, Twitter also timely notified all applicable state and local authorities of the November 4 reduction in force.  *Id*., at ¶ 5.  These included the government authorities in Seattle (*see* https://fortress.wa.gov/esd/file/warn/Public/SearchWARN.aspx) and New York (*see* https://dol.ny.gov/system/files/documents/2022/11/warn-twitter-nyc-2022-0050-11-8-2022_0.pdf).  Similarly, although employees who voluntarily chose not to continue working for Twitter by not clicking "Yes" on November 17, 2022 were not involuntarily terminated by Twitter and not required to receive any WARN Notice (*see* 29 U.S.C. § 2101(a)(5), (6)), Twitter nonetheless still provided such persons advance notice of termination that was sufficient to comply with WARN.

## III.   ARGUMENT

### A.   The Court Should Decide Twitter's Motion to Compel Arbitration Prior to Plaintiffs' Motion for Leave to Amend.

Where, as here, there is no certified class and a pending motion would dispose of the case, the Court should rule on the merits of the pending motion before considering a proposed amendment to add a class representative.  Otherwise, if the proposed amendment is granted and the case is subsequently dismissed because the lawsuit is defunct, the amendment becomes moot.  *In re Exodus Communications, Inc. Securities Litigation*, No. C-01-2661 MMC, 2006 WL 2355071, at *1-2 (N.D. Cal. Aug. 14, 2006) (citations omitted) (granting motion to dismiss and denying motions to intervene because "where the named plaintiffs in a class action lack standing, the action must be dismissed and new named plaintiffs with standing may not intervene" because "intervention will not be permitted to breathe life into a nonexistent lawsuit"); *see also Fresno Unified School Dist. V. K.U. ex rel. A.D.U.*, 980 F.Supp.2d 1160,

---

[1] Impacted employees in states with longer notice requirements were given a different end-date of employment consistent with all requirements of applicable state law, including specifically proposed plaintiff Barreto who resided in New York and was given more than 90 days' notice.

1177 ("Courts have been particularly critical of proposed amendments that appear to 'game' the system"); *see also Warden*, 1998 WL 725946 (W.D. Pa. 1998). *Exodus* is instructive here. In that case, the two named plaintiffs had been dismissed for failure to prosecute (the "Fox Plaintiff") and for lack of standing (the "Welch Plaintiff"). An individual and an entity filed separate motions to intervene in the action, and the defendant filed a motion to dismiss based on lack of subject matter jurisdiction after the motions to intervene had been filed. The court granted the motion to dismiss and denied the motions to intervene because "intervention will not be permitted to breathe life into a nonexistent lawsuit." *Exodus*, 2006 WL 2355071, at *1-2 (citing *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979)).

Similarly, in *Warden*, the plaintiffs moved to add an additional class representative in response to the defendants' motion to dismiss for lack of standing. The case was still in the pre-certification stage when the Western District of Pennsylvania granted the defendants' motion to dismiss and denied intervention of an additional class representative into "an otherwise defunct claim." The court reasoned that "intervention will not be permitted to breathe life into a nonexistent lawsuit." *Warden*, 1998 WL 725946 at 5-7; *see also McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979).

This Court is presented with a similar situation and should draw a similar conclusion here. Twitter's motion to compel arbitration will eliminate the five named Plaintiffs from this lawsuit and result in the dismissal of all other claims. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (holding district court acted within its discretion in dismissing action when all claims are barred by an arbitration provision); *Ginoyan v. Barclays Bank Delaware*, 2020 WL 1974030, at *4 (C.D. Cal. Mar. 10, 2020) ("[I]n the Ninth Circuit, district courts have discretion to dismiss a party's complaint if an arbitration clause ensnares all of the party's claims."). The Court will hear Twitter's motion on January 12 – prior to Plaintiffs' motion to amend. Plaintiffs should not be allowed to "breathe life into a nonexistent lawsuit." Where, as here, the "true purpose" of the motion to amend is to prevent a ruling on a pending motion that will eliminate the case, the Court can deny leave to amend as prejudicial to the defendant. *See, e.g., Franczak v. Suntrust Mortgage Inc.*, No. 5:12-01453, 2013 WL 4764327, at *4 (N.D. Cal. Sept. 5, 2013)

(finding the proposed amendment prejudicial to the defendant).  In contrast, the proposed three new plaintiffs will not be prejudiced, because they can choose to file a new separate action.

/ / /

### B. Leave to Amend Should Be Denied Under Rule 15.

The liberality of Rule 15 is greatly diminished because (1) the complaint has already been amended once, (2) the amendment seeks to add new parties, and (3) no class has been certified.  The Court must view the factors relevant to amendment through that lens.  Specifically, in deciding whether to allow an amendment, district courts in the Ninth Circuit consider four factors: (1) bad faith of the moving party; (2) undue delay in litigation; (3) prejudice to the opposing party; and (4) futility of amendment.  *AmerisourceBergen Corp.,* 465 F.3d at 951; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Soto v. Castlerock Farming and Transport, Inc.*, No. 1:09-cv-00701-AWI-JLT, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011); *Loehr v. Ventura County Cmty*. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984)).  While leave to amend under Rule 15 should be freely given "when justice so requires," the Ninth Circuit has cautioned that "liberality in granting leave to amend is subject to several limitations," which include "undue prejudice to the opposing party."  *Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted).

The Ninth Circuit also has advised that a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id*. at 1058; *see also Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986).  In addition, under Rule 15(c), the paramount consideration for the Court here is the clear rule that pleadings which seek to amend *claims* must be differentiated from those seeking to amend to add *parties*.  *Union Pac. Railroad Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (amendments seeking to add parties should be granted less freely than amendments adding claims).  The appropriateness of substituting in a new class representative "is primarily applicable to cases in which a class has been certified[.]" *See also Myers v. Intuit, Inc.*, 2018

WL 2287425 (S.D. Cal. May 18, 2018); *Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009) ("[L]eave to substitute a different class representative may be granted when there is a certified class already in place."). The prejudice and futility factors that exist here weigh strongly and decidedly against the Court allowing the proposed amendments.

### 1. Amendment Should Be Denied Based on Prejudice to Twitter.

The proposed amendment would prejudice Twitter. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a)."). The proposed three new plaintiffs have no basis to assert any law claims under California law or WARN claims, and they have no basis to litigate any contract-based claims in a California court. Against this background, allowing them to join this litigation would unfairly and unduly prejudice Twitter's ability to proceed with its previously planned RIF administration process because the sole purpose of the amendment is to maintain a vehicle for Plaintiffs' counsel to seek an order requiring Twitter to provide notice of the claims in this putative class action under Rule 23(d), *despite the fact that these three new plaintiffs cannot pursue those claims in this action*.

Courts routinely deny motions for leave to amend, even under the Rule 15 standard, where the purpose of the amendment is to evade an earlier case-dispositive ruling or to create a "moving target" in the hope of avoiding dismissal. *See National Security Counselors v. Central Intelligence Agency*, 960 F.Supp.2d 101, 133-34 (D.D.C. 2013) (a court may "'properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories *seriatim* in an effort to avoid dismissal.'") (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)). Thus, "[w]hen a plaintiff seeks leave to amend its complaint in an attempt to evade the effect of [an order] dismissing the plaintiff's claim against the moving defendants, the request will be denied." *Id.* at 134 (internal quotations omitted). That is exactly what Plaintiffs are attempting to do here, and why this Court can and should exercise its

discretion to deny leave to amend.[2]

### 2. Amendment Should Be Denied Based on Futility.

The general rule allowing parties to amend their pleadings "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Frost v. Diocese of San Bernardino Educ. & Welfare Corp.*, 302 Fed. App'x 729, 730 (9th Cir. 2008) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").

Following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts have held that the standard for "determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)" as prescribed in those cases. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (examining facts pleaded consistent with *Ashcroft*, 556 U.S. 662); *Zero Motorcycles, Inc. v. Pirelli Tyre S.P.A.*, 802 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) (finding that an amendment is futile where facts are insufficient to "push the claims 'across the line from conceivable to plausible'") (*rev'd and remanded on other grounds*, 517 F. App'x 589, 590 (9th Cir. 2013)) (citing *Bell Atl.*, 550 U.S. at 557). Conclusory allegations are insufficient when the plaintiff does not set out factual details sufficient to support conclusions in those allegations. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, the claims of the proposed three new plaintiffs would be futile and/or subject to

---

[2] In addition, although admittedly at an early stage of this litigation, Twitter has been preparing its defenses based on the five current Plaintiffs' claims, including by preparing and filing a motion to compel arbitration. Adding the new plaintiffs – none of whom reside in California and none of whom can demonstrate any lack of applicable WARN notice – would require Twitter to re-start this process. *Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) (finding the proposed joinder of four new class representatives would unduly prejudice defendants, who had been preparing defense based on the identity of existing class representative).

dismissal. First, Kim and Folkins reside and work for Twitter in Washington. Barreto resides and works for Twitter in New York. They cannot sue Twitter for violation of the California WARN Act or any of the other California Labor Code claims alleged in the proposed Count VI of the SAC. A presumption exists against extraterritorial application of California laws. *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (1999). Here, there is nothing in the California Labor Code that clearly expresses any intent for it to apply to persons working outside of California, and as result, the presumption against extraterritoriality applies. *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 222-225 (1999). In addition, any such extraterritorial application of California laws to Kim, Barreto and Folkins would violate the due process clause in the 14th Amendment of the United States Constitution, which imposes limits on the extraterritorial application of state law. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (citations omitted) ("for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair").

Second, Kim, Barreto and Folkins have no plausible claim for violation of the federal WARN Act because the allegations make clear that each of them has received at least 60 days' notice of their termination, which fully complies with WARN.

Third, Kim, Barreto and Folkins's contract-based claims are premised on supposed promises contained in and derived from the Merger Agreement. *See* SAC ¶¶ 29, Counts I, II and III. On April 25, 2022, X Holdings I, Inc. and X Holdings II, Inc. entered into an Agreement and Plan of Merger with Twitter ("Merger Agreement"). *See* ECF No. 21, Request for Judicial Notice ("RJN") Ex. A. The proposed three new plaintiffs seek to sue Twitter to enforce a sentence in Section 6.9(a) of the Merger Agreement that makes reference to providing severance benefits to persons terminated following the close of the merger. However, the Merger Agreement *also* contains a forum selection clause requiring that all actions to enforce the Agreement or resolve disputes regarding its terms be litigated in Delaware courts. Specifically, Section 9.10 "Consent to Jurisdiction" (ECF No. 21, Ex. A) states:

> (a) Each of the parties hereto hereby (i) expressly and irrevocably submits to the exclusive personal jurisdiction of the Delaware Court of Chancery, any other court of the State of Delaware or any federal court sitting in the State of Delaware in the event any dispute arises out of this Agreement or the transactions contemplated by this Agreement, (ii) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, (iii) agrees that it will not bring any action relating to this Agreement or the transactions contemplated by this Agreement in any court other than the Delaware Court of Chancery, any other court of the State of Delaware or any federal court sitting in the State of Delaware, (iv) waives, to the fullest extent it may legally and effectively do so, any objection which it may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement and (v) agrees that each of the other parties shall have the right to bring any action or proceeding for enforcement of a judgment entered by the state courts of the Delaware Court of Chancery, any other court of the State of Delaware or any federal court sitting in the State of Delaware. Each of the Equity Investor, Parent, Acquisition Sub and the Company agrees that a final judgment in any action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by Law.

The proposed three new plaintiffs cannot "have their cake and eat it too" by, on the one hand, purporting to enforce a single sentence in Section 6.9 of the Merger Agreement while, on the other hand, ignoring the forum selection provision in Section 9.10 of the Agreement. *See, e.g., Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citations omitted) ("Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes'"); *see also Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128; *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983) ("[T]hird-party beneficiary status does not permit the avoidance of contractual provisions otherwise enforceable").

The forum selection clause in the Merger Agreement must be enforced here. The United States Supreme Court has held that "[i]n the light of present-day commercial realities and expanding international trade[,] ... [a] forum [selection] clause should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991); *see also Atlantic Marine Const. Co. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568, 583 (2013) ("[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not

unnecessarily disrupt the parties' settled expectations").  In light of this authority, the Ninth Circuit has stated that "[i]t is ... clear that the Supreme Court has established a strong policy in favor of the enforcement of forum-selection clauses." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006).  Accordingly, federal courts in the Northern District favor enforcement of forum-selection/venue provisions and require a party challenging enforcement to bear the burden of establishing one of the limited exceptions to enforcement.  *See Adema Techs. Inc. v. Wacker Chemie AG*, 657 Fed. Appx. 661, 663 (N.D. Cal. 2014) ("as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted") (alteration in original) (quoting *Atlantic Marine*, 134 S. Ct. at 581), *aff'd.*, 2016 WL 4045297 (9th Cir. July 28, 2016)).  "A forum-selection clause should be enforced unless the party challenging enforcement of such a provision can show it is unreasonable." *Lentini v. Kelly Services, Inc.*, No. C17-03911 WHA, 2017 WL 4354910, at *1 (N.D. Cal. Oct. 2, 2017), citing to *M/S Bremen*, 407 U.S. at 10.  A forum-selection clause may be found unreasonable if the challenging party can prove that one of the following three exceptions applies: (1) the incorporation of the forum-selection clause was the product of fraud or overreaching; (2) enforcing the clause would effectively deprive the plaintiff of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which the suit is brought.  *Adema*, 657 Fed. Appx. at 663.

No such exceptions apply here. The forum selection clause was negotiated by parties represented by counsel.  Enforcing the clause would not deprive the proposed three new plaintiffs from their "day in court", as they are free to file their claims in Delaware – which is actually thousands of miles *closer* to Barreto and to his counsel than the court in San Francisco and for Kim and Folkins would involve a flight not dissimilar from the flight they would be required to take to travel from Seattle to appear in San Francisco.  Nothing about California public policy would be contravened by having the contract claims resolved in Delaware court, particularly given that the Merger Agreement includes a Delaware choice of law provision (*see* Section 9.8), and Delaware courts obviously are most familiar with and experienced in applying Delaware

law.[3]  Indeed, a Delaware court already has considered and interpreted the Merger Agreement at issue here. *See Crispo v. Musk*, CA No. 2022-0666-KSJM, 2022 WL 6693660, at *5 (Del. Ch. Oct. 11, 2022).

### 3. The Cases Cited by Plaintiffs' Are Inapposite.

Plaintiffs cite to numerous cases in support of their argument that "[c]ourts have consistently allowed plaintiffs to amend class action complaints to add additional lead plaintiffs, even much later in the litigation." Mot., 3:27-4:12.  But none of these cases cited involve the circumstances at issue here and, notably, one of the authorities Plaintiffs cite in support of their argument actually *denied leave to amend* on this issue.  *See Fresno Unified School Dist. V. K.U. ex rel. A.D.U.*, 980 F.Supp.2d 1160, 1186.  The majority of the cases Plaintiffs cite seek to add additional plaintiffs to the lawsuit; they do not seek to substitute in entirely new plaintiffs as a ploy to avoid an otherwise inevitable dismissal when none of the original/existing plaintiffs can remain in the case.  *See, e.g., Amparan v. Plaza Home Mortg., Inc.*, No. C 07-4498 JF (RS), 2009 WL 2776486 (N.D. Cal. Aug. 28, 2009) (seeking leave to amend to add two additional plaintiffs and class representatives *in addition to* the originally named plaintiff); *Ho v. Ernst & Young LLP*, No. C05-04867 JF, 2007 WL 2070216 (N.D. Cal. July 17, 2007) (seeking leave to amend to add three plaintiffs *in addition to* the original plaintiff); *Wixon v. Wyndham Resort Development Corp.*, No. C 07-02361 JSW, 2010 WL 424603 (N.D. Cal. Jan. 27, 2010) (permitting amendment to add *an additional* named plaintiff); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. May 18, 2006) (seeking leave to add two additional plaintiffs *in addition to* the two original plaintiffs).

Plaintiffs' citation to *Yucesoy v. Uber Technologies, Inc., et al.*, No. 3:15-cv-00262 EMC (N.D. Cal. Mar. 5, 2018) (ECF 287) is procedurally distinguishable.  In *Yucesoy*, the court permitted amendment and allowed the plaintiffs to add additional named class representatives not

---

[3] Section 9.8 "Governing Law" states:  "This Agreement and all actions, proceedings or counterclaims (whether based on contract, tort or otherwise) arising out of or relating to this Agreement, or the actions of Parent, Acquisition Sub or the Company in the negotiation, administration, performance and enforcement thereof, shall be governed by, and construed in accordance with, the laws of the State of Delaware, without giving effect to any choice or conflict of laws provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the Laws of any jurisdiction other than the State of Delaware."

1  bound by Uber's arbitration agreements while Uber's motion to compel arbitration was stayed
2  pending the Ninth Circuit's review of *O'Connor v. Uber Tech., Inc.*, Case No. 13-cv-3826 (N.D.
3  Cal.) and the Supreme Court's review of *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir.
4  2016). The court permitted amendment "[i]n light of the substantial delays already incurred in
5  this case" and allowed the parties to move forward "on a limited basis" pending resolution of
6  *O'Connor* and *Morris*. Plaintiffs' citation to *O'Connor, et al. v. Uber Technologies, et al.*, No.
7  3:13-cv-03826-EMC (N.D. Cal. Nov. 5, 2014) (ECF 193) is also procedurally distinguishable as
8  there was not a motion to compel arbitration pending before the court at the time that the court
9  granted the plaintiffs leave to amend. For these reasons, Plaintiffs' citations are distinguishable
10 and not persuasive on the specific factual record before this Court.

### IV. CONCLUSION

The Court should first consider and rule upon Twitter's pending motion to compel arbitration and, in doing so, order Plaintiffs' claims to individual arbitration and dismiss the putative class claims. The ruling on that motion will moot Plaintiffs' motion for leave to amend. Also, leave to amend would prejudice Twitter and be futile as to the proposed three new plaintiffs. The Court should deny leave to amend and order all relief in favor of Twitter that the Court finds appropriate.

Dated: December 7, 2022                    MORGAN, LEWIS & BOCKIUS LLP


                                           /s/ Eric Meckley
                                           Eric Meckley
                                           Brian Berry

                                           Attorneys for Defendant
                                           TWITTER, INC.