MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, AND BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>TWITTER, INC.<br><br>                    Defendant. | Case No. 3:22-cv-06857-JD<br><br>**TWITTER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS**<br><br>Date:         Thursday, February 23, 2023<br>Time:         10:00 a.m.<br>Courtroom: 11<br>Judge:        Hon. James Donato |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-06857-JD

# REQUEST FOR JUDICIAL NOTICE

In accordance with Federal Rule of Evidence 201, Twitter, Inc. ("Twitter" or "Defendant") respectfully requests that this Court take judicial notice of the documents described below and attached as Exhibits to this Request for Judicial Notice.

Federal Rule of Evidence Section 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b). The Court "must take judicial notice if a party request it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

While a district court may generally not consider materials beyond the pleadings in ruling on a Motion to Dismiss, an exception to this general rule is that a "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn.9 (9th Cir. 2012), citing *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Public and government records taken from official websites whose accuracy cannot reasonably be questioned are subject to judicial notice. *Brulee v. Geico Insurance Agency Inc*. No. 19 (E.D. Cal July 19, 2018) (citing *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap,* 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) ("government

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-06857-JD

documents are generally considered not to be subject to reasonable dispute…This includes public records and government documents available from reliable sources on the Internet.").

Pursuant to these guidelines, Twitter requests that the Court take judicial notice of the following documents:

**Exhibit A:** Attached as Exhibit "A" is a true and correct copy of the Agreement & Plan of Merger ("Merger Agreement") between Twitter, Inc. and X Holdings I, Inc. and X Holdings II, Inc. This document was obtained on today's date from the online EDGAR database maintained by the United States Securities & Exchange Commission, which may be found in its entirety, at the following website:

https://www.sec.gov/Archives/edgar/data/1418091/000119312522120474/d310843ddefa14a.htm

**Exhibit B:** Attached as Exhibit "B" are true and correct selected portions of the U.S. District Court – Judicial Caseload Profile. Specifically, the Judicial Caseload Profile for the Northern District of California and the District Court of Delaware are together attached as Exhibit B. These profiles were obtained on today's date from the U.S. District Court – Judicial Caseload Profile, which may be found, in its entirety, at the following website:

https://www.uscourts.gov/statistics/table/c-1/judicial-business/2022/09/30

**Exhibit C:** Attached as Exhibit "C" is a true and correct map of the distance between Seattle, Washington and San Francisco, California. This document was obtained on today's date from Google Maps, which may be found in its entirety, at the following website:

Seattle, WA to San Francisco, California - Google Maps

**Exhibit D:** Attached as Exhibit "D" are true and correct copies of (1) the email sent to impacted employees on November 4, 2022 who were a part of Twitter's lawful reduction in force; (2) the email sent to impacted employees on or about November 18, 2022 who declined to opt-in to further employment with Twitter; and (3) municipal filings with Seattle and New York as a part of Twitter's lawful reductions in force. These profiles were obtained on today's date from the New York and Seattle government websites which regulate WARN notifications, and may be found, in their entirety, at the following websites:

**New York**:

https://dol.ny.gov/system/files/documents/2022/11/warn-twitter-nyc-2022-0050-11-8-2022_0.pdf

**Seattle**:

https://fortress.wa.gov/esd/file/warn/Public/SearchWARN.aspx

Dated: December 23, 2022                MORGAN, LEWIS & BOCKIUS LLP

                                        By: /s/   Eric Meckley
                                            Eric Meckley
                                            Brian D. Berry
                                            Attorneys for Defendant
                                            Twitter, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:22-CV-06857-JD