1 | MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2 | eric.meckley@morganlewis.com
    Brian D. Berry, Bar No. 229893
3 | brian.berry@morganlewis.com
    One Market, Spear Street Tower
4 | San Francisco, CA  94105
    Tel:   +1.415.442.1000
5 | Fax:   +1.415.442.1001

6 | Attorneys for Defendant
    TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, AND BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated, | Case No. 3:22-cv-06857-JD |
|---|---|
| Plaintiffs, | **DEFENDANT TWITTER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS** |
| v. | Date:        February 23, 2023 |
| TWITTER, INC. | Time:        10:00 AM |
| Defendant. | Courtroom:   11 |
|  | Judge:       Hon. James Donato |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL ARGUMENT ......................................................................................................... 1

    A. Plaintiffs Are Bound by the Merger Agreement's Forum Selection Clause. ................................................................................................................ 1

    B. The Court Should Transfer This Entire Action Because All of Plaintiffs' Claims Are Logically and/or Causally Connected to the Merger Agreement. ........................................................................................ 2

    C. Severance is Not Justified and Would Be Contrary to Judicial Efficiency. .................................................................................................... 5

    D. The Court Should Dismiss Plaintiffs' WARN Act and Labor Code Claims. ........................................................................................................ 6

        1. Plaintiffs Failed Substantively to Oppose Twitter's Motion to Dismiss. ........................................................................................... 6

        2. Plaintiffs Lack Standing to Prosecute Counts IV through VI, and Their Request to Substitute a New Plaintiff Should Be Rejected. ............... 7

        3. The Court Should Strike Plaintiffs' Class Claims. .................................... 8

III. CONCLUSION .................................................................................................................. 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aguilar v. Boulder Brands, Inc.*,
  No. 3:12-CV-01862-BTM, 2014 WL 4352169 (S.D. Cal. Sept. 2, 2014) ............................... 7

*Alaskan Brewing, LLC v. Peakaso Partners, LLC*,
  2019 WL 8013745 (D. Alaska Nov. 22, 2019) ................................................................. 3

*Ardente, Inc. v. Shanley*
  2010 WL 546485 (N.D. Cal. Feb. 10, 2010) ..................................................................... 6

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
  571 U.S. 49 (2013) ............................................................................................................ 1

*Bates v. Leprino Foods Co.*,
  No. 220CV00700AWIBAM, 2022 WL 3371584 (E.D. Cal. Aug. 16, 2022) ..................... 7

*Bernor v. Takeda Pharms. Am., Inc.*,
  No. LACV1204856VAPJPRX, 2018 WL 588563 (C.D. Cal. Jan. 25, 2018),
  *judgment entered*, No. LACV1204856VAPJPRX, 2018 WL 575319
  (C.D. Cal. Jan. 25, 2018) .............................................................................................. 7, 8

*Brittain v. Twitter, Inc.*,
  2019 WL 110967 (D. Ariz. Jan. 4, 2019) ...................................................................... 3, 4

*Campbell v. Facebook Inc.*,
  315 F.R.D. 250 (N.D. Cal. May 18, 2016) ..................................................................... 10

*Carillo v. Citimortgage, Inc.*
  No. CV 09-2404 AHM, 2009 WL 4723616 (C.D. Cal. Dec. 2, 2009) ............................... 6

*Chavez v. Wal-Mart Stores, Inc.*,
  No. CV136429GHKPJWX, 2014 WL 12591252 (C.D. Cal. June 2, 2014) ...................... 9

*Consumer Solutions REO, LLC v. Hillery*,
  658 F.Supp.2d 1002 (N.D. Cal. 2009) .............................................................................. 8

*Curwood Inc. v. Prodo-Pak Corp.*,
  2008 WL 644884 (E.D. Wis. March 7, 2008) .................................................................. 5

*East Tex. Motor Freight System, Inc. v. Rodriguez*,
  431 U.S. 395 (1977) .......................................................................................................... 9

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .......................................................................................... 10

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

ii

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

*Ocegueda ex rel. Facebook v. Zuckerberg*,
 526 F. Supp. 3d 637 (N.D. Cal. 2021) ............................................................................ 6

*General Telephone Co. of Southwest v. Falcon*,
 457 U.S. 147 (1982) ........................................................................................................ 9

*Gray v. Golden Gate Nat. Recreational Area*,
 279 F.R.D. 501 (N.D. Cal. 2011) ............................................................................... 9, 10

*Hadley v. Kellogg Sales Co.*,
 243 F.Supp.3d 1074 (N.D. Cal. 2017) ............................................................................ 6

*Khanal v. San Francisco Hilton, Inc.*,
 681 Fed. App'x. 624 (9th Cir. 2017) ............................................................................... 5

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
 858 F.2d 509 (9th Cir. 1988) .......................................................................................... 1

*Paulsen v. CNF, Inc.*,
 559 F.3d 1061 (9th Cir. 2009) ........................................................................................ 1

*Phillips v. Ford Motor Company*,
 435 F.3d 785 (7th Cir. 2006) .......................................................................................... 7

*Pirozzi v. Fiserve Corp.*,
 2022 WL 3696581 (C.D. Cal. Feb. 16, 2022) ................................................................. 1

*Robles v. Comtrack Logistics, Inc.*,
 2015 WL 1530510 (E.D. Cal. Apr. 3, 2015) ............................................................... 3, 5

*Sanders v. Apple Inc.*,
 672 F.Supp.2d 978 (N.D. Cal. 2009) .............................................................................. 9

*Sciacca v. Apple, Inc.*,
 362 F.Supp.3d 787 (N.D. Cal. 2019) .............................................................................. 6

*SEC v. Leslie*,
 2010 WL 2991038 (N.D. Cal. July 29, 2010) ................................................................ 5

*Skilstaf, Inc. v. CVS Caremark Corp.*,
 No. C 09-02514 SI, 2010 WL 199717 (N.D. Cal. Jan. 13, 2010) .................................. 8

*Socialcom, Inc. v. Arch Ins. Co.*,
 2020 WL 6815039 (C.D. Cal. July 7, 2020) .................................................................. 6

*Sokol v. New United Mfg., Inc.*,
 No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999) .............................. 10

*Stearns v. Select Comfort Retail Corp.*,
 763 F.Supp.2d 1128 (N.D. Cal. 2010) ............................................................................ 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD


*Stickrath v. Globalstar, Inc.*,
   No. C07-1941 TEH, 2008 WL 5384760 (N.D. Cal. Dec. 22, 2008) ....................................... 8

*Sun v. Advanced China Healthcare, Inc.*,
   901 F.3d 1081 (9th Cir. 2018).............................................................................................. 2, 3

*Tanious v. Landstar System, Inc.*,
   2020 WL 3166610 (C.D. Cal. June 15, 2020) ...................................................................... 3, 5

*Tietsworth v. Sears*,
   720 F.Supp.2d 1123 (N.D. Cal. 2010) ....................................................................................... 9

*TopDevz, LLC v. LinkedIn Corp.*,
   2021 WL 3373914 (N.D. Cal. Aug. 3, 2021)............................................................................ 9

*U.S. Small Bus. Admin. v. Chimicles*,
   447 F.3d 207 (3d Cir. 2006) ....................................................................................................... 5

*Velazquez v. GMAC Mortg. Corp.*,
   No. CV 08-05444DDPPLAX, 2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ....................... 8

*Viasat, Inc. v. Space Sys./loral, Inc.*,
   2012 WL 12844702  (S.D. Cal. Aug. 23, 2012) .................................................................... 5

*Walters v. Famous Transp., Inc.*,
   488 F. Supp. 3d 930 (N.D. Cal. 2020) ....................................................................................... 2

*Wiener v. The Dannon Co.*,
   255 F.R.D. 658 (C.D. Cal. 2009) ............................................................................................... 8

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................ *passim*

**Rules**

Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................................ 1, 7, 10

Fed. R. Civ. Proc. Rule 12(f) ............................................................................................................ 1

Fed. R. Civ. Proc. Rule 21 ................................................................................................................ 5

Fed. R. Civ. Proc. Rule 23(a)(2) ...................................................................................................... 10

Fed. R. Civ. Proc. Rule 23(b) .......................................................................................................... 10

Fed. R. Civ. Proc. Rule 23(b)(2) ...................................................................................................... 10

Fed. R. Civ. Proc. Rule 23(b)(3) ...................................................................................................... 10

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

iv

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

**Other Authorities**

Ryan Mancini, *55 Twitter Employees Lose Jobs in Boston as Part of Company-Wide Layoffs*, MassLive (Nov. 7, 2022 at 3:07 p.m.) https://www.masslive.com/boston/2022/11/55-twitter-employees-lose-jobs-in-boston-as-part-of-company-wide-layoffs.html .................................................................................. 7

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

v

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

## I. INTRODUCTION

In their Opposition, Plaintiffs make no argument about the Section 1404(a) public interest factors, nor do they challenge the validity of the Merger Agreement's forum selection clause ("FSC"), its mandatory nature, or that it operates as a consent to personal jurisdiction. Because Plaintiffs have failed to meet their burden to demonstrate that the FSC does not apply here, the Court should grant Twitter's Motion and transfer this case to the U.S. District Court for the District of Delaware. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 51 (2013). To the extent the Court retains jurisdiction over any aspects of this case, it should dismiss and/or strike Plaintiffs' claims pursuant to Rule 12(b)(6) or 12(f).

## II. LEGAL ARGUMENT

### A. Plaintiffs Are Bound by the Merger Agreement's Forum Selection Clause.

Because Plaintiffs are suing to *enforce* the Merger Agreement as alleged third-party beneficiaries, they are *estopped* from disclaiming its burdens, including the FSC. Mot. 4:17-6:9. Plaintiffs' Opposition effectively concedes that non-signatory litigants are bound by the terms of the agreement they seek to enforce, but requests that the Court defer transfer until it has adjudicated whether they qualify as third-party beneficiaries to the Merger Agreement. Opp., 6:10-7:5. As a practical matter, Plaintiffs' proposed sequencing would not only result in a waste of judicial resources but entirely defeat the purpose of the FSC. From a legal standpoint, Plaintiffs do not cite any *apposite* case law for such sequencing.[1] This is not surprising given Ninth Circuit case law holding that non-signatory plaintiffs are bound by a FSC without the need to reach the merits of whether they are third-party beneficiaries to the agreement. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 515 n. 5 (9th Cir. 1988) (emphasizing that a range of "non-parties" can be subject to a FSC); *accord Pirozzi v. Fiserve Corp.*, 2022 WL 3696581, at *3 (C.D. Cal. Feb. 16, 2022) ("A [FSC] can also be enforced against a non-signatory plaintiff . . . when the non-signatory plaintiff knowingly exploits the agreement containing the clause, such as when the non-signatory

---

[1] Plaintiffs' sole citation for delaying transfer did not even involve transferring venue. *See Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009), in which court merely held that plaintiffs had adequately pleaded a third-party beneficiary theory "insofar as a [MTD] is concerned." *Id*.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

plaintiff seeks to enforce terms of the contract or asserts claims that must be determined by reference to the contract."). Plaintiffs also mischaracterize the impact of *Walters v. Famous Transp., Inc.*, 488 F. Supp. 3d 930 (N.D. Cal. 2020), in which a group of employees brought claims, including breach of contract and California Labor Code violations, seeking to enforce an "operating agreement" and obtain additional wages they claimed were owed. *Walters*, 488 F. Supp. 3d at 937. The employees argued they were not bound by the FSC in the operating agreement because they were claiming only to be third-party beneficiaries to that contract. *Id*. The court rejected this argument, focusing on their status as non-signatory litigants seeking to enforce the agreement, found them bound to the FSC and granted defendant's request to transfer the case pursuant to Section 1404(a). *Id*. An identical result is clearly warranted here.

### B. The Court Should Transfer This Entire Action Because All of Plaintiffs' Claims Are Logically and/or Causally Connected to the Merger Agreement.

The broad language of the FSC at issue here warrants transfer of this entire action to the District of Delaware. Mot., 2:12-3:4; 4:1-6:9. Delaware jurisdiction is mandatory "in the event any dispute *arises out of* this Agreement *or the transactions contemplated by this Agreement*" and for "any action *relating to* this Agreement *or the transactions contemplated by this Agreement*." Section 9.10(a)(i) and (iii) (emphasis added). Plaintiffs concede the FSC "employs broad arising out of and related to language," but inexplicably argue that only Count II "relies on the merger agreement" and their other claims are "outside the merger agreement." Opp. 1:8-11, 7:24-8:2. Plaintiffs' argument ignores the actual language of the Agreement (quoted *supra*) and its applicability to their other claims, and further ignores Ninth Circuit precedent holding that a broad FSC—such as the one here—encompasses a wide range of claims. *See, e.g.*, *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (a FSC "covering disputes relating to a particular agreement appl[ies] to any disputes that *reference* the agreement or have some *logical or causal connection* to the agreement. The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract.") (emphasis added). Courts have found a "logical or causal connection" between an agreement containing a FSC and many types of claims not directly alleging a violation of the agreement, including: (i) alleged breach of a separate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

contract without a FSC; (ii) promissory estoppel; and (iii) alleged violation of federal and California labor law. *Alaskan Brewing, LLC v. Peakaso Partners, LLC*, 2019 WL 8013745, at *4-5 (D. Alaska Nov. 22, 2019) (separate contract); *Brittain v. Twitter, Inc.*, 2019 WL 110967, at *1, 4 n. 2 (D. Ariz. Jan. 4, 2019) (promissory estoppel); *Tanious v. Landstar System, Inc.*, 2020 WL 3166610, at *5 (C.D. Cal. June 15, 2020) (federal & Cal. labor law); *see Robles v. Comtrack Logistics, Inc.*, 2015 WL 1530510, at *3-4 (E.D. Cal. Apr. 3, 2015) (finding Labor Code claims related to an agreement containing a FSC).

Here, each of Plaintiffs' claims have a "logical or causal connection" to the Merger Agreement. Except for their WARN claims, *each* of Plaintiffs' claims is premised on the alleged failure to pay severance benefits to terminated employees. They cannot dispute that, based on their own allegations, payment of severance benefits to terminated employees is specifically a "transaction contemplated by" the Merger Agreement, given the language they quote from Section 6.9(a) that Twitter "shall . . . provide severance payments and benefits to each Continuing Employee whose employment is terminated . . . ." Plaintiffs fail to explain how such payment is not a transaction contemplated by the Merger Agreement. The "Count II" third-party beneficiary claim is expressly predicated on the Merger Agreement. *See* SAC ¶ 56, p. 12. The "Count I" breach of contract claim expressly relates to the Merger Agreement, as they allege the "promise regarding severance pay and benefits was also included in Twitter's merger agreement . . . [while later contending in Count I:] As set forth above . . . Twitter repeatedly informed employees in consideration for [their] continued willingness to work for Twitter, that they would receive the same benefits and severance pay following Elon Musk's purchase of the company." SAC ¶ 29, p. 6:11-15; ¶ 55, p. 12:2-5.[2] Also, the SAC alleges that the oral promises regarding severance pay and benefits were communicated after the Merger Agreement was signed in April 2022 and derive directly from language in the Merger Agreement, *i.e.*, these other supposed promises regarding severance/benefits do not exist in a vacuum without the Merger Agreement. *See Sun,* 901 F.3d at

---

[2] By linking their "Count I breach of contract claim to the paragraphs "above," Plaintiffs can only be referring to ¶¶ 26-30 of the Fact section that recites the supposed "promises," including the claim that the severance and benefit promises were "also included in Twitter's merger agreement that would serve as vehicle for the acquisition." *See* SAC ¶ 29, p. 6:9-10.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

3

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

1086 (holding a FSC envelops all claims with a "causal connection" to the underlying agreement) Plaintiffs' argument that other "contracts" exist regarding maintenance of remote work policies does not change the analysis, because Plaintiffs claim that Section 6.9(a) of the Merger Agreement required Twitter to "provide for each Continuing Employee . . . (iii) employee benefits . . . which are substantially comparable . . . to those provided to such Continuing Employee immediately prior to the Effective Time." In other words, Plaintiffs claim the ability to work remotely was an "employee benefit" that Twitter was obligated to maintain as a result of the Merger Agreement.[3]

The "Count III" promissory estoppel claim is logically and causally related to the Merger Agreement. *Brittain v. Twitter, Inc.*, 2019 WL 110967, at *4 (D. Ariz. Jan. 4, 2019) (granting requested transfer under Section 1404(a) pursuant to a FSC, observing that "[e]ach cause of action alleged in the amended complaint," including promissory estoppel, had "some logical or causal connection to Brittain's agreements with Twitter [containing the FSC]"). Throughout their SAC, Plaintiffs allege that Twitter made promises about their future working relationship, benefits, and protections based on the Merger Agreement and the post-merger time period. *See* SAC ¶¶ 26-30, p. 6:1-18; ¶ 56, p. 13; Opp., 4:11-18. Plaintiffs suggest the "FAQs" were somehow different than the supposed promises in the Merger Agreement, however, the FAQ document expressly referenced the Merger Agreement *twenty-one (21) times*! SAC ¶¶ 28-30, p. 6:6-18; *see* Ex. 1 to De Caires Decl. (ECF No. 7-2, p. 7-20). Plaintiffs must prove "reasonable reliance" for their promissory estoppel claim, which necessarily "relates" this claim to the Merger Agreement – specifically, whether their reliance on statements in meetings and FAQs about the import of the Merger Agreement was "reasonable" given the express language of the Merger Agreement, Section 6.9(d), that expressly allowed Twitter to "amend, modify, merge or terminate" after the closing any severance or benefit plan or program. Indeed, the "FAQ" document Plaintiffs regularly cite, repeatedly directed employees' attention to the Merger Agreement. *See* Ex. 1 to De Caires Decl. (ECF No. 7-2, p. 7-20).

---

[3] *See* SAC ¶ 55, p. 12, Count I, wherein Plaintiffs allege: "Twitter repeatedly informed employees . . . that they would receive the same benefits and severance pay following [the merger], including being able to work remotely."

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

The "Count VI" claim for Labor Code violations is logically and causally related to the Merger Agreement because it is based on the alleged failure to pay severance and benefits on termination. *See Robles*, 2015 WL 1530510, at *4. In *Tanius v. Landstar System, Inc.*, 2020 WL 3166610, at *1, plaintiff brought claims under federal and California labor law, including the (i) Fair Labor Standards Act; (ii) California Labor Code; and (iii) California Unfair Competition law. Defendants moved to transfer venue under Section 1404(a) pursuant to a FSC contained in a series of "Independent Contractor Operating Agreements" ("ICOA"). Plaintiff argued that his claims were not within the scope of the FSC in the ICOA because "he has asserted violations of California and federal labor law, not breach of contract." *Id*. at *5. The Court rejected this argument, reasoning that "[t]he broad forum selection clause . . . clearly encompasses the claims here. The gravamen of Plaintiff's suit is that Defendants misclassified him as an independent contractor . . . This alleged misclassification of plaintiff derives from the ICOAs and therefore his lawsuit does as well." *Id*.[4]

### C. Severance is Not Justified and Would Be Contrary to Judicial Efficiency.

Citing Rule 21, Plaintiffs propose severing and transferring only Count II. Yet they do not even attempt to establish the factors used to evaluate the appropriateness of severance. *See SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (factors). Their proposal would result in inefficiencies because severance would burden two federal courts with two separate "nationwide" putative class actions involving the same set of operative facts, duplicative discovery and overlapping motion practice—an outcome plainly at odds with the interest of judicial efficiency. *See Viasat, Inc. v. Space Sys./loral, Inc.*, 2012 WL 12844702, at *2 (S.D. Cal. Aug. 23, 2012) (holding the interest of "efficient judicial administration" controls); *Leslie*, 2010 WL 2991038, at

---

[4] Plaintiffs do not cite any binding Ninth Circuit precedent that analyzes the proper scope of a FSC under the "logically or causally connected" test. Each of Plaintiffs' citations are factually distinguishable. *See Curwood Inc. v. Prodo-Pak Corp.*, 2008 WL 644884, at *6 (E.D. Wis. March 7, 2008) (the court applied much narrower Seventh Circuit precedent to a FSC that, unlike here, limited its application to litigation "concerning this agreement"); *U.S. Small Bus. Admin. v. Chimicles*, 447 F.3d 207, 210-11 (3d Cir. 2006) (neither of the "subscription agreements" under which the plaintiffs sued contained an arbitration provision, thus the court focused on who was required to arbitrate, rather than whether the scope of the arbitration agreements covered the claims at issue). In *Khanal v. San Francisco Hilton, Inc.*, 681 Fed. App'x. 624, 626 (9th Cir. 2017), the Ninth Circuit's holding is exclusively about federal labor law preemption of state claims, as Plaintiffs' counsel is well aware *having represented the plaintiffs in the case*.

*4-6 (denying severance "[b]ecause of the significant number of common witnesses and documents"). Plaintiffs allege their claims relate to the same occurrences and give rise to common questions of law or fact. *See* SAC ¶¶ 26-30, p. 6:1-18; Opp., 7:22-24, 26-27 (alleging that "similar promises were made in the merger agreement and outside the merger agreement" and emphasizing that "Plaintiffs direct breach of contract and promissory estoppel claims concern [among other things] severance payments and benefits"). Plaintiffs' citations in support of severance are legally and factually distinguishable. In *Socialcom, Inc. v. Arch Ins. Co.*, 2020 WL 6815039, at *4 (C.D. Cal. July 7, 2020), the court *granted* defendant's motion to transfer venue under Section 1404(a), only severing the claims of the other defendants who were *not subject* to the FSC. In *Ocegueda ex rel. Facebook v. Zuckerberg*, 526 F. Supp. 3d 637, 649 (N.D. Cal. 2021), the court enforced the FSC against plaintiff, dismissing all her state claims before severing and separately dismissing her federal derivative claim under § 14(a) of the "Exchange Act." The court noted that "[t]he [FSC] may bar the § 14(a) claim too." *Id*.

### D. The Court Should Dismiss Plaintiffs' WARN Act and Labor Code Claims.

#### 1. Plaintiffs Failed Substantively to Oppose Twitter's Motion to Dismiss.

"[A] district court may find a cause of action waived where a plaintiff fails to defend the cause of action in opposition to a motion to dismiss." *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1100 (N.D. Cal. 2017) (citations omitted); *see also Ardente, Inc. v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence"); *Carillo v. Citimortgage, Inc.*, No. CV 09-2404 AHM (CWx), 2009 WL 4723616 at *2 (C.D. Cal. Dec. 2, 2009) ("Plaintiffs fail to address the preemption argument in their opposition effectively conceding the point"). Where a plaintiff effectively waives a claim, dismissal with prejudice is warranted. *Hadley*, 243 F.Supp.3d at 1100; *Sciacca v. Apple, Inc.*, 362 F.Supp.3d 787, 801-802 (N.D. Cal. 2019).

Here, Twitter argued in its Motion that: (1) the WARN claims must fail because the allegations of the SAC plainly demonstrate that the named Plaintiffs each received advance notice of their terminations in full compliance with applicable WARN Act notice requirements; and (2) all claims premised on California law must fail, as none of the named Plaintiffs live or worked in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

California. Plaintiffs failed to address either of these arguments, much less oppose them.[5] Plaintiffs' silence constitutes waiver and dismissal with prejudice is warranted.

### 2. Plaintiffs Lack Standing to Prosecute Counts IV through VI, and Their Request to Substitute a New Plaintiff Should Be Rejected.

Plaintiffs make a last-ditch effort to revive Counts IV through VI by requesting the Court's permission for leave to amend to substitute in a new lead plaintiff – the Court should note this is the *second* time they have sought the "band aid" of finding a new plaintiff because their pleading failed to state a claim under Rule 12(b)(6). This request is premature as Plaintiffs concede they have not yet identified any person who has standing to prosecute the claims in the SAC.[6] Opp., p. 10, n. 8. Plaintiffs fail to cite to any binding authority to support the notion that, pre-certification, amendment is permissible where the current named plaintiffs lack standing and where no substitute plaintiff currently exists.[7] *See Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2022 WL 3371584, at *2 (E.D. Cal. Aug. 16, 2022) (a specific substitute plaintiff was identified and the named plaintiff was not withdrawn for lack of standing); *Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *9 (S.D. Cal. Sept. 2, 2014) (a specific substitute plaintiff was identified and the court noted there was "still a very real case or controversy sufficient to support federal jurisdiction"). Courts should not allow amendment premised upon a hypothetical

---

[5] Plaintiffs' counsel cannot in good faith oppose dismissal of the WARN Act claims. On November 7, 2022—*prior* to filing the SAC—Ms. Liss-Riordan conceded that "***some laid-off employees were set to be paid through Jan. 4, therefore not violating federal labor laws***." Ryan Mancini, *55 Twitter Employees Lose Jobs in Boston as Part of Company-Wide Layoffs*, MassLive (Nov. 7, 2022 at 3:07 p.m.) https://www.masslive.com/boston/2022/11/55-twitter-employees-lose-jobs-in-boston-as-part-of-company-wide-layoffs.html (last visited Jan. 26, 2023 at 7:35 p.m.) (emphasis).
[6] Plaintiffs state that they are "in the process of" identifying a substitute lead plaintiff. Given that this lawsuit has been pending since November 2022, Plaintiffs have had ample time to identify a plaintiff. If they do so prior to the hearing on this motion, however, Twitter requests the Court order full briefing as to whether leave to amend is appropriate for whomever they identify rather than simply granting leave at the hearing. Clearly, Plaintiffs want to "sandbag" Twitter by seeking amendment without actually providing any proposed Third Amended Complaint.
[7] Plaintiffs cite *Phillips v. Ford Motor Company*, 435 F.3d 785 (7th Cir. 2006), but that Seventh Circuit decision has been squarely rejected by courts in the Ninth Circuit. *See Bernor v. Takeda Pharms. Am., Inc.*, No. LACV1204856VAPJPRX, 2018 WL 588563, at *6 (C.D. Cal. Jan. 25, 2018), judgment entered, No. LACV1204856VAPJPRX, 2018 WL 575319 (C.D. Cal. Jan. 25, 2018) (noting that "in light of authority to the contrary […] the Court does not find the reasoning in *Phillips* persuasive, especially because the Ninth Circuit has not adopted this approach, nor even cited *Phillips* favorably").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

where no substitute plaintiff has been identified.[8] "Ordinarily, the substitution of class representatives is permitted only after a class has already been certified."[9] *Skilstaf, Inc. v. CVS Caremark Corp.*, No. C 09-02514 SI, 2010 WL 199717, at *6 (N.D. Cal. Jan. 13, 2010). "This is because, when the named plaintiff's claim is dismissed at the pleading stage, there is no longer an Article III 'case or controversy' between the parties, and the action must be dismissed." *Id.* Plaintiffs concede that they do not have standing to prosecute Counts IV through VI. There is no live "case or controversy" to be decided and dismissal is warranted. *See Bernor*, 2018 WL 588563, at *6-7 (dismissing the complaint without leave to amend because "[p]laintiffs, who admit they lack standing . . . cannot cure the absence of subject matter jurisdiction through substitution of a new plaintiff").

Even if Plaintiffs identify another plaintiff, substitution would be inappropriate pre-certification. *Skilstaf, Inc.*, 2010 WL 199717, at *6 (dismissing complaint without leave to amend because "the Court is not persuaded that it would be appropriate to permit the substitution of another class representative [pre-certification]"); *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444DDPPLAX, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) ("[t]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action…'" and finding that "this line of reasoning is inapposite … where no class has yet been certified").

### 3. The Court Should Strike Plaintiffs' Class Claims.

Plaintiffs argue that a 12(b)(6) motion "is not an appropriate vehicle to challenge class allegations." Opp. 10:20-22. The Court can and should convert Twitter's request into a motion to

---

[8] This Court previously rejected a similarly hypothetical request for relief. *See* ECF No. 52, 4:23-27 (refusing to deny Twitter's motion to compel arbitration based on Plaintiffs' "anticipated PAGA claims" because "the Court can only address what is presently in the record").

[9] In *Skilstaf*, the court expressly noted that *Strickrath* and *Wiener*— both of which Plaintiffs cite— had distinct facts and "d[id] not present grounds for departing from the usual rule." *Id.* The same is true here. *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 5384760, at *7 (N.D. Cal. Dec. 22, 2008) (allowing 28 days for the substitution of the named plaintiff where the named plaintiff's claim was found to be time-barred just prior to the class certification hearing); *Wiener v. The Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) (permitting approximately two weeks for substitution of class representative after class certification hearing and issuance of order finding that all certification requirements had been met other than typicality).

strike the class allegations. *See Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009) (converting a 12(f) motion to a 12(b)(6) motion based on the substance of the request); *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (motion to strike appropriate "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged"); *see also General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

Plaintiffs cannot maintain a class action given that the allegations of the SAC plainly demonstrate that they did not suffer any of the injuries alleged. SAC ¶¶ 14-16; *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-404 (1977) (a named plaintiff who suffered no injury is "simply not eligible to represent a class of persons who did allegedly suffer injury"); *see also Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, at *4-5 (C.D. Cal. June 2, 2014).[10] Plaintiffs' class claims also fail because they have not plead an ascertainable class. Plaintiffs incorrectly argue that their proposed class definition is sufficient at this stage and that "greater specificity is unsupported by law." Opp., 9:6-14. It is well settled, however, that a class definition must be precise, objective, and narrow enough that it does not include putative class members who have suffered no injury and lack standing to sue. *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501, 508 (N.D. Cal. 2011) (citations omitted); *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1152 (N.D. Cal. 2010). Courts routinely grant motions to strike class allegations on these grounds. *See, e.g., Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1147 (N.D. Cal. 2010); *Sanders*, 672 F.Supp.2d at 991.[11] Here, Plaintiffs' proposed class definition fails to objectively specify what constitutes "Twitter's mass layoffs." Numerous employees voluntarily chose not to remain employed as a result of the Fork/Twitter 2.0 option or were fired due to performance and/or misconduct, not "laid off." Beyond this infirmity, the proposed definition improperly includes every Twitter employee subject to "mass layoffs," regardless of whether they suffered any injury.[12]

---

[10] Despite Plaintiffs' efforts to distinguish *Chavez*, this case is directly on point. In *Chavez*, a class action lawsuit alleged violations of consumer protection statutes that could not be applied extraterritorially—precisely what the named Plaintiffs attempt here. *Id.* at *3. The court dismissed these claims and held that "before we can assess whether Plaintiff is a typical and adequate class representative… she must first be able to assert that claim on her own behalf." *Id.* at *4.
[11] Though leave to amend was granted in these cases, it would be improper here as set forth above.
[12] Plaintiffs' citation to *TopDevz, LLC v. LinkedIn Corp.*, 2021 WL 3373914 (N.D. Cal. Aug. 3, 2021) is inapposite, because the challenge to the class definition was a fact-specific defect not present on the face of the complaint. *Id.* at *12.

ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD

Plaintiffs also fail plausibly to allege commonality or typicality and offer no meaningful response to Twitter's arguments. *See* Opp., 13:17-25. Given that the Court would have to conduct an individualized inquiry to determine whether each putative class member was subject to a "layoff" (versus an involuntary performance/conduct termination or a voluntary decision not to remain employed), it is precluded from finding commonality. *See, e.g., Sokol v. New United Mfg., Inc.*, No. C 97-4211-SI, 1999 WL 1136683 (N.D. Cal. Sept. 20, 1999). Further, Plaintiffs cannot plausibly demonstrate typicality given that they concededly received compliant WARN notices and lack standing to prosecute claims under California law. *Gray,* 279 F.R.D. at 509 ("[R]epresentative claims are typical if they are reasonably coextensive with those of absent class members"). Nor can they plausibly be adequate class representatives. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) ("[a]dequate representation depends on . . . a sharing of interest between representatives and absentees").

As to Rule 23(b), despite their mischaracterization of the relief sought in the SAC, it remains unclear whether Plaintiffs intend to certify a class pursuant to Rule 23(b)(2) or (b)(3) given that they seek both monetary damages *and* injunctive relief. *See* SAC, p. 15-16. Further, despite Plaintiffs' argument to the contrary, "Rule 23(b)(3) requires a more stringent analysis than does Rule 23(a)(2)." Opp., 14:18-19; *Campbell v. Facebook Inc.,* 315 F.R.D. 250, 264 (N.D. Cal. May 18, 2016). Given Plaintiffs' inability to establish commonality, they necessarily cannot establish predominance. And, while Plaintiffs argue that striking the class allegations based on predominance would be premature and inappropriate, predominance is only one of several defects in the SAC.

### III.   CONCLUSION

The Court should grant Twitter's Motion and transfer this case to the District of Delaware and, to the extent any claims remain before this Court, dismiss or strike such claims pursuant to Rule 12(b)(6) and/or 12(f).

Dated: February 3, 2023          MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Eric Meckley*
Eric Meckley
Attorneys for Defendant Twitter, Inc.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S REPLY BRIEF IN SUPPORT
OF MOTION TO TRANSFER OR DISMISS
CASE NO. 3:22-cv-06857-JD