SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiffs Emmanuel Cornet,
Justine De Caires, Grae Kindel, Alexis Camacho,
Jessica Pan, Emily Kim, Miguel Barreto,
and Brett Menzies Folkins, on behalf of
themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:22-cv-06857-JD<br><br>**PLAINTIFFS' NOTICE REGARDING TWITTER'S MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS**<br><br>HON. JAMES DONATO |

Plaintiffs submit this Notice to apprise the Court of a recent development that impacts the Court's consideration of Twitter's Motion to Transfer Venue and/or Motion to Dismiss (Dkt. 45). In Twitter's Motion, it argued in part that Plaintiffs' claims under the federal WARN Act, 29 U.S.C. §§ 2101 *et seq.* (Count IV), the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.* (Count V), and for failure to pay all wages and benefits immediately upon termination under Cal. Lab. Code §§ 201, 203, and 227.3 (Count VI), should be dismissed because the plaintiffs who had standing to advance those claims had their claims compelled to arbitration.

In Plaintiffs' Opposition to Twitter's Motion (Dkt. 56 at 9-10), Plaintiffs requested that the Court not dismiss those claims, but instead that Plaintiffs be permitted to substitute into their complaint one or more lead plaintiffs who could advance those claims in court.

Twitter opposed Plaintiffs' proposed substitution, and recently Twitter declined to consent to Plaintiffs' amendment to add such a lead plaintiff.  Thus, Plaintiffs' counsel have now filed a new case, Adler v. Twitter, Inc. et al., 3:23-cv-01788 (N.D. Cal.), with a lead plaintiff who opted out of arbitration.  The Adler case asserts claims against Twitter under the federal WARN Act, the California WARN Act, and under Cal. Lab. Code §§ 201, 203, and 227.3.  The case also includes a claim seeking penalties for Twitter's Labor Code violations under the Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.* (as more than sixty-five (65) days have now passed since notice was provided to the California Labor & Workforce Development Agency, as required by Cal. Lab. Code § 2699.1).  Plaintiff indicated on the cover sheet that this case is a related case to this case and thus expects that it will be assigned to this Court.

As a result of the filing of the Adler case, this Court may now either dismiss without prejudice the statutory claims in this case (the federal WARN Act claim (Count IV), California WARN Act claim (Count V), and claim asserting violations of Cal. Lab. Code §§ 201, 203 and 227.3 (Count VI)), or stay those claims pending the arbitration of Emmanuel Cornet, who first alleged those claims in this case.

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; tfowler@llrlaw.com

*Attorneys for Plaintiffs*

Dated:            April 13, 2023

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system on April 13, 2023.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan