## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EMMANUEL CORNET, JUSTINE DE
CAIRES, GRAE KINDEL, ALEXIS
CAMACHO, and JESSICA PAN,
EMILY KIM, MIGUEL ANDRES
BARRETO, and BRETT MENZIES
FOLKINS,

        Plaintiffs,

    v.

TWITTER, INC.,

        Defendant.

C.A. No. 23-cv-441-CFC

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS

Dated: May 17, 2023

Eric Meckley (*pro hac vice*)
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
Morgan McGreevy (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com
morgan.mcgreevy@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………..iii

I.    NATURE AND STAGE OF PROCEEDINGS ……………………………1

II.   SUMMARY OF THE ARGUMENT ………………………………………2

III.  STATEMENT OF FACTS ………………………………………………4

    A.    Twitter Enters Into a Fully Integrated Merger Agreement That
        Twice Disclaims Plaintiffs as Third-Party Beneficiaries ……………4

    B.    Twitter Lays Off Kim and Barreto, While Folkins Voluntarily
        Resigns …………………………………………………………………5

IV.   ARGUMENT …………………………………………………………6

    A.    Plaintiffs' Third-Party Beneficiary Claim Should be Dismissed
        Under Rule 12(b)(1) and (b)(6) for Lack of Standing and
        Failure to State a Claim ………………………………………………...6

    B.    Plaintiffs Breach of Contract and Promissory Estoppel Claims
        Should be Dismissed Under Rule 12(b)(1) Because They are
        Based on the Merger Agreement and Statements Related to It …….10

    C.    Alternatively, Plaintiffs' Breach of Contract and Promissory
        Estoppel Claims Should be Dismissed Under Rule 12(b)(6)
        For Failure to State a Claim ………………………………………...11

        1.    *Folkins' Fails to State a Claim for Breach of Contract Or*
                *Promissory Estoppel Because He Voluntarily Resigned …... 12*

        2.    *Folkins and Kim Fail to State a Claim for Breach of*
                *Contract and Promissory Estoppel Under Washington*
                *Law …………………………………………………………13*

        3.    *Barreto Fails to State a Claim for Breah of Contract*
                *And Promissory Estoppel Under New York Law …………….16*

C.      Plaintiffs' Class Allegations Should be Stricken Under
        Rule 12(f) ……………………………………………………………….20

V.      CONCLUSION ……………………………………………………………..21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Alten v. Ellin & Tucker, Chartered,* 854 F. Supp. 283 (D. Del. 1994)....................13

*Am. Fin. Corp. v. Computer Sciences Corp.*, 558 F. Supp. 1182 (D. Del. 1983) .....8

*Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48 (3rd Cir. 2005) ....................15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................11

*Cilag GmbH Int'l v. Hospira Worldwide, LLC*, 2023 WL 3203662 (D. Del. May 2, 2023) .........................................................................................................................7

*Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3rd Cir. 2016) ...............................15

*Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239 (D. Conn. 2007)...........15

*Dreamscapes Landscape & Design, LLC v. Bell's Machine Shop, Ltd.*, 2021 WL 2562200 (W.D. Wash. June 8, 2021).......................................................................13

*Drummond v. Akselrad*, 2023 WL 3173780 (S.D.N.Y. May 1, 2023)........17, 18, 19

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 284 F.R.D. 238 (E.D. Pa. 2012) ........................................................................................................................20

*Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124 (D. Del. May 13, 2016)...20

*Kattke v. Indep. Order of Foresters*, 30 F. App'x 660 (8th Cir. 2002)....................15

*Kaye v. Grossman,* 202 F.3d 611 (2nd Cir. 2000)...................................................18

*Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.,* 844 F. Supp. 2d 519 (D. Del. 2012) ...................................................................................................................4

*Lamoureux v. Trustco Bank*, 592 F. Supp. 3d 14 (N.D.N.Y. 2022) .......................16

*Ndubizu v. Drexel Univ.*, 768 F. Supp. 2d 796 (E.D. Pa. 2011) .............................15

*Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397 (N.D.N.Y. Feb. 26, 2019)...........16

*Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530 (3rd Cir. 1988) ....................8

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3rd Cir. 2010) ..................................14

*Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407 (W.D. Pa. April 12, 2013) .....20

*Stanley Black & Decker, Inc. v. Gulian*, 70 F. Supp. 3d 719 (D. Del. 2014)...11, 15, 19

*Wallert v. Atlan*, 141 F. Supp. 3d 258 (S.D.N.Y. Oct. 26, 2015) ...........................17

OTHER CASES

*Canzona v. Atanasio*, 118 A.D.3d 837 (N.Y. App. Div. 2014)...............................16

*Crispo v. Musk*, 2022 WL 6693660 (Del. Ch. Oct. 11, 2022)...........................7, 10

*Fortis Advisors LLC v. Medicines Co., and Melinta Therapeutics, Inc.*, 2019 WL 7290945 (Del. Ch. Dec. 18, 2019).......................................................................7

*Havens v. C&D Plastics, Inc.*, 876 P.2d 435 (Wash. 1994) ...................................14

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

F.R.E. 201(b)(2) ......................................................................................................4

WARN Act............................................................................................................2, 3

OTHER: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

California WARN Act ..............................................................................................1

Rule 12(b)(1)......................................................................................................7, 10

Rule 12(b)(6)...................................................................................................passim

Rule 12(f) ..................................................................................................4, 20, 21

Rule 23 ......................................................................................................4, 20, 21

Rule 26(f) ...............................................................................................................21

## I.   NATURE AND STAGE OF PROCEEDINGS

Despite having signed enforceable arbitration agreements, the now-dismissed named plaintiffs, Emmanuel Cornet, Justin De Caires, Grae Kindel, Alexis Camacho, and Jessica Pan ("Dismissed Plaintiffs"), preemptively sued Twitter on November 3, 2022, in the United States District Court for the Northern District of California.  D.I. 1.  The Dismissed Plaintiffs' original complaint alleged only that Twitter violated the federal Worker Adjustment and Retraining Notification ("WARN") Act and the California WARN Act.  *Id.*

On November 8, 2022, after recognizing that Twitter's November 4 reduction in force complied with the applicable WARN Acts, the Dismissed Plaintiffs filed a First Amended Class Action Complaint ("FAC") alleging new claims for: (i) breach of contract, (ii) breach of contract as third party beneficiaries to Twitter's Agreement and Plan of Merger ("Merger Agreement"), (iii) promissory estoppel, and (iv) late payment penalties under the California Labor Code, all of which were premised on the alleged failure to pay severance benefits.   D.I. 6.

On November 21, 2022, Twitter filed a Motion to Compel Arbitration, which the California Court granted on January 10, 2023, compelling the Dismissed Plaintiffs to individual arbitration.  D.I. 49.

While Twitter's motion to compel was pending, the Dismissed Plaintiffs obtained leave to file a Second Amended Complaint ("SAC") to add Plaintiffs Emily

Kim, Miguel Andres Barreto, and Brett Menzies Folkins ("Plaintiffs"), all of whom opted out of Twitter's arbitration agreement.  D.I. 40.

On December 23, 2022, Twitter filed a Motion to Transfer and/or a Motion to Dismiss under Rule 12(b)(6), in which it asked the California Court to, among other things, transfer the case to this Court under the Delaware venue provision in the Merger Agreement because Plaintiffs sought to recover alleged severance benefits as third-party beneficiaries to the Merger Agreement and their breach of contract and promissory estoppel claims are directly predicated upon the Merger Agreement and alleged promises related to the Merger Agreement.  D.I. 45.

On April 19, 2023, the California Court granted Twitter's motion and transferred the case to this Court, finding that Plaintiffs' third-party beneficiary claim was covered by the Delaware venue provision in the Merger Agreement and that Plaintiffs' allegations in the SAC regarding their breach of contract and promissory estoppel claims demonstrate that "the dispute that they encompass is at the very least logically connected to [the Merger Agreement], and to some extent grows out of it." D.I. 66.

Prior to a ruling on Twitter's Motion to Transfer and/or Dismiss, Plaintiffs asked the California Court to dismiss their WARN Act and California Labor Code claims, which the California Court did. D.I. 65–66.

Plaintiffs have only three "live" claims remaining in the SAC: (1) breach of contract based on their alleged third-party beneficiary status under the Merger Agreement; (2) breach of contract based on other related alleged promises; and (3) promissory estoppel.[1]  Twitter moves to dismiss Plaintiffs' remaining claims.

## II.    SUMMARY OF THE ARGUMENT

1.    The Court should dismiss Plaintiffs' claim for severance benefits under the Merger Agreement because Plaintiffs are neither parties to nor intended third-party beneficiaries under the Merger Agreement and thus lack standing and fail to state a claim, as evinced by the fact that the Merger Agreement specifically identifies certain individuals as third-party beneficiaries while twice disclaiming Plaintiffs as such.

2.    The Court should dismiss Plaintiffs' breach of contract and promissory estoppel claims because they derive from and are predicated upon the Merger Agreement and/or alleged statements based upon the fully-integrated Merger Agreement, as to which Plaintiffs are neither parties nor beneficiaries.

3.    The Court should also dismiss Plaintiffs' breach of contract and promissory estoppel claims because Plaintiffs fail to plausibly allege any contract

---

[1]    Plaintiffs also sought a declaratory judgment, based on their now dismissed WARN Act claims, which has already been resolved by the California Court.  D.I. 42.

3

between them and Twitter or any promise by Twitter upon which they could have reasonably relied guaranteeing them payment of post-merger severance benefits.

4.     Plaintiffs' class allegations should be stricken under Rule 12(f) because Plaintiffs' two conclusory references to class certification in the entire SAC are insufficient to prove that any of the *prima facie* elements of Rule 23 are satisfied.

## III.   STATEMENT OF FACTS

### A.   Twitter Enters Into a Fully Integrated Merger Agreement That Twice Disclaims Plaintiffs as Third-Party Beneficiaries.

On April 25, 2022, Twitter entered into the Merger Agreement with X Holdings I, Inc., X Holdings II, Inc., and, with respect to certain provisions, Elon Musk.  Exhibit A.[2]  The Merger Agreement is fully integrated and "constitutes, together with the Company Disclosure Letter and the Parent Disclosure Letter, the entire agreement, and supersedes all other prior agreements and understandings, both written and oral, among the parties, or any of them, with respect to the subject matter hereof."  *Id.*, § 9.7.

---

[2]     The Court may consider the Merger Agreement because it is incorporated by reference in the SAC and it is a public record filed with the Securities and Exchange Commission of which the Court may take judicial notice.  F.R.E. 201(b)(2); *Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.,* 844 F. Supp. 2d 519, 524 (D. Del. 2012) (In considering a Rule 12(b)(6) motion, a "court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.").

It also contains at least two provisions governing third-party beneficiary rights.  Section 6.9, titled "Company Benefit Plans," contains a subsection (e) stating, "***[n]othing*** contained in this Section 6.9, expressed or implied, shall . . . give any Company Service Provider (including any beneficiary or dependent thereof) or other Person ***any third-party beneficiary or other rights*** . . . ."  (emphasis added).  Company Service Provider is defined to include "each current or former . . .employee . . . of the Company or any of its Subsidiaries"—which includes Plaintiffs.  *Id*. at 6.

Section 9.7, titled "No-Third-Party Beneficiaries," states that the Merger Agreement "is not intended to and ***shall not confer upon any Person other than the parties hereto any rights or remedies hereunder***; provided, however, that it is specifically intended that (A) the D&O Indemnified Parties (with respect to Section 6.6 from and after the Effective Time), (B) the Company Related Parties (with respect to Section 8.3) are third-party beneficiaries and (C) the Parent Related Parties (with respect to Section 8.3) are third-party beneficiaries."  (emphasis added).  Plaintiffs are not included in any of the third-party beneficiary categories carved out in the Merger Agreement.

**B.    Twitter Lays Off Kim and Barreto, While Folkins Voluntarily Resigns.**

Twitter employed Plaintiffs Kim and Folkins in Seattle and Plaintiff Barreto in New York.  D.I. 40, ¶¶ 14–16.  On November 4, 2022, Twitter notified Kim that she was being laid off effective 60-days later on January 4, 2023, and Barreto that he was being laid off 90-days later on February 4, 2023.  *Id.*, ¶¶ 14–15.

On November 16, Twitter sent Folkins an e-mail presenting him with an electronic link that he had the option in his sole discretion to either click by November 17 confirming his continued employment with Twitter or not click indicating his intent to voluntarily resign.  *Id.*, ¶ 16.  Folkins elected to voluntarily resign by not clicking the link.  *Id.*  Twitter accepted Folkins' resignation and provided him notice that his employment would end effective January 20, 2023.  *Id.*

Twitter paid Plaintiffs in full during their respective two-and three-month notice periods and also offered them an additional one month of severance pay in exchange for them signing a release, which none of them signed.  *Id.*, ¶ 44.

**IV.    ARGUMENT**

**A.    Plaintiffs' Third-Party Beneficiary Claim Should be Dismissed Under Rule 12(b)(1) and (b)(6) for Lack of Standing and Failure to State a Claim.**

Twitter moves to dismiss Plaintiffs' third-party beneficiary claims under the Merger Agreement for lack of standing and failure to state a claim under Rule

12(b)(1) and (b)(6). "Under applicable Delaware law, only parties to a contract and intended third-party beneficiaries have standing to sue for breach of the contract." *Crispo v. Musk*, 2022 WL 6693660, at *4 (Del. Ch. Oct. 11, 2022). "A challenge to standing under Rule 12(b)(1) may be 'either a facial or a factual attack.'" *Cilag GmbH Int'l v. Hospira Worldwide, LLC*, 2023 WL 3203662, at *2 (D. Del. May 2, 2023).[3]   Because Twitter facially attacks Plaintiffs' standing allegations, its challenge is analyzed under the same standard used in reviewing a motion to dismiss under Rule 12(b)(6). *Id*.   Plaintiffs have not pled facts plausibly showing that the parties to the Merger Agreement intended them to be third-party beneficiaries under the agreement, so their claim should be dismissed under Rule 12(b)(1) and (b)(6).

"To adequately plead a third-party beneficiary claim under Delaware law, (i) the contracting parties must have intended that the third party benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract." *Fortis Advisors LLC v. Medicines Co., and Melinta Therapeutics, Inc.*, 2019 WL 7290945, at *3 (Del. Ch. Dec. 18, 2019).   Whether the contracting parties intended to benefit

---

[3]      Unless otherwise specified, all internal quotations and citations are omitted.

a third party must be "be determined from the language of the contract." *Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 535 (3rd Cir. 1988).

Importantly, "under Delaware law both parties must in some manner express an intent to benefit the third-party before third-party beneficiary status is found," because "[t]o allow the unilateral intent of one party to determine the existence of a third-party beneficiary would thwart the power that contracting parties should have to control their legal obligations, particularly in a commercial setting." *Am. Fin. Corp. v. Computer Sciences Corp.*, 558 F. Supp. 1182, 1185 (D. Del. 1983).

While Plaintiffs' SAC relies on Section 6.9(a) of the Merger Agreement to allege that "Twitter would 'provide severance payments and benefits to each Continuing Employee whose employment is terminated during such period that are no less favorable than those applicable to the Continuing Employee' prior to the acquisition," they totally ignore Section 6.9(e), which expressly precludes their ability to enforce Section 6.9(a) as third-party beneficiaries. *See* D.I. 40, ¶ 29.

Section 6.9(e) states that "[n]othing contained in this Section 6.9"—which includes Section 6.9(a) on which Plaintiffs rely—"expressed or implied, shall . . . give any Company Service Provider (including any beneficiary or dependent thereof) or other Person any third-party beneficiary or other rights . . . ." Exhibit A, § 6.9(e). Company Service Provider is defined to include all of Twitter's current and former employees, including Plaintiffs. *Id*. at 6. Through Section

8

6.9(e)(ii), the contracting parties unequivocally expressed their intent to *not* confer third-party beneficiary status on Plaintiffs for purposes of enforcing Section 6.9(a).

This intent is further reflected in Section 6.9(e)(i), which grants the acquiror the unfettered right "to amend, modify, merge or terminate after the Effective Time any Company Benefit Plan, Post-Closing Plan or other employee benefit plan" under which Plaintiffs are now seeking to recover alleged severance payments.  *Id*., § 6.9(e)(i).

The contracting parties further expressed their intent to *not* confer on Plaintiffs any third-party beneficiary status through Section 9.7, titled "No-Third Party Beneficiaries," which states that the "Agreement is not intended to and shall not confer upon any Person other than the parties hereto any rights or remedies hereunder," and then carves out three specifically enumerated categories of third-party beneficiaries—none of which includes Plaintiffs.  *Id*., § 9.7.

Section 9.7 is not a boilerplate provision, but rather is customized to identify certain individuals and entities as third-party beneficiaries to the exclusion of others, including Plaintiffs—a  key factor to the Court's disposition of this Motion because, under Delaware law, "when a 'no third-party beneficiaries' provision is 'customized' . . . such as when it 'contains a carve-out' listing some groups as third-party beneficiaries, [Delaware courts have] concluded that the parties knew how to

9

confer third-party beneficiary status and deliberately chose not to do so with respect to any unlisted groups." *Crispo*, 2022 WL 6693660, at *4.

Because the contracting parties expressly excluded Plaintiffs as third-party beneficiaries under the very section in the Merger Agreement Plaintiffs now seek to enforce, and even included a second bespoke no-third party beneficiary clause that also excludes Plaintiffs, it is evident that the parties did not intend to confer third-party beneficiary standing onto Plaintiffs under the Merger Agreement.  Plaintiffs' third-party beneficiary claim should be dismissed under Rule 12(b)(1) and (b)(6) for lack of standing and failure to state a claim.

**B.**   **Plaintiffs' Breach of Contract and Promissory Estoppel Claims Should be Dismissed under Rule 12(b)(1) and (b)(6) Because They Are Based on the Merger Agreement and Statements Related to It.**

As the California Court stated when transferring Plaintiffs' breach of contract and promissory estoppel claims to this Court, the dispute encompassed by such claims "is at the very least logically connected to [the Merger Agreement], and to some extent grows out of it."  D.I. 66.  The SAC does not allege that the breach of contract and promissory estoppel claims are disconnected from or exist independently of the Merger Agreement.

Rather, Plaintiffs allege that unidentified Twitter employees made undefined and undisclosed oral and written promises regarding payment of severance benefits

following, and as a direct consequence of, Twitter entering into the Merger Agreement.  *See* D.I. 40, ¶ 28.

The SAC refers generally to a Frequently Asked Question ("FAQ") document. However, the FAQ document—which was issued after the Merger Agreement— expressly references the Merger Agreement *twenty-one (21) times*. SAC ¶¶ 28-30, p. 6:6-18; *see* Ex. 1 to De Caires Decl. (I.D. 7-2, 7-20).  In addition, the SAC fails to plausibly allege how the FAQ document creates an independently enforceable contract or promise apart from the Merger Agreement.  *See Id*. ¶ 30.  Because Plaintiffs' breach of contract and promissory estoppel claims are premised on enforcement of the Merger Agreement, which they lack standing to enforce, these claims must also be dismissed under Rule 12(b)(1) and (b)(6).

## C. Alternatively, Plaintiffs' Breach of Contract and Promissory Estoppel Claims Should be Dismissed Under Rule 12(b)(6) For Failure to State a Claim.

Under Rule 12(b)(6), a claim must be dismissed if a plaintiff fails to allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false[.]" *Stanley Black & Decker, Inc. v. Gulian*, 70 F. Supp. 3d 719, 726 (D. Del. 2014).

Here, Plaintiffs do not even plead the particular states' laws under which they are asserting their common law breach of contract and promissory estoppel claims, much less plausibly plead adequate facts supporting the existence of either an enforceable contract between them and Twitter or a promise by Twitter, on which they reasonably relied to their detriment, guaranteeing them post-merger benefits. As further addressed below, Plaintiffs' conclusory and unadorned allegations are inadequate to state a claim for relief and should be dismissed under Rule 12(b)(6).

       1.    *Folkins' Fails to State a Claim for Breach of Contract or Promissory Estoppel Because He Voluntarily Resigned.*

As a threshold matter, Plaintiffs allege that Twitter promised, "***if there were layoffs***, employees would receive benefits and severance at least as favorable as the benefits and severance that Twitter previously provided to employees." D.I. 40, ¶ 28 (emphasis added); *see also id*. at pp. 12-13 (same). Nowhere in the SAC, however, do Plaintiffs allege that Twitter would provide any employee with any severance benefits if they, like Folkins, ***voluntarily resigned their employment***.

As the SAC alleges, Folkins "was asked to decide if he agreed to Elon Musk's ultimatum that any remaining employees would have to 'be extremely hardcore', including 'working long hours at high intensity.'" *Id.* ¶ 16. He was then "given until 5:00 P.M. Eastern time the following day, November 17, 2022, to click 'yes' on a

link to agree to this vision Musk stated for 'Twitter 2.0.'" *Id.* Folkins admits that he "did not click yes" and thereby voluntarily resigned his employment. *Id.*

The SAC does not allege that employees like Folkins were promised the payment of any severance benefits in the event they voluntarily resigned their employment, as opposed to being laid off by Twitter, and thus Folkins' claims must be dismissed for failure to state a claim.

> 2.   *Folkins and Kim Fail to State a Claim for Breach of Contract and Promissory Estoppel under Washington Law.*

While Plaintiffs' SAC is deficient on its face for failing even to identify the law under which Plaintiffs are asserting their claims, Twitter assumes for purposes of this Motion that Folkins' and Kim's claims would be governed by Washington law since they were employed there.[4] D.I. 40, ¶¶ 14–15.

Folkins' and Kim's breach of contract claims are deficient because they neither plausibly plead the existence of a contract nor indicate which specific provision of any supposed contract was allegedly breached. *See Dreamscapes*

---

[4]   While Plaintiffs' third-party beneficiary claim is governed by Delaware law under the Merger Agreement, Twitter assumes for present purposes only that Plaintiffs' remaining claims, which they allege to be unrelated to the Merger Agreement, would be governed by the law of the state in which they worked based on Delaware's "most significant relationship test." *See Alten v. Ellin & Tucker, Chartered,* 854 F. Supp. 283, 287 (D. Del. 1994) ("A federal district court sitting in diversity must apply the choice-of-law rules of the state in which it sits to determine which state's substantive law governs the controversy before it."). Nonetheless, Plaintiffs fail to state a claim under Delaware law for the same reasons.

*Landscape & Design, LLC v. Bell's Machine Shop, Ltd.*, 2021 WL 2562200, at \*2 (W.D. Wash. June 8, 2021) ("Even construing [plaintiff's] complaint in its favor, it is insufficiently clear what provision of the contract it contends was breached . . . . "[plaintiff] has failed to allege specific facts about which terms the contract contains and how they were breached and thus failed to meet the *Twombly/Iqbal* standard."). Folkins' and Kim's promissory estoppel claim is equally deficient because they fail to identify any clear and definite promise on which they reasonably relied to their detriment.  *See Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 442 (Wash. 1994) (holding that "where the terminable at will doctrine is concerned, the promise for promissory estoppel must be a clear and definite promise").

The generalized allegations in the FAC that unidentified individuals made promises to thousands of Twitter employees orally and in writing over a six month period regarding severance benefits is inadequate to explain, among other things: (i) whether Kim and Folkins received such promises, (ii) who specifically made these promises to them, (iii) when were these promises made to them, (iv) how were these promises conveyed to them, (iii) what were the specific substance of these promises, and (v) how these promises created an enforceable contract or constituted a clear and definite promise on which Kim and Folkins reasonably relied to their detriment.  *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3rd Cir. 2010) (In assessing the plausibility of a pleading, courts "disregard naked assertions devoid of further

14

factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

To this last point, even if Folkins and Kim had identified a promise regarding the payment of severance benefits, the conclusory allegations in the SAC that "[e]mployees, including the named plaintiffs, reasonably relied on these promises and maintained their employment at Twitter, rather than seeking job opportunities elsewhere" and that "[t]hey did so to their detriment" are wholly conclusory and inadequate to plausibly plead detrimental reliance.[5]  D.I. 40, ¶¶ 31, 42; *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3rd Cir. 2016) ("[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point.").  These threadbare allegations of purported detrimental reliance were contained in the FAC before Folkins and Kim

---

[5]    Courts routinely dismiss promissory estoppel claims for failing to plead detrimental reliance where plaintiffs, like Plaintiffs here, allege that they did not seek job opportunities based on an employer's alleged promise.  *See e.g., Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 51–52 (3rd Cir. 2005) (plaintiff failed to establish detrimental reliance where there was no evidence that the plaintiff had foregone other more lucrative opportunities); *Kattke v. Indep. Order of Foresters*, 30 F. App'x 660, 661 (8th Cir. 2002) ("Removing oneself from an active job market is insufficient to show detrimental reliance."); *Ndubizu v. Drexel Univ.*, 768 F. Supp. 2d 796, 802 (E.D. Pa. 2011) (finding that the mere continuation of employment and refusal to seek other job prospects is insufficient to show detrimental reliance); *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 245 (D. Conn. 2007) ("Forbearance from seeking job opportunities is not sufficient to show detrimental reliance for purposes of promissory estoppel because it is too speculative to establish detriment.").

were even added as Plaintiffs, further demonstrating that they are neither specific to these Plaintiffs nor worthy of any deference or weight.  D.I. 6, ¶¶ 28, 38; *Stanley Black & Decker, Inc.* 70 F. Supp. 3d at 726 (courts "are not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false[.]").

In short, Folkins and Kim cannot hide behind sweeping conclusory allegations to avoid pleading actual plausible claims for breach of contract and promissory estoppel in their own right under Washington law, which they have failed to do here.  Their claims should be dismissed as a result.

> 3. *Barreto Fails to State a Claim for Breach of Contract and Promissory Estoppel under New York Law.*

The elements of breach of contract under New York law are: "(i) the existence of a contract; (ii) plaintiff's performance pursuant to the contract; (iii) defendant's breach of his or her contractual obligations; and (iv) damages resulting from the breach." *Canzona v. Atanasio*, 118 A.D.3d 837, 838-39 (N.Y. App. Div. 2014).  It is well-settled that "New York law and the *Twombly-Iqbal* standard of federal pleading require a complaint to identify, in [a] non-conclusory fashion, the specific terms of the contract that a defendant has breached.  Otherwise, the complaint must be dismissed." *Lamoureux v. Trustco Bank*, 592 F. Supp. 3d 14, 36 (N.D.N.Y. 2022); *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 418 (N.D.N.Y. Feb. 26, 2019)

("To state a valid claim for breach of contract, a plaintiff must state when and how the defendant breached the *specific contractual promise*.") (emphasis in original).

Barreto has not identified any contract that he directly entered into with Twitter concerning the payment of severance benefits, much less the specific terms of any such contract supported by valid consideration that Twitter had no right to alter despite Barreto's at-will employment status. *See Drummond v. Akselrad*, 2023 WL 3173780, at *9 (S.D.N.Y. May 1, 2023) (dismissing plaintiff's breach of contract claim because "it is a general proposition" under New York law in the employment-at-will context that "what a company promises in a manual [or similar document] one day, it may prospectively take away the next."); *Wallert v. Atlan*, 141 F. Supp. 3d 258, 286 (S.D.N.Y. Oct. 26, 2015) (observing that "[m]erely attaching a contract to the complaint does not allege a breach of its terms—the complaint must identify the contractual obligation that was breached and allege how."). His claim must be dismissed as result.

Barreto's promissory estoppel claim should also be dismissed from the outset because, as the Southern District of New York re-confirmed only two weeks ago, if the alleged "promises concern 'the duration of [p]laintiffs' employment and the payment of salary and benefits earned through such employment, a plaintiff who is at-will cannot state a promissory estoppel claim." *Drummond*, 2023 WL 3173780, at *9 (quoting *Wood v. Mike Bloomberg 2020, Inc.*, 2022 WL 891052, at *10

17

(S.D.N.Y. March 25, 2022)).  Thus, the law "cannot be that an at-will employee can assert a claim for promissory estoppel to, in effect, ensure her continued employment (or the compensation she would be paid based on that continued employment)," and were "it otherwise, the requirements of meeting of the minds and consideration required to form an agreement would be defeated by the expedience of pleading a promise upon which the employee relied."  *Id*. at *10.

Because Barreto's claim seeks recovery of allegedly promised future benefits that were premised on him remaining employed for months until the merger closed and on him being laid off as opposed to discharged for any other reason in the interim, it is not cognizable under New York law and must be dismissed for failure to state a claim.  *See id.* (distinguishing between a "claim based on a promise of a future bonus," which is not actionable, and a claim that is "backwards-facing for benefits [the plaintiff] could plausibly believe he had already earned.").

Even if Barreto's promissory estoppel claim were cognizable under New York law, he nevertheless fails to plausibly allege an entitlement to relief because he neither identifies a "clear and unambiguous promise" regarding the payment of future severance benefits nor explains how he reasonably relied on any such promise to his detriment.  *Kaye v. Grossman,* 202 F.3d 611, 615 (2nd Cir. 2000) (detailing elements to establish a promissory estoppel claim under New York law).  Barreto fails to identify a clear and unambiguous promise that was made directly to him, the

18

individual who made any such promise, how the promise was conveyed, when the promise was conveyed, or any other facts supporting his individual claim for promissory estoppel under applicable New York Law.

Likewise, the SAC's conclusory allegation that "[e]mployees, including the named plaintiffs, reasonably relied on these promises and maintained their employment at Twitter, rather than seeking job opportunities elsewhere," fails to explain what Barreto himself did in reliance on any alleged promise and how he himself was harmed.  D.I. 40, ¶¶ 31, 42;  *Drummond*, 2023 WL 3173780, at *9 ("A promissory estoppel claim will not survive absent allegations that the plaintiff took or forewent any actions in reliance upon the purported promise.").  This threadbare allegation is inadequate to plausibly allege that Barreto took any specific action to his detriment on the reliance of any promise made by Twitter to him.  *See Stanley Black & Decker, Inc.*, 70 F. Supp. 3d at 726; *Drummond*, 2023 WL 3173780, at *11–12 (finding that the plaintiff failed to sufficiently allege detrimental reliance because "nowhere does [he] allege that, after the 2017 Policy, he forewent a day of PTO available to him based on the promise that such PTO would be available to him in the future and that if not used in the future he would receive compensation for it.").  For all of these reasons, Barreto's breach of contract and promissory estoppel claims

should be dismissed under Rule 12(b)(6).[6]

### C.    Plaintiffs' Class Allegations Should Be Stricken Under Rule 12(f).

Rule 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  *Goode v. LexisNexis Risk & Info. Analytics Group, Inc*., 284 F.R.D. 238, 243–44 (E.D. Pa. 2012).

The Court may strike class allegations under Rule 12(f) where the complaint itself "demonstrates that the requirements for maintaining a class action cannot be met."  *Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124, at *7 (D. Del. May 13, 2016).  "The plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations," and "absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion."  *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *2 (W.D. Pa. April 12, 2013).

---

[6]    While Plaintiffs' breach of contract and promissory estoppel claims are also based on an allegation that they were promised they would be able to work remotely for at least a year following the merger, the only allegations in the SAC regarding these claims relate to Dismissed Plaintiff Camacho.  I.D., ¶ 43. None of the remaining Plaintiffs—all of whom ceased being Twitter employees within a few week of the merger—allege that they were required to return to the office or were harmed in any way by such a requirement.  Thus, these claims should also be dismissed under Rule 12(b)(6).

Plaintiffs fail to meet this burden here because, among other things, they: (i) make only two conclusory references to class treatment in the entirety of the SAC, (ii) do not even cursorily allege any of the elements that they must establish to maintain a class, (iii) do not identify which state laws their claims allegedly arise under and therefore whether those claims are common to a class and who would fall within their proposed class, (iv) fail to define the class with any level of particularity, and (v) do not identify under what provisions of Rule 23 they are seeking class treatment.  Accordingly, Plaintiffs' class allegations in paragraph 17 and sub-section (f) of the final unnumbered paragraph of the FAC should be stricken under Rule 26(f).  Plaintiffs should not be allowed to engage in costly class discovery based on such cursory, conclusory and inadequate allegations.

## V.    CONCLUSION

Twitter asks the Court to: (i) dismiss Plaintiffs' claims under Rule 12(b)(1) and (b)(6) for lack of standing and failure to state a claim with prejudice, (ii) alternatively, dismiss Plaintiffs' breach of contract and promissory estoppel claims under Rule 12(b)(6) for failure to state a claim with prejudice, and (iii) alternatively, strike Plaintiffs class allegations under Rule 12(f).

Dated: May 17, 2023                    MORGAN, LEWIS & BOCKIUS LLP

Eric Meckley (*pro hac vice*)          */s/ Jody C. Barillare*

21

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
Morgan McGreevy (*pro hac vice*)
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com
morgan.mcgreevy@morganlewis.com

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant*