## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EMMANUEL CORNET, JUSTINE DE
CAIRES, GRAE KINDEL, ALEXIS
CAMACHO, and JESSICA PAN,
EMILY KIM, MIGUEL ANDRES
BARRETO, and BRETT MENZIES
FOLKINS,

        Plaintiffs,

    v.

TWITTER, INC.,

        Defendant.

C.A. No. 23-cv-441-CFC

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS

Dated: June 21, 2023

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................ ii

I.  INTRODUCTION ...................................................................... 1

II. ARGUMENT ............................................................................. 3

    A.  Plaintiffs Are Not Intended Beneficiaries Under the Merger
        Agreement ........................................................................ 3

    B.  Plaintiffs' Breach of Contract and Promissory Estoppel Claims
        Are Based on the Merger Agreement to Which They Are Not
        Beneficiaries ................................................................... 6

    C.  Alternatively, Plaintiffs' Breach of Contract and Promissory
        Estoppel Claims Should be Dismissed for Failure to State a
        Claim .............................................................................. 7

        1.  The Court Should Dismiss Plaintiff Folkin's Claims
            Because He Resigned ............................................... 7

        2.  The Court Should Dismiss Plaintiffs' Breach of Contract
            Claim ....................................................................... 8

        3.  The Court Should Dismiss Plaintiffs' Promissory
            Estoppel Claim ........................................................ 9

    D.  Alternatively, The Court Should Strike Plaintiffs' Class Claims ...... 11

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Am. Fin. Corp. v. Computer Sciences Corp.*,
    558 F. Supp. 1182 (D. Del. 1983).......................................................................3

*Anderson v. Wachovia Mortg. Corp.*,
    497 F. Supp. 2d 572 (D. Del. 2007).....................................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 ........................................................................................................8

*Crispo v. Musk*,
    2022 WL 6693660 (Del. Ch. Oct. 11, 2022) ...............................................3, 4, 5

*Dolan v. Altice USA, Inc.*,
    2019 WL 2711280 (Del. Ch. June 27, 2019)...................................................1, 5

*Ebomwonyi v. Sea Shipping Line*,
    473 F.3d 338 (S.D.N.Y. 2020)..............................................................................9

*Fortis Advisors LLC v. Medicines Co., and Melinta Therapeutics, Inc.*,
    2019 WL 7290945 (Del. Ch. Dec. 18, 2019).......................................................3

*Semenko v. Wendy's Int'l, Inc.*,
    2013 WL 1568407 (W.D. Pa. April 12, 2013) ...................................................11

**Other Authorities**

Rule 12(b)(1) and (b)(6)............................................................................................7

Rule 12(b)(6)...............................................................................................7, 8, 9, 11

Rule 23 .....................................................................................................................11

Rules 12(b)(1) and 12(b)(6) ......................................................................................5

# I. __INTRODUCTION__

The Merger Agreement twice excludes Plaintiffs as third-party beneficiaries. It does so first in Section 9(e), which is in the section of the Merger Agreement Plaintiffs seek to enforce. It does so again in the customized "No-Third Party Beneficiary" provision in Section 9.7.  Thus, the intent of the parties to the Merger Agreement—which is the controlling question—is to exclude Twitter employees, like Plaintiffs, as third-party beneficiaries. This intent is unambiguous and dispositive.

Plaintiffs cite no authority in which a court in Delaware or elsewhere has found that employees have standing as third-party beneficiaries to enforce a merger agreement in the face of a customized no-third-party beneficiary provision, much less where, like here, the agreement also expressly excludes the employees as beneficiaries under the very provision they seek to enforce.  Even in Plaintiffs' leading case, *Dolan*, the court dismissed the employees' claims based on an exclusionary term that is nearly identical to the one in the Merger Agreement.

The Court should dismiss Plaintiffs' third-party beneficiary claim and their separate breach of contract and promissory estoppel claims, which are based entirely on alleged promises related to the Merger Agreement, for lack of standing.

As a backstop for their failed claims under the Merger Agreement, Plaintiffs contend that their contract and estoppel claims arise from promises independent

from the Merger Agreement and argue that the presence of these promises in the Merger Agreement "does not foreclose the *possibility* that there were *multiple contracts. . . .*" D.I. 82, p. 13 (emphasis added).  Yet, after seven months and two prior amendments to their complaint,  Plaintiffs fail to identify a single actual contract apart from the Merger Agreement or any independent promise on which they reasonably relied to their detriment.  Plaintiffs contract and estoppel claims should be dismissed because, under *Twombly*, a plaintiff cannot survive a motion to dismiss by invoking the mere "possibility" of a claim.

Similarly, Plaintiffs contend that "because [they] filed this matter as a class action, they did not need to include specific allegations concerning the applicable law" and may instead argue at some unknown point in the future that "California law likely should apply." *Id.*, FN 7.  In other words, it is 230 days into this lawsuit, all of the original claims and plaintiffs have been dismissed, Plaintiffs have amended their lawsuit twice, and it's still unclear what law allegedly applies, and to which alleged contracts or promises.  Because Plaintiffs have failed to plead any plausible claims for relief, this lawsuit should be dismissed with prejudice.

## II.  ARGUMENT

### A.    Plaintiffs Are Not Intended Beneficiaries Under the Merger Agreement.

The intent of the contracting parties controls whether a stranger to the contract has standing to enforce its terms as a third-party beneficiary.  *See Fortis Advisors*

*LLC v. Medicines Co., and Melinta Therapeutics, Inc.*, 2019 WL 7290945, at *3 (Del. Ch. Dec. 18, 2019).[1]  This intent to benefit a third-party must be mutual—meaning both parties to the contract must intend to confer the benefit—and it must be apparent from the "plain language" of the agreement.  *See id.; Am. Fin. Corp. v. Computer Sciences Corp.*, 558 F. Supp. 1182 (D. Del. 1983).

"In the same vein, Delaware courts will enforce contractual provisions disclaiming an intent to benefit third parties." *Fortis Advisors*, 2019 WL 7290945 at *3.  And "when a 'no third-party beneficiaries' provision is 'customized' . . . such as when it 'contains a carve-out' listing some groups as third-party beneficiaries, [courts have] concluded that the parties knew how to confer third-party beneficiary status and deliberately chose not to do so with respect to any unlisted group." *Crispo v. Musk*, 2022 WL 6693660 (Del. Ch. Oct. 11, 2022).

Here, the plain language of the Merger Agreement shows that the parties did not intend to confer third-party beneficiary status on Plaintiffs.  This intent is first expressed in Section 6.9(e), which is the Section of the Merger Agreement Plaintiffs seek to enforce and which provides that "nothing contained in this Section 6.9, express or implied" shall give any "third party beneficiary rights" to any Twitter employee, including Plaintiffs.  D.I. 78-1.  This intent is next expressed through the

---

[1]      Unless otherwise specified, all internal quotations and citations are omitted.

customized "No Third-Party Beneficiaries" provision in Section 9.7, which carves out three intended beneficiaries, not including Plaintiffs.  *Id*.; *Crispo*, 2022 WL 6693660, at *5 ("The presence of three carve-outs in Section 9.7 makes this negative implication stronger.").

While Plaintiffs argue that the Merger Agreement contains allegedly contradictory provisions, that is not so—it is beyond dispute that the parties twice unambiguously stated their clear intent to exclude Plaintiffs as beneficiaries, and no provision of the Merger Agreement is to the contrary.  Crediting Plaintiffs' position would call into question all customized no third-party beneficiary provisions in merger agreements, undermine the contracting parties' intent, and create uncertainty and unpredictability among future contracting parties.

To this end, as the Court explained in *Crispo*, "there are also practical considerations guiding the court's reticence to exten[d] third-party beneficiary status to stockholders, as doing [s]o would also lead to proliferation of stockholder suits in a variety of commonplace scenarios, which would no doubt give rise to considerable inefficiencies both for specific entities and the system as a whole."  *Crispo*, 2022 WL 6693660, at *3.  These same practical considerations are present here as allowing employees who are expressly disclaimed as third-party beneficiaries through customized no-third-party beneficiary provisions to enforce agreements would lead to the same practical consequences of which the *Crispo* court warned.

4

Finally, the sole third-party beneficiary case on which Plaintiffs rely, *Dolan v. Altice USA, Inc.*, 2019 WL 2711280 (Del. Ch. June 27, 2019), is distinguishable. As explained in *Crispo*, "the *Dolan* decision involved an *unusual contract*" because the "plaintiffs participated in merger negotiations independently from the target company and specifically negotiated the contractual language they sought to enforce." 2022 WL 6693660, at *8. While inapplicable for Plaintiffs' purposes, *Dolan* is still instructive because the court *rejected* the claims of two employees who sought to enforce the subject merger agreement which—like the Merger Agreement here—contained a provision stating that it did not "create any third-party beneficiary rights in any employee of the company." *Dolan*, 2019 WL 2711280, at *4, 8.

In sum, the plain language of the Merger Agreement unambiguously shows that the parties did not intend to confer third-party-beneficiary status on Plaintiffs. Under well-established Delaware law, this means Plaintiffs lack standing to enforce the Merger Agreement and the Court must dismiss their third-party beneficiary claims under Rules 12(b)(1) and 12(b)(6).

**B.    Plaintiffs' Breach of Contract and Promissory Estoppel Claims Are Based on the Merger Agreement to Which They Are Not Beneficiaries.**

In the SAC, Plaintiffs identify two written documents concerning severance pay and benefits—the Merger Agreement and the FAQ document. D.I. 40, ¶¶29–30. Tellingly, however, Plaintiffs make no reference to the FAQs in their Response,

presumably because the FAQs were issued after the Merger Agreement, explain features of the Merger Agreement, and reference the Merger Agreement at least 21 times. *See* D.I. 7-2, 7-20.  Plaintiffs have therefore failed to plausibly allege or even argue that the FAQs constitute an independent contract or promise apart from the controlling and fully integrated Merger Agreement—a document from which Plaintiffs also now seek to distance themselves by alleging in their Response that they have never claimed they relied on it, received a copy of it, or reviewed it.  D.I. 82, p. 13.

Like the FAQs, the alleged additional written and oral promises to which Plaintiffs point were made after the announcement of the merger, as a consequence of the execution of the fully integrated Merger Agreement, and mirror the alleged promise made in the Merger Agreement that Plaintiffs' seek to enforce through their third-party beneficiary claim. *See* D.I. 40, ¶¶23–27.  Accordingly, consistent with the finding of the California Court in transferring this case to this Court, because Plaintiffs' breach of contract and promissory estoppel claims are necessarily based on promises related to and premised on enforcement of the Merger Agreement, the Court must dismiss these claims under Rule 12(b)(1) and (b)(6) for lack of standing.

**C.    Alternatively, the Court Should Dismiss Plaintiffs' Breach of Contract and Promissory Estoppel Claims for Failure to State a Claim.**

As a threshold matter, Plaintiffs' argument that the Court must transfer this

case back to California if it dismisses their third-party beneficiary claim is unavailing because this Court has jurisdiction over such claims and the sole authority on which Plaintiffs rely for their argument is inapplicable. In *E.I. Dupont De Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.*, the Third Circuit merely refused to exercise pendent appellate jurisdiction over the plaintiff's personal jurisdiction argument because it was "not interrelated or intertwined with the merits" of the district court's immediately appealable argument denying their motion to compel arbitration—none of which is at issue here. 269 F.3d 187, 203–04. Because there is no dispute that this Court has jurisdiction over Plaintiffs' claims and it would be highly inefficient for the Court to transfer this case back to the California Court, it should proceed with deciding and dismissing under Rule 12(b)(6) Plaintiffs' breach of contract and promissory estoppel claims.

1.    *The Court Should Dismiss Plaintiff Folkins' Claims Because He Resigned.*

Unlike Plaintiffs Kim and Baretto who were laid off on November 4, 2022, Plaintiff Folkins was sent an e-mail on November 16, 2022, giving him the "ultimatum" of either clicking a button by 5:00 p.m. the following day or not clicking the button and receiving severance. D.I. 40, ¶¶16, 50, 52. Folkins—and Folkins alone—elected not to click the button. *Id*.

Folkins' voluntary election not to click the button is no different than the

decision every at-will employee makes every day when deciding to either get out of bed and come to work or quit. The reason an employee decides to quit does not change the fact that they quit and somehow convert their decision to end their employment into a layoff. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663–64 ("determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense."). In stark contrast to a layoff, there is no dispute that it was within Folkins' control to remain employed and that all it required was the click of a button.

Because Plaintiffs' breach of contract and promissory estoppel claims are based entirely on Twitter's alleged promise to provide them severance benefits "***if there were layoffs***" and Folkins was not laid off, he fails to state a plausible claim for relief, and the Court must dismiss his claims under Rule 12(b)(6). D.I. 40, ¶ 28.

2.    *The Court Should Dismiss Plaintiffs' Breach of Contract Claim.*

Even if the Court credits Plaintiffs' unsupported assertion that they are not required to identify the substantive law applicable to their claims "because [they] filed this matter as a class action," which it should not, the Court should dismiss Plaintiffs' breach of contract claim under Rule 12(b)(6) because they fail to plausibly plead the existence of any identifiable contract. *See* D.I. 82, FN 7; *Anderson v. Wachovia Mortg. Corp.*, 497 F. Supp. 2d 572, 581 (D. Del. 2007) ("In order to survive a motion to dismiss for failure to state a breach of contract claim, [a] plaintiff

8

must demonstrate: first, the existence of the contract . . . .").

Here, Plaintiffs do not identify any written contract outside of the Merger Agreement.  They instead argue that potentially "multiple contracts" independent of the Merger Agreement can somehow be "plausibly inferred" from their generalized allegation that certain unidentified individuals made oral and as of yet undisclosed written promises concerning severance payments to thousands of Twitter employees at some point in time over the course of a six-month period.  D.I. 82, pp. 13–15.

Multiple oral and written contracts, however, cannot be "plausibly inferred" into existence where, as here, the existence of a single contract (other than the Merger Agreement, to which Plaintiffs are not a party or third-party beneficiary) has not been plausibly pled.  *See Ebomwonyi v. Sea Shipping Line*, 473 F.3d 338, 347 (S.D.N.Y. 2020) ("Critically, '[a] complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, inter alia, the formation of the contract, the date it took place, and the contract's major terms.' Conclusory allegations that a contract existed or that it was breached do not suffice.").  As a result, the Court must dismiss Plaintiffs' claim under Rule 12(b)(6).

3.      *The Court Should Dismiss Plaintiffs' Estoppel Claim.*

While Plaintiffs are wrong that there are no material differences between Washington and New York promissory estoppel law, they have not plausibly pled a claim for promissory estoppel under any law.  Plaintiffs do not plead sufficient facts

9

showing either a definitive promise entitling them to severance benefits or that they reasonably relied to their detriment on any such promise.

Plaintiffs first contend that the alleged promises here are similar to those at issue in *Moncada v. W. Coast Quartz Corp.*, where the plaintiffs individually identified specific promises concerning the payment of benefits, the individuals who made the promises, and the dates on which the promises were made.  221 Cal. App. 4th 768, 773, 164 Cal. Rptr. 3d 601, 605 (2013) ("Mr. Maloney repeated the promise to Mr. Serrano on February 7, 2005, January 26, 2006, and May 2006" and said, "you guys will get the bonus, enough to retire.").  This is a far cry from Plaintiffs' conclusory allegations, which fail to identify any independent and definitive promise concerning the payment of severance benefits, who made the alleged promises, to whom the promises were made, and when the promises were made.

Likewise, Plaintiffs' generic statement in the Response that "foregoing other employment opportunities based on an employer's representation is sufficient to state a claim for damages" is not only contrary to the considerable authority cited in Twitter's Motion, but it also fails to aid Plaintiffs as they plead no facts plausibly indicating that they forewent any employment opportunities in reliance on a promise by Twitter.  D.I. 82, p. 18.  For these reasons, Plaintiffs' promissory estoppel claim must be dismissed under Rule 12(b)(6).

**D.     Alternatively, the Court Should Strike Plaintiffs' Class Claims.**

While Plaintiffs argue it is premature to strike their class claims, this case has been pending for over seven months and yet the SAC still neither identifies the substantive law applicable to Plaintiffs' claims nor even references Rule 23, its elements, or any facts entitling Plaintiffs to class certification.  Plaintiffs have failed to carry their "burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied or that discovery is likely to produce substantiation of the class allegations," and the Court should therefore strike Plaintiffs' class allegations before allowing them to engage in costly class discovery. *Semenko v. Wendy's Int'l, Inc.*, 2013 WL 1568407, at *2 (W.D. Pa. April 12, 2013).


Dated: June 21, 2023                              MORGAN, LEWIS & BOCKIUS LLP

                                                                  */s/ Jody C. Barillare*
                                                                  Jody C. Barillare (#5107)
                                                                  1201 N. Market Street, Suite 2201
                                                                  Wilmington, Delaware 19801
                                                                  302-574-7294
                                                                  jody.barillare@morganlewis.com

                                                                  *Attorneys for Defendant*

11