## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, and JESSICA PAN, EMILY KIM, MIGUEL ANDRES BARRETO, and BRETT MENZIES FOLKINS,

        Plaintiffs,

    v.

TWITTER, INC.,

        Defendant.

C.A. No. 23-cv-441-CFC

---

## DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*, TO INTERVENE FOR A LIMITED PURPOSE, OR TO COORDINATE BRIEFING WITH RELATED CASE

Dated: July 10, 2023

Eric Meckley (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

T. Cullen Wallace (*pro hac vice*)
Morgan McGreevy (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com
morgan.mcgreevy@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

*Attorneys for Defendant*

# **TABLE OF CONTENTS**

I.  NATURE AND STAGE OF PROCEEDINGS................................................ 2

    A.  Twitter Moves to Dismiss the *Cornet* Action. ...................................2

    B.  The Proposed Amici Wait Until After the *Cornet* Opposition Is Filed to Hijack this Litigation. ...............................................................3

II.  SUMMARY OF THE ARGUMENT ............................................................ 4

III.  STATEMENT OF FACTS ........................................................................... 5

    A.  Twitter Enters Into a Fully Integrated Merger Agreement That Twice Disclaims Plaintiffs as Third-Party Beneficiaries.....................5

    B.  Twitter Employees Voluntarily Resign Following Twitter's November 16 Email.............................................................................6

IV.  ARGUMENT ............................................................................................... 6

    A.  The Court Should Deny the Motion for Leave to File an Amicus Brief Because the Proposed Brief Is Redundant of Pleadings Already Before the Court and Proposed Amici Are Partial to a Particular Outcome...................................................................................6

    B.  The Court Should Deny Proposed Amici's Motion to Intervene for a Limited Purpose. ......................................................................12

        i.  Proposed Amici Are Not Entitled to Mandatory Intervention Because They Lack a Significantly Protectable Interest in Twitter's Motion to Dismiss and the Cornet Plaintiffs Adequately Represent Proposed Amici's Asserted Interest.........................................................................12

        ii.  Proposed Amici Cannot Demonstrate that this Court Should Exercise its Discretion to Permit Intervention Under Rule 24(b). .......................................................................17

    C.  The Court Should Not Consolidate the *Cornet* Action and the *Arnold* Action. ...............................................................................19

V.  CONCLUSION.......................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Satellite Co. v. United States*,
    22 Cl. Ct. 547 (Fed. Cl. 1991) ...........................................................................11

*AstraZeneca AB v. Dr. Reddy's Labs., Ltd.*,
    2010 WL 4387519 (D.N.J. Oct. 29, 2010) .......................................................14

*Atkinson v. Roth*,
    297 F.2d 570 (3d Cir. 1961) .......................................................................19, 20

*Benjamin v. Dep't of Pub. Welfare of Pa.*,
    432 F. App'x 94 (3d Cir. 2011) .........................................................................12

*Bethune Plaza, Inc. v. Lumpkin*,
    863 F.2d 525 (7th Cir. 1988) .......................................................................14, 15

*In re Cmty. Bank of N. Va.*,
    418 F.3d 277 (3d Cir. 2005) .............................................................................16

*In re Consol. Parlodel Litig.*,
    182 F.R.D. 441 (D.N.J. 1998)............................................................................19

*Dolan v. Altice USA, Inc.*,
    2019 WL 2711280 (Del. Ch. June 27, 2019).......................................................9

*Donaldson v. United States*,
    400 U.S. 517 (1971)...........................................................................................13

*Goldberg v. City of Phila.*,
    1994 WL 369875 (E.D. Pa. July 14, 1994) ...................................................9, 11

*Hospira, Inc. v. Sandoz Inc.*,
    2014 WL 7945489 (D.N.J. Feb. 27, 2014) .......................................................18

*Kleissler v. U.S. Forest Serv.*,
    157 F.3d 964 (3d Cir. 1998) .................................................................13, 16, 17

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*,
   149 F.R.D. 65 (D.N.J. 1993).........................................................................8, 9, 11

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
   419 F.3d 216 (3d Cir. 2005) .......................................................................13, 14

*Liberty Res., Inc. v. Phila. Hous. Auth.*,
   395 F. Supp. 2d 206 (E.D. Pa. 2005).....................................................................7

*Long v. Coast Resorts, Inc.*,
   49 F. Supp. 2d 1177 (D. Nev. 1999)......................................................................7

*Medina v. Beers*,
   65 F. Supp. 3d 419 (E.D. Pa. 2014) ......................................................................8

*In re Nazi Era Cases Against German Defendants Litigation*,
   153 F. App'x 819 (3d Cir. Oct. 20, 2005) .............................................................7

*Panzer v. Verde Energy USA, Inc.*,
   2021 WL 2186422 (E.D. Pa. May 27, 2021)....................................................7, 10

*Pennsylvania v. President United States of Am.*,
   888 F.3d 52 (3d Cir. 2018) .................................................................................13

*In re Safeguard Scientifics Antitrust Litig.*,
   220 F.R.D. 43 (E.D. Pa. 2004)............................................................................18

*Sciotto v. Marple Newtown Sch. Dist.*,
   70 F. Supp. 2d 553 (E.D. Pa. 1999)..............................................................10, 11

*Strasser v. Doorley*,
   432 F.2d 567 (1st Cir. 1970)..................................................................................7

*United States v. Gotti*,
   755 F. Supp. 1157 (E.D.N.Y. 1991) ....................................................................11

*United States v. Territory of Virgin Islands*,
   748 F.3d 514 (3d Cir. 2014) ..........................................................................16, 18

**Statutes**

Fed. R. Civ. P. 24 ....................................................................................12, 14, 15, 18

Fed. R. Civ. P. 42 ......................................................................................................19

Twitter files this opposition to Proposed Amici's *Motion for Leave to File Brief as* Amicus Curiae*, to Intervene for a Limited Purpose, or to Coordinate Briefing with Related Case* [D.I. 84] and corresponding brief [D.I. 85] (collectively, the "Motion").[1]

The Court should deny the Motion because Proposed Amici are improperly attempting to hijack this litigation and cannot satisfy any of the criteria for the assorted procedures they invoke. The Court should decline to accept their proposed amicus brief ("Proposed Brief") as they are not true friends of the Court, their request is untimely, and their brief unhelpfully duplicates arguments already pursued by the existing plaintiffs. Nor are Proposed Amici proper intervenors. Whatever interests they have in this action are amply represented by the existing parties. And in any event, their interest in setting favorable precedent for their own cases is far from the sort of interest that justifies granting intervention. Finally, Proposed Amici fail to show how consolidation or staying these proceedings would promote judicial economy or simplify the proceedings at their current stage. For all these reasons and others detailed below, the Court should deny the Motion in full.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

## I.    NATURE AND STAGE OF PROCEEDINGS

### A.    Twitter Moves to Dismiss the *Cornet* Action.

This action has been pending for over seven months and the parties have yet to advance beyond initial pleadings.

Plaintiffs Emmanuel Cornet, Justine de Caires, Grae Kindel, Alexis Camacho, Jessica Pan, Emily Kim, Miguel Barreto, and Brett Menzies (the "*Cornet* Plaintiffs") initiated this action (the "*Cornet* Action") in the Northern District of California on November 3, 2022.  The *Cornet* Action alleges that each of the *Cornet* Plaintiffs are former employees of Twitter who are entitled to severance pay under the Merger Agreement (as defined below).  The *Cornet* Plaintiffs also allege that they have contract and promissory estoppel claims for severance pay arising out of Twitter's pre-Merger conduct, and seek class certification for similarly situated former Twitter employees.  They have amended their complaint twice, most recently on December 9, 2022.  D.I. 40 (the "Second Amended Complaint").

On April 13, 2023, the Northern District of California transferred the *Cornet* Action to this Court.  D.I. 66.

On May 17, 2023, Twitter filed its *Motion to Dismiss the Second Amended Complaint* and a supporting brief [D.I. 77-78] (collectively, the "Motion to Dismiss").  The parties' *Stipulation and Order Regarding Briefing Schedule for Twitter's Motion to Dismiss and Strike Class Allegations* [D.I. 80] (the "Stipulated

Briefing Schedule") set June 7, 2023 as the deadline for the *Cornet* Plaintiffs' opposition brief and June 21, 2023 as the deadline for Twitter's reply brief.  The *Cornet* Plaintiffs timely filed their opposition [D.I. 82] (the "*Cornet* Opposition"), and Twitter timely filed its reply.  D.I. 88.  The Motion to Dismiss is fully briefed and ripe for adjudication.

**B.      The Proposed Amici Wait Until After the *Cornet* Opposition Is Filed to Hijack this Litigation.**

On May 16, 2023, Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, and Andrew Schlaikjer (the "*Arnold* Plaintiffs") filed a fourteen-count complaint that relies on various theories to allege that the *Arnold* Plaintiffs are entitled to monetary damages against Twitter.  *Arnold v. X. Corp*, 23-CV-528-CFC [D.I. 1] (D. Del. May 16, 2023) (the "*Arnold* Action").  They amended their complaint on June 16, 2023.  D.I. 10 (the "*Arnold* Complaint").  The first four counts of the *Arnold* Complaint rely on the same theories to recover severance pay as the Second Amended Complaint in this action, even though the *Cornet* Action, a putative class action covering those same claims, had already been pending for over six months.  Twitter's deadline to respond to the *Arnold* Complaint is July 31, 2023.

Days after the *Cornet* Opposition was filed, the *Arnold* Plaintiffs, along with certain Arbitration Claimants holding similar claims for severance pay, filed the Motion.  The Motion seeks (i) permission to participate as *amici curiae* in this action, (ii) intervention for the purpose of opposing the Motion to Dismiss, or (iii)

consolidation of briefing on the Motion to Dismiss in the *Cornet* Action and the *Arnold* Action.  Neither party in the *Cornet* Action consents to the relief requested in the Motion.  Mot. at 1-2.

## II.   SUMMARY OF THE ARGUMENT

1.     The Court should deny the motion for leave to file an amicus brief because (i) the Proposed Brief is neither useful nor timely, (ii) Proposed Amici are partial to a particular outcome in the case, (iii) their asserted "special interest" is attenuated from the Motion to Dismiss, and (iv) Proposed Amici fail to demonstrate that their interest is not competently represented by the *Cornet* Plaintiffs.

2.     Proposed Amici are not entitled to mandatory or permissive intervention.  Proposed Amici do not demonstrate that they have a "significantly protectable" interest in the outcome of the Motion to Dismiss because they assert an economic interest related to their own litigation.  The mere concern that the Motion to Dismiss could result in unfavorable precedent does not "impair or impede" their interest under settled law.  Proposed Amici also fail to rebut the presumption that the *Cornet* Plaintiffs adequately protect whatever interest they may have.

3.     The Court should not consolidate dismissal proceedings in the *Cornet* Action and the *Arnold* Action because consolidation would needlessly complicate the issues currently before the Court.

## III.   STATEMENT OF FACTS

### A.   Twitter Enters Into a Fully Integrated Merger Agreement That Twice Disclaims Plaintiffs as Third-Party Beneficiaries.

On April 25, 2022, Twitter entered into the Merger Agreement with X Holdings I, Inc., X Holdings II, Inc., and, with respect to certain provisions, Elon Musk.  The Merger Agreement contains at least two provisions governing third-party beneficiary rights.   Section 6.9, titled "Company Benefit Plans," contains a subsection (e) stating, "***[n]othing*** contained in this Section 6.9, expressed or implied, shall . . . give any Company Service Provider (including any beneficiary or dependent thereof) or other Person ***any third-party beneficiary or other rights*** . . . ." (emphasis added).  Company Service Provider is defined to include "each current or former . . . employee . . . of the Company or any of its Subsidiaries"—which includes Plaintiffs.  Mot. to Dismiss, Ex. A at 6.

Section 9.7, titled "No-Third-Party Beneficiaries," states that the Merger Agreement "is not intended to and ***shall not confer upon any Person other than the parties hereto any rights or remedies hereunder***; provided, however, that it is intended that (A) the D&O Indemnified Parties (with respect to Section 6.6 from and after the Effective Time), (B) the Company Related Parties (with respect to Section 8.3) are third-party beneficiaries and (C) the Parent Related Parties (with respect to Section 8.3) are third-party beneficiaries."  (emphasis added).  Twitter's former

employees are not included in any of the third-party beneficiary categories carved out in the Merger Agreement.

### B. Twitter Employees Voluntarily Resign Following Twitter's November 16 Email.

On November 16, Twitter sent Plaintiff Folkins (in the *Cornet* Action) and Plaintiffs Arnold and Schlaikjer (in the *Arnold* Action) an email with an electronic link giving them the option, in their sole discretion, to either click by November 17 to confirm their continued employment with Twitter or not click to indicate their intent to voluntarily resign.  Second Amended Complaint, ¶ 16; *Arnold* Complaint, ¶ 143.  Folkins, Arnold, and Schlaikjer elected to voluntarily resign by not clicking the link.  Second Amended Complaint, ¶ 16; *Arnold* Complaint, ¶ 148.  Twitter accepted their resignations and provided them notice that their employment would end effective January 20, 2023.  *E.g.*, Second Amended Complaint, ¶ 16.

## IV.  ARGUMENT

### A. The Court Should Deny the Motion for Leave to File an Amicus Brief Because the Proposed Brief Is Redundant of Pleadings Already Before the Court and Proposed Amici Are Partial to a Particular Outcome.

A nonparty has no inherent right to file a brief as an *amicus curiae*.  *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999).  There is no "statute, rule or binding judicial precedent controlling a district court's power to grant or deny *amicus* participation."  *Panzer v. Verde Energy USA, Inc.*, 2021 WL 2186422, at *1

(E.D. Pa. May 27, 2021).  "[A] district court's decision to accept or reject an amicus filing is entirely within the court's discretion."  *In re Nazi Era Cases Against German Defendants Litigation*, 153 F. App'x 819, 827 (3d Cir. Oct. 20, 2005).  Even so, "a district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief."  *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

Amicus status may be granted where "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case."  *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citation omitted).

Here, Proposed Amici meet none of these criteria, and their Motion should be denied.

First, the Proposed Brief is not useful.  A proposed amicus brief is not useful where the proffered arguments repeat those arguments already before the Court.  *See, e.g.*, *Medina v. Beers*, 65 F. Supp. 3d 419, 439 n.10 (E.D. Pa. 2014) (denying amicus participation because "the proposed brief sets forth many of the same arguments that have already been thoroughly discussed in Plaintiffs' Memorandum of Law"); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993) (denying amicus participation were proposed *amici* "merely repeat[ed] arguments already submitted" by the parties).  The Proposed Brief mostly

regurgitates the *Cornet* Opposition.   Both briefs argue that their allegations concerning Twitter's pre-Merger statements to its labor force are sufficient to plead a claim for breach of contract and promissory estoppel.  *Compare Cornet* Opp. at 14-17, *with* Proposed Brief at 16-19.  Both briefs argue that employees did not voluntarily resign when they failed to confirm their continuing employment with Twitter in response to the November 16 email.  *Compare Cornet* Opp. at 16 *with* Proposed Brief at 19-20.

Proposed Amici tacitly concede this point, stating only that their arguments related to the Merger Agreement "are not adequately presented in the Cornet Opposition."  Mot. at 8-9.  But the Motion ignores the extensive overlap between the Proposed Brief and the *Cornet* Opposition and overstates the differences.  Both briefs argue that Continuing Employees (as defined in the Merger Agreement) must be third-party beneficiaries under the Merger Agreement because an alternative reading would render Section 6.9(a) unenforceable.  *Compare Cornet* Opp. at 6-11, *with* Proposed Brief at 10-13 (both primarily relying on *Dolan v. Altice USA, Inc.*, 2019 WL 2711280 (Del. Ch. June 27, 2019)).  The only difference between the two briefs is that the Proposed Brief argues that Continuing Employees are *unambiguously* intended to be third-party beneficiaries under the Merger Agreement, while the *Cornet* Opposition starts from the premise that the Merger Agreement is ambiguous.  The Proposed Brief provides nothing "new" to support

8

Proposed Amici's more extreme interpretation. It merely recites Section 6.9 of the Merger Agreement—language already highlighted and heavily litigated in the Motion to Dismiss and the *Cornet* Opposition. Like the rejected amicus brief in *Liberty Lincoln Mercury*, the Proposed Brief is not useful because it is largely duplicative of the *Cornet* Opposition.

The Proposed Brief also is not useful because the issue before the court presents no novel issues of law. *Goldberg v. City of Phila.*, 1994 WL 369875, at *1 (E.D. Pa. July 14, 1994) ("[B]ecause this case does not appear to set forth any novel legal issues, the additional memorandum of law is not necessary to aid this Court's evaluation . . . ."). Resolving the Motion to Dismiss involves the application of well-established principles of contract interpretation, contract formation, and promissory estoppel.

Nor is the Proposed Brief timely. Knowing full well that they hold claims substantially similar to those asserted in the *Cornet* Action, Proposed Amici could have sought amicus participation (or intervention) at any time over the last seven months while the *Cornet* Action has been pending. At the least, they could have filed the Motion after Twitter filed its Motion to Dismiss on May 17, 2023. Instead, Proposed Amici waited until *after* the *Cornet* Opposition was filed, and mere days before briefing on the Motion to Dismiss closed, to attempt to insert themselves into

this case.  Proposed Amici slept on their rights, and the Motion gives no explanation to excuse their delay.

Second, Proposed Amici are partial to a particular outcome on the Motion to Dismiss.[2]  *See*, *e.g.*, *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555-56 (E.D. Pa. 1999).  In *Sciotto*, the district court denied the movant's participation as amicus curiae because it "ha[d] a specific pecuniary interest in the defendant's perspective in this particular case, and [made] no attempt to present itself as a neutral party."  *Id.* at 555-56.  Here, Proposed Amici admit that they are all former employees of Twitter, who are participating in parallel proceedings against Twitter for severance pay, and who hold nearly identical claims subject to the Motion to Dismiss.  Mot. at 1-2.  Much like the movant in *Sciotto*, Proposed Amici have an economic interest in the legal sufficiency of the *Cornet* Plaintiffs' contract claims arising out of the Merger Agreement and Twitter's pre-Merger conduct, and do not

---

[2] Proposed Amici misrepresent the reasoning of *Panzer* to contend that "this factor is not dispositive."  Mot. at 9-10 (citing *Panzer*, 2021 WL 2186422 at *4).  In *Panzer*, the court ***denied*** the petitioner's participation as an amicus.  2021 WL 2186422 at *4.  The petitioner was a self-described "public interest law firm focused on fighting corporate misconduct," but also received voluntary contributions from several class action law firms, including the three law firms representing the plaintiffs.  *Id.* at *2-3.  The court stopped short of finding that "the contributions disqualify Public Justice from *amicus* status" and found this factor neutral because Public Justice was nonetheless partial to a particular outcome.  *Id.* at *4.  Still, the court denied Public Justice's motion because the remaining three factors weighed against their participation as an amicus curiae.  *Id.* at *2-4.

Here, unlike in *Panzer*, this factor is not neutral.  Proposed Amici are not a public interest organization—they are aggrieved plaintiffs litigating highly similar claims and thus have a pecuniary interest in the issues before the Court.

attempt to present themselves as a neutral party.  As in *Sciotto*, the Proposed Amici's amicus participation is not appropriate.

This factor deserves significant weight because Proposed Amici are not a "disinterested stranger offering to illuminate a legal issue."  *Am. Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (Fed. Cl. 1991); *see also Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 82 ("When a party seeking to appear *amicus curiae* is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied."); *Goldberg v. City of Phila.*, 1994 WL 369875 (E.D. Pa. July 14, 1994) (denying *amicus* participation to movant who "appear[ed] to be friend of the Plaintiff, not a friend of the Court"); *United States v. Gotti*, 755 F. Supp. 1157, 1158-59 (E.D.N.Y. 1991) (rejecting *amicus curiae* application for its failure to provide an "objective, dispassionate, neutral discussion of the issues").

Third, for the reasons set forth *infra* in Section IV(B)(i), Proposed Amici fail to establish a "special interest" in presenting their views here because their asserted interest is too attenuated from the outcome of the Motion to Dismiss.  And even if their interest were sufficiently concrete to warrant mandatory intervention or amicus participation, Proposed Amici fail to demonstrate that their interest is not adequately or competently represented by the *Cornet* Plaintiffs.

11

In sum, the relevant factors weigh against allowing Proposed Amici leave to participate as amici curiae.  This Court should deny the Motion.

**B.    The Court Should Deny Proposed Amici's Motion to Intervene for a Limited Purpose.**

*i.    Proposed Amici Are Not Entitled to Mandatory Intervention Because They Lack a Significantly Protectable Interest in Twitter's Motion to Dismiss and the* Cornet *Plaintiffs Adequately Represent Proposed Amici's Asserted Interest.*

Under Rule 24(a) of the Federal Rules of Civil Procedure, a nonparty (without a statutory right to intervene) may intervene in a pending action as of right only if (1) they have an interest in the property or transaction that is the subject matter of the action which might be impaired and (2) no existing party adequately represents that interest.  Fed. R. Civ. P. 24(a)(2); *see also Benjamin v. Dep't of Pub. Welfare of Pa.*, 432 F. App'x 94, 98 (3d Cir. 2011) ("[T]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene.").

It is not enough to claim *an* interest; the interest must be "significantly protectable," *Donaldson v. United States*, 400 U.S. 517, 531 (1971), which the Third Circuit has interpreted to mean "a cognizable legal interest, and not simply an interest of a general and indefinite character." *Pennsylvania v. President United States of Am.*, 888 F.3d 52, 58 (3d Cir. 2018) (quoting *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1116 (3d Cir. 1992)).  "An applicant must therefore

demonstrate that its interest is 'specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.'" *Id.* (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)). "In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)). Likewise, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.* (quoting *Mountain Top*, 72 F.3d at 366). Rather, the litigation must have a "direct" effect on the proposed intervenors that follows "immediate[ly]" from "the relief sought by [the] plaintiff[]." *Kleissler*, 157 F.3d at 972.

Proposed Amici assert that they have an interest in this litigation because "Twitter is moving to dismiss the Cornet Complaint in part on bases that will be used against Proposed Amici . . . [which] may have a negative practical impact on their ability to protect their interest." Mot. at 8, 10. This is not an interest that justifies mandatory intervention for the following reasons.

First, Proposed Amici claim solely an economic interest. The *Arnold* Plaintiffs and the Arbitration Claimants both seek severance pay from Twitter, among other monetary damages. They, with the *Cornet* Plaintiffs, share a "mere

economic interest" in their desired interpretation of the Merger Agreement. Granting intervention as of right to any aggrieved, former Twitter employee would "open the floodgates to intervention as of right, something Rule 24(a)(2) clearly did not intend." *AstraZeneca AB v. Dr. Reddy's Labs., Ltd.*, 2010 WL 4387519, at *7 (D.N.J. Oct. 29, 2010) (denying motion to intervene in part because of "slippery slope" concerns). Without more, such an interest is insufficient to support a motion to intervene. *Liberty Mut. Ins. Co.*, 419 F.3d at 216.

Second, the mere concern that litigation may result in unfavorable precedent does not support mandatory intervention. *See, e.g.*, *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 530-34 (7th Cir. 1988). In *Bethune Plaza*, a trade association sought mandatory intervention because of a concern that the "precedential effect of the [trial court's] decision may 'impair or impede' the [association's] ability to protect its member's interests." *Id.* at 530. The Seventh Circuit vacated the trial court's order allowing the association to intervene, reasoning that:

> [A] person whose only concern lies in obtaining a favorable opinion—as opposed to a favorable judgment— does not satisfy Rule 24(a)(2) because its interest is not "impaired or impeded" by the resolution . . . . The disposition of [plaintiff's] suit cannot adversely affect the rights of any [similarly situated party] other than [plaintiff]. True, an opinion disagreeing with the legal views entertained by the [putative intervenor] may persuade the judge in subsequent litigation, but the persuasive force of a district court's opinion does not satisfy the requirement of Rule 24(a)(2): a "disposition of

14

> the action that may as a practical matter impair or impede
> the applicant's ability to protect its interest."

*Id.* at 531-32.

*Bethune Plaza* demonstrates that Proposed Amici's stated concern—that a subsequent arbitrator may "defer to the ruling of a Delaware Court applying Delaware law to a Delaware contract," Mot. at 3—is too indirect and attenuated. Proposed Amici do not claim that a decision on the Motion to Dismiss in Twitter's favor would require them to do, or to refrain from doing, anything. Proposed Amici instead express an interest in the potential and collateral effects from the Motion to Dismiss. But those potential consequences largely turn on the anticipated conduct of non-parties to this litigation and fail to present a significantly protectable interest under Rule 24(a), as *Bethune Plaza* explains.

Even if Proposed Amici had a "significantly protectable interest," they fail to demonstrate that the *Cornet* Plaintiffs do not adequately represent the interest. Proposed Amici state only that "a minimal showing [of inadequacy] is required" and that "the Third Circuit has held that the potential for differing imperatives is sufficient." Mot. at 10-11 (citing *Trbovich v. United Mine Workers of Am*, 404 U.S. 528, 538 (1972); *Kleissler*, 157 F.3d at 974). Proposed Amici's arguments are mistaken.

Under Third Circuit precedent, inadequate representation must be based on at least one "of three possible grounds: (1) that although the applicant's interests are

15

similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519-20 (3d Cir. 2014). Because the *Cornet* Plaintiffs and Proposed Amici all pursue contract and promissory estoppel claims arising from the Merger Agreement and Twitter's pre-Merger conduct, Proposed Amici must make a heightened showing of inadequacy, rather than the "minimal" showing that they suggest. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005) ("When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." (quoting *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976))).

Proposed Amici do not identify any infirmities in the *Cornet* Plaintiffs' representation that would rebut the presumption, and their reliance on *Kleissler* is misplaced. Mot. at 10-11. In *Kleissler*, the district court allowed two timber companies to intervene in litigation against the United States filed by environmentalists seeking to enjoin logging activities in a national forest, but the court denied intervention requests from other members of the timber industry. 157 F.3d at 967. The Third Circuit reversed the denial, concluding that the intervenors each had a "significant protectable interest" in the litigation that was not adequately

protected.  *Id.* at 969-74.  The Third Circuit rejected the environmentalists' position that the two timber companies adequately represented the timber industry's interests because the court could readily "conjure up situations in which [the two companies] may face the irresistible temptation to work out settlements that benefit themselves and not the other, competing timber companies."  *Id.* at 974.

Here any such concern would be illusory.  This litigation, unlike *Kleissler*, does not seek an injunction that would necessarily affect nonparties' ability to conduct business.  The *Cornet* Plaintiffs, the *Arnold* Plaintiffs, and the Arbitration Claimants all seek monetary damages.  Any settlement reached among Twitter and any group of plaintiffs will not impact recoveries (if any) for any other plaintiff.  Even if the *Cornet* Plaintiffs work out a settlement to benefit themselves, that settlement would not prejudice Proposed Amici.  Proposed Amici fail to rebut the presumption that the *Cornet* Plaintiffs adequately represent their interest and fail to support mandatory intervention.

> ii.   *Proposed Amici Cannot Demonstrate that this Court Should Exercise its Discretion to Permit Intervention Under Rule 24(b).*

On a timely motion, the Court may grant permissive intervention to one who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The Court should reject Proposed Amici's claim for permissive intervention for three core reasons.

First, as explained *supra* in Section IV(A), Proposed Amici's Motion is not timely. This alone warrants denial of the Motion. *In re Safeguard Scientifics Antitrust Litig.*, 220 F.R.D. 43, 46 (E.D. Pa. 2004) ("Threshold to both permissive intervention and intervention of right is timeliness.").[3] Second, and relatedly, because Proposed Amici do not qualify for mandatory intervention, it would be no abuse of discretion to deny permissive intervention also. *Territory of Virgin Islands*, 748 F.3d at 525 (reasoning that "[i]f intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention"). Third, Proposed Amici cannot identify prejudice resulting from their lack of intervention, because they are free to litigate their own claims in their own litigation, including causes of action that are not included in the *Cornet* Action. *Hospira, Inc. v. Sandoz Inc.*, 2014 WL 7945489, at *4 (D.N.J. Feb. 27, 2014) (rejecting permissive intervention where putative intervenor would not be prejudiced because "'it still has an adequate remedy' within the confines of its own action" (internal citation omitted)). There is no reason to grant Proposed Amici permissive intervention.

---

[3] In making a timeliness assessment, a district court must consider (1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay. *Id.* at 47. Proposed Amici offer no reason for its delay in seeking intervention into the *Cornet* Action. Thus, Proposed Amici's Motion is untimely for *both* its motion to intervene and its motion to participate as an *amicus curiae*.

**C.     The Court Should Not Consolidate the *Cornet* Action and the *Arnold* Action.**

"If actions before the court involve a common question of law or fact," then in its sound discretion, "the court may . . . (2) consolidate the actions." Fed. R. Civ. P. 42(a)(2). "The mere existence of common issues, [] does not require consolidation." *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (quotation omitted). Rather, a court should deny consolidation if it will burden the parties and the court with an "overcomplication of issues." *Atkinson v. Roth*, 297 F.2d 570, 575 (3d Cir. 1961) (the "presence of [a party], qua defendant, in the same trial with [the same party], qua plaintiff, emphasizes the conflict," and that "such consolidation [] burdened the parties, the court and the jury with an overcomplication of issues and necessary instructions"). Courts asked to consolidate actions should "weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *In re Consol. Parlodel*, 182 F.R.D. at 444 (quotation omitted).

Here, consolidating briefing and a hearing on a motion to dismiss both the *Cornet* Action and the *Arnold* Action serves only to complicate the issues currently before the Court. The *Arnold* Action asserts *ten* causes of action that are not included in this case, including "wage theft" and claims under various WARN Acts. *Compare* Second Amended Complaint *with Arnold* Complaint. Consolidating dismissal proceedings in the two actions would take the straightforward issues of contract

19

interpretation and formation here and inject a smorgasbord of new legal issues, including whether the *Arnold* Plaintiffs have sufficiently pleaded a claim that Twitter:

- committed fraud, *Arnold* Complaint at Count VI;

- violated the Federal WARN Act, *id.* at Count VII;

- violated the California WARN Act, *id.* at Count VIII;

- violated the New York WARN Act, *id.* at Count IX;

- engaged in "wage theft" under California law, *id.* at Count X;

- violated the California Labor Code, *id.* at Count XI;

- violated the Family and Medical Leave Act, *id.* at Count XII;

- violated the California Family Rights Act, *id* at Count XIII; and

- discriminated under California's Fair Employment and Housing Act, *id.* at Count XIV.

Consolidation is inappropriate at this stage because it would only result in the "overcomplication of issues." *Roth*, 297 F.2d at 575.

Proposed Amici alternatively ask the Court to "hold[] in abeyance the hearing on the Motion to Dismiss until briefing on pleadings motions can also be presented in the Arnold Action." Mot. at 13. As of the filing of this opposition, the Motion to Dismiss in this action is fully briefed and ripe for adjudication. A dismissal motion has not yet been filed in the *Arnold* Action. Holding the Motion to Dismiss in the *Cornet* Action in abeyance until briefing is complete in the *Arnold* Action would

20

delay adjudication of the Motion to Dismiss for an entire briefing cycle that would not even begin to run until July 31, 2023.  Proposed Amici cite no basis for the Court to delay adjudication of a fully briefed, dispositive motion.

Accordingly, the Court should deny Proposed Amici's motion to consolidate.

## V.    CONCLUSION

For the reasons set forth above, Twitter respectfully requests that the Court deny the Motion in its entirety.

Dated: July 10, 2023                          MORGAN, LEWIS & BOCKIUS LLP

                                              */s/ Jody C. Barillare*

Eric Meckley (*pro hac vice*)                 Jody C. Barillare (#5107)
One Market, Spear Street Tower                1201 N. Market Street, Suite 2201
San Francisco, CA 94105                       Wilmington, Delaware 19801
415-442-1000                                  302-574-7294
eric.meckley@morganlewis.com                  jody.barillare@morganlewis.com

T. Cullen Wallace (*pro hac vice*)            *Attorneys for Defendant*
Morgan McGreevy (*pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com
morgan.mcgreevy@morganlewis.com

21