**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL ANDRES BARRETO, and BRETT MENZIES FOLKINS,

Plaintiffs,

v.

TWITTER, INC.,

Defendant.

C.A. No. 1:23-cv-00441-CFC

**REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*, TO INTERVENE FOR A LIMITED PURPOSE OR TO COORDINATE BRIEFING WITH RELATED CASE**

Dated: July 24, 2023

Akiva Cohen (*pro hac vice* forthcoming)
Dylan M. Schmeyer (*pro hac vice* forthcoming)
Michael D. Dunford (*pro hac vice* forthcoming)
Lane A. Haygood (*pro hac vice* forthcoming)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com

Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensendougherty.com

Attorneys for Proposed Intervenors

# TABLE OF CONTENTS

TABLE OF AUTHORITIES....3
INTRODUCTION....4
ARGUMENT....4
I. The Proffered Brief is Useful, not Duplicative....4
II. The Motion Is Timely....7
III. Leave to File as *Amici* Should be Granted....8
IV. Leave to Intervene Should Be Granted....9
V. At a Bare Minimum, the Court Should Consolidate Briefing With *Arnold*....12
CONCLUSION....13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AstraZeneca AB v. Dr. Reddy's Lab'ys, Ltd.*, No. CIV.A.05-5553 JAP (D.N.J. Oct. 29, 2010)....10

*Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525 (7th Cir. 1988)....10

*Choike v. Slippery Rock Univ. of Penn.*, 297 F. App'x 138 (3d Cir. 2008) .... 8

*Cmty. Ass'n for* Restoration *of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974 (E.D. Wash. 1999) ....8

*Deoleo v. United States Liab. Ins. Co.*, No. CV 20-2301 (E.D. Pa. July 14, 2020)....12

*Gen. Eng'g Corp. v. Virgin Islands Water & Power Auth.*, 805 F.2d 88 (3d Cir. 1986)....5

*Hospira, Inc. v. Sandoz Inc.*, No. CIV.A. 09-4591 MLC (D.N.J. Feb. 27, 2014) ....11

*In re Weinstein Co. Holdings, LLC*, No. BR 18-10601-MFW (D. Del. Mar. 20, 2020)....9

*Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002) ....8

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020)....5

*Spirit of Golf GMBH v. Libonati*, No. CV 09-191 (MLC) (D.N.J. July 24, 2009)....11

*U.S. v. Territory of the Virgin Islands*, No. 1986-265 (D.V.I. Nov. 7, 2012)....7, 9

**Statutes**

Fed. App. R. 29(a)(6) ....5

## INTRODUCTION

Twitter[1] opposes Proposed Amici's motion on essentially three bases: (1) the motion is untimely; (2) Proposed Amici are simultaneously too interested to serve and insufficiently interested to intervene; and (3) the proffered brief is not useful. In reality, Twitter opposes the motion for only one *reason*: it has no viable substantive response to the arguments raised by the proposed brief but, for whatever reason, not made by the *Cornet* plaintiffs. Twitter asks the Court to squander limited court resources and engage in inefficient, separate hearings and risk potentially inconsistent decisions in this case and *Arnold*. But because Proposed Amici satisfy the requirements for both *amicus* filing and intervention, the Court should grant their Motion. And, if not, and in the alternative, the need to avoid contradictory rulings counsels in favor of holding the *Cornet* dismissal motion in abeyance pending the briefing in *Arnold.*

## ARGUMENT

### I. The Proffered Brief is Useful, not Duplicative

Confusing outcomes with arguments, Twitter suggests that the proffered brief is not useful and repetitive of the *Cornet* plaintiffs' arguments because both briefs argue that the allegations of the complaint are sufficient to survive dismissal and that employees did not voluntarily resign by not clicking an email. D.I. 90, 7-8.

---

[1] Capitalized terms have the meanings given in the Motion. Plaintiffs do not oppose.

But *amicus* briefs routinely argue in favor of an outcome sought by one party to the litigation. Cf. Fed. App. R. 29(a)(6) (tying filing deadlines to the brief *amicus* supports). The focus of the "usefulness" inquiry is not on what outcome the proposed filing seeks, but on what specific arguments are made in support of that outcome. *See*, *e.g.*, *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (*amicus* brief is sufficiently useful where, for example, it offers different analytical perspective or historical nuance glossed over by the parties).[2] The proffered brief offers an analytical perspective not raised by the parties.

For whatever reason, the *Cornet* plaintiffs did not argue the language of Section 6.9(a) and its unambiguous declaration that the benefit provided by that section was to be provided "to" and "for" Twitter's employees makes those employees third-party beneficiaries. *Compare* D.I 82, 6-11 *with* D.I. 85-1, 4-10. Nor did *Cornet* plaintiffs argue the key legal issue under *WHA*: that third-party beneficiary status does not depend on the contracting parties' assent to grant *rights* attendant to that status (which is why Delaware courts are free to treat "no third-party beneficiary" clauses as mere aids to interpretation of provisions that are otherwise ambiguous about whether a clause is intended to benefit a third party,

---

[2] An *amicus* filing *cannot* raise new issues, only new arguments on the issues raised by the parties. *Gen. Eng'g Corp. v. Virgin Islands Water & Power Auth.*, 805 F.2d 88, 92 (3d Cir. 1986)

rather than as controlling agreements that render such interpretation unnecessary). *Compare* D.I 82, 6-11 *with* D.I. 85-1, 4-10. Instead, for the motion to dismiss their claims, the *Cornet* plaintiffs conceded that such clauses could create ambiguity where there is none. D.I. 82, 10-11. Perhaps for that reason, the *Cornet* plaintiffs treated the issue of unenforceability as *creating* ambiguity (as it did in *Dolan*, where the clause at issue did not specifically name the third parties, 2019 WL 2711280, at *2) rather than as *precluding* any question about the third-party beneficiary status of the employees (as in *Amirsaleh*, where the clause at issue, as here, "manifest[ed] an unambiguous intent to benefit [the third-party]," 2008 WL 4182998, at *5). *Compare* D.I. 82, 11 *with* D.I. 85-1, 10-13. And the *Cornet* plaintiffs did not raise equitable estoppel at all. D.I. 85-1, 14-15.

Similarly, the proffered brief raises different and critical arguments on the promissory estoppel, oral contract, and "resignation" claims. As to Twitter's argument that claims duplicate the breach of Merger Agreement claim, Proposed Amici (but not the *Cornet* plaintiffs) alert the Court that to the extent that Twitter is correct that the Merger Agreement provides the employees with no enforceable rights, Twitter's communications with the employees would fill that gap. D.I. 85-1, 18. And with respect to the "resignation" claim, only Proposed Amici provided the Court with authority confirming that Twitter's position is not legally valid. *Compare* D.I. 85-1, 20 *with* D.I. 82, 16.

## II. The Motion Is Timely

Twitter's argument that the motion is untimely, D.I. 90, 8-9, is likewise misplaced. Twitter cites no precedent supporting its position, as there is none. For purposes of an *amicus* filing, a brief is "timely" if it is filed within 7 days of the principal brief of the party it supports, *see* Fed. App. R. 26(a)(6), and Proposed Amici filed five days after the *Cornet* plaintiffs. The time period given in the Federal Appellate Rules has an obvious purpose – it allows potential *amici* to see whether the party their brief would support has already made the arguments *amici* would before inundating the court with proposed briefing. That is exactly what happened here: Proposed Amici filed their motion only after reviewing the *Cornet* plaintiffs' opposition and confirming that the motion was necessary. Reply Declaration of Akiva M. Cohen ("Cohen Reply Dec), ¶¶ 2-3.

Similarly, with respect to the timeliness of a motion for leave to intervene, the issue before the Court is not the "mere passage of time." *U.S. v. Territory of the Virgin Islands*, No. 1986-265, 2012 WL 5448195, at *2 (D.V.I. Nov. 7, 2012), *aff'd sub nom. U.S. v. Territory of Virgin Islands*, 748 F.3d 514 (3d Cir. 2014), *quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1056 (3d Cir. 1988). Rather, a motion to intervene is untimely if the proceedings have substantively advanced such that the delay attendant to the intervention would meaningfully prejudice the parties. *Choike v. Slippery Rock Univ. of Penn.*, 297 F.

App'x 138, 141 (3d Cir. 2008) ("the critical inquiry is: what proceedings of substance on the merits have occurred"). Twitter concedes that no "proceedings of substance on the merits" have occurred, and it is particularly bold for ***Twitter***, specifically, to contend that the delay attendant to briefing in *Arnold* would be unreasonable given its position and behavior in connection with the arbitrations. Cohen Reply Dec, ¶¶ 4-14 & Ex. 1.

## III. Leave to File as *Amici* Should be Granted

Considering the above, the Court should allow the brief to be filed as an *amicus* brief. The brief is timely and useful, satisfying the first three factors for *amicus* briefing. And Twitter overreads the partiality factor as precluding *amicus* status where a ruling in the case might adversely affect the filer's interest in another litigation, when the opposite is true: "An amicus brief ***should normally be allowed*** when … the amicus has an interest in some other case that may be affected by the decision in the present case." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (emphasis added). Indeed, the Third Circuit has directly rejected the argument Twitter advances here. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131-32 (3d Cir. 2002) ("this description became outdated long ago").[3] Rather "motions for leave to

[3] Perhaps for this reason, Twitter cites only cases that predate *Neonatology* in support of its "partiality" argument. To whatever extent Twitter accurately describes them, those cases are no longer good law in this Circuit.

file [amicus] briefs should be granted 'unless it is obvious that the proposed briefs do not meet [Federal Rule of Civil Procedure] 29's criteria as broadly interpreted.'" *In re Weinstein Co. Holdings, LLC*, No. BR 18-10601-MFW, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020), *aff'd sub nom. In re Weinstein Co. Holdings LLC*, 997 F.3d 497 (3d Cir. 2021), *quoting Neonatology*, 293 F.3d at 133. The request for leave should be granted.

**IV. Leave to Intervene Should Be Granted**

Alternatively, the Court should grant Proposed Amici leave to intervene for the limited purpose of opposing the motion to dismiss. Twitter's opposition buttresses, rather than contradicts, Proposed Amici's showing that *Cornet* plaintiffs do not adequately represent them; as it notes, interests that "diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests" are sufficient. D.I. 90, 15-16, *quoting Virgin Islands*, 748 F.3d at 519-20. The *Cornet* plaintiffs devoted pages of their scant supply of argument space to issues that mattered to them (such as the viability of the transfer from California and the sufficiency of the class allegations) but have no bearing on Proposed Amici and their interests, leaving insufficient space in the *Cornet* plaintiffs' briefing to focus proper attention on the third-party beneficiary issue. As a result, the *Cornet* plaintiffs' briefing did not even cite *Amirsaleh* or *WHA*; did not engage in the detailed analysis of Delaware's third-party beneficiary precedents that was the

focus of Proposed Amici's briefing; and did not raise equitable estoppel. While plaintiffs' allocation of resources to those issues makes sense given the divergent interests – they are seeking to bring a class action and *had* to devote space to addressing Twitter's attempt to dismiss the class claims – the divergence itself is sufficient to address the "adequacy" prong and permit the Proposed Amici to utilize their briefing space to address these important issues.

Nor is Twitter's citation to *Bethune Plaza* as challenging the sufficiency of Proposed Amici's interest justifiable. In *Bethune Plaza*, the trade association sought to intervene because it feared that the named plaintiff would settle before obtaining an opinion on a legal issue the trade association wanted to litigate. *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 530 (7th Cir. 1988) ("The Council apparently saw this case as an attractive vehicle that should be the basis of a decision favorable to the Council rather than a settlement favorable to Bethune"). That has no bearing at all on Proposed Amici's interest in a motion that asks the Court to construe the very disputed terms of a contract at issue in their own actions. Nor is that in any way similar to the mere "economic interest" at issue in *AstraZeneca* – Sun's concern that a bad result in the litigation would delay its ability to launch a generic version of the drug at issue. *AstraZeneca AB v. Dr. Reddy's Lab'ys, Ltd.*, No. CIV.A.05-5553 JAP, 2010 WL 4387519, at *6 (D.N.J. Oct. 29, 2010).

Regardless, this case presents the paradigmatic situation for which permissive intervention is available and should be granted. While it is true that denial of permissive intervention is almost never an abuse of discretion, that does not mean that permissive intervention ***should*** be denied any time it is unavailable as of right. To the contrary, adopting that position would write permissive intervention entirely out of existence; where intervention was available as of right it would be granted as of right, not permissively, and where it was not permissive intervention would be denied. Here, Twitter expressly acknowledges that denial of leave to intervene would create a risk of inconsistent results, and quixotically argues that Proposed Amici lack sufficient interest because inconsistent results would be possible. D.I. 90, 18. But the specter of inconsistent results is a basis to grant intervention, not deny it. *See*, *e.g.*, *Spirit of Golf GMBH v. Libonati*, No. CV 09-191 (MLC), 2009 WL 10690596, at *1 (D.N.J. July 24, 2009) (identifying potential for inconsistent results as a basis to grant intervention).[4] There can be no reasonable dispute that the legal and factual issues overlap sufficiently to justify

---

[4] Twitter's citation of *Hospira, Inc. v. Sandoz Inc.*, No. CIV.A. 09-4591 MLC, 2014 WL 794589, at *4 (D.N.J. Feb. 27, 2014) in purported support of the contrary proposition is puzzling at best. In *Hospira*, the parties settled during the pendency of an appeal from a ruling that the patent at issue was invalid and thus asked the court to vacate that ruling; the proposed intervenor wanted to preserve that ruling. *Id.*, *1. There was thus no possibility of "inconsistent rulings" to speak of, and the intervenor therefore could not be prejudiced by the vacatur. *Id.*, *4.

permissive intervention for the limited purpose of addressing this motion to dismiss, and intervention should be granted, whether as of right or permissively.

## V. At a Bare Minimum, the Court Should Consolidate Briefing With *Arnold*

Finally, Twitter offers no meaningful basis for the Court to refuse to consolidate the hearings in this action and *Arnold*. Twitter argues that the additional claims alleged in *Arnold* would "complicate" the hearing in this action but provides no rationale for how or why; those issues will need to be addressed in the *Arnold* briefing and hearing in any event, and surely Twitter is not suggesting it has concern for the Court's ability to handle the combination of issues in that context. A consolidated hearing would allow the Court to address the overlapping issues in a single hearing, avoiding the risk of inconsistent decisions, while also addressing the issues unique to *Arnold* in exactly the way the Court would if it held a stand-alone hearing in that matter. And as to prejudice, Twitter's complaint about delay for briefing is unserious at best. Not only would the delay be relatively brief given the stage of the proceedings, *see*, *e.g.*, *Deoleo v. United States Liab. Ins. Co.*, No. CV 20-2301, 2020 WL 9763085, at *1 (E.D. Pa. July 14, 2020) (stay of up to 60 days would be "relatively short"), but considering Twitter's conduct in the arbitrations it cannot now wax rhetorical about a sudden discovery of the value of speed. Cohen Reply Dec, ¶¶ 4-14.

## CONCLUSION

For the reasons set forth above and in the Motion, the Court should grant the requested relief.

Respectfully submitted,

Dated: July 24, 2023

/s/ *Joseph L. Christensen*
Joseph L. Christensen (#5146)
CHRISTENSEN & DOUGHERTY LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Tel: (302) 212-4330
joe@christensendougherty.com

Akiva Cohen (*pro hac vice* forthcoming)
Dylan M. Schmeyer (*pro hac vice* forthcoming)
Michael D. Dunford (*pro hac vice* forthcoming)
Lane A. Haygood (*pro hac vice* forthcoming)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Tel: (212) 400-4930
acohen@kusklaw.com
dschmeyer@kusklaw.com
mdunford@kusklaw.com

*Attorneys for Proposed Amici Wolfram Arnold, Erik Froese, Tracy Hawkins, Joseph Killian, Laura Chan Pytlarz, Andrew Schlaikjer, Isabelle Cannell, Jaime Sena, and James Shobe*