# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, and JESSICA PAN, EMILY KIM, MIGUEL ANDRES BARRETO, and BRETT MENZIES FOLKINS,<br><br>   Plaintiffs,<br><br>   v.<br><br>TWITTER, INC.,<br><br>   Defendant. | C.A. No. 23-cv-441-TMH |

## DEFENDANT'S STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION TO PROVISIONALLY SEAL NOTICE OF SUPPLEMENTAL AUTHORITY AND ACCOMPANYING EXHIBITS

Defendant, by and through its undersigned counsel, hereby files this response of non-opposition to *Plaintiffs' Motion to Provisionally Seal Notice of Supplemental Authority and Accompanying Exhibits* [D.I. 98] (the "Motion").[1] By the Motion, Plaintiffs seek leave to file four arbitration awards under seal, among other documents that describe the substance of the arbitration proceedings. The arbitrations set forth in *Plaintiffs' Notice of Supplemental Authority* are subject to confidentiality agreements that generally restrict a party from disclosing the

---

[1] Pursuant to Local Rule 7.1.1, Plaintiffs were required to engage in a "reasonable effort . . . to reach agreement with the opposition party on the matters set forth in the motion." Plaintiffs never conferred with Defendant regarding the relief sought by the Motion. If Plaintiffs had met their conferral obligation, then the parties likely could have resolved Plaintiffs' Motion by stipulation.

1

existence or results of any arbitration without another party's prior written consent. Unlike litigation in federal courts, "[a]rbitration is fundamentally a creature of contract" that is dictated by the parties' agreed-upon terms. *Allstate Settlement Corp. v. Rapid Settlements, Ltd.*, 559 F.3d 164, 169 (3d Cir. 2009) (internal quotations omitted). Strict adherence to terms that protect the confidentiality of arbitration are particularly important for the proper functioning of the arbitration process, given that "confidentiality is a paradigmatic aspect of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008).

Accordingly, Defendant agrees that the arbitration awards, and any filing that purports to disclose the content of the arbitration awards, should be sealed from public view.

| | |
|---|---|
| Dated: December 10, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| Eric Meckley (*pro hac vice*)<br>Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>415-442-1000<br>eric.meckley@morganlewis.com | /s/ *Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 N. Market Street, Suite 2201<br>Wilmington, Delaware 19801<br>302-574-7294<br>jody.barillare@morganlewis.com |
| T. Cullen Wallace (*pro hac vice*)<br>Morgan McGreevy (*pro hac vice*)<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-5005<br>713-890-5722<br>cullen.wallace@morganlewis.com | *Attorneys for Defendant* |

morgan.mcgreevy@morganlewis.com