IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>TWITTER, INC.,<br><br>      *Defendant*. | C.A. No. 23-CV-441-TMH |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUBMISSION OF
<u>SUBSEQUENT AUTHORITY</u>**

Defendant X Corp., as successor in interest to Twitter, Inc. ("Defendant"), hereby submits the following response to Plaintiffs' *Notice of Supplemental Authority* (the "Notice") [*see* D.I. 98].

**I. Plaintiffs' Notice of Supplemental Authority Is Improper.**

Plaintiffs' Notice goes far beyond the citation of subsequent authority permitted by Local Rule 7.1.2(b) and, instead, includes impermissible supplemental legal argument regarding the purported import of the arbitration awards attached thereto (hereinafter referred to as the "Arbitration Awards"). Plaintiffs may not introduce additional legal argument under the guise of a "citation of subsequent authority" under Local Rule 7.1.2(b)—they must instead seek leave to file a sur-reply, which they did not do here. Accordingly, the Court should strike and/or not consider anything in the Notice when ruling on Defendant's motion to dismiss.

**II. Claim Preclusion Does Not Apply Here.**

Plaintiffs argue that in one of the Arbitration Awards the arbitrator ruled that the claimant could enforce the Merger Agreement as a third-party beneficiary and that "the award could have

1

preclusive effect in this case." *See* D.I. 98, pp. 2-3. To the extent the Court considers the impermissible additional legal argument contained in the Notice, the Court should reject this argument because Plaintiffs cannot satisfy the elements of claim preclusion.

Claim preclusion cannot apply here because the Parties to this case and the parties in the Arbitration Awards are different. For claim preclusion to potentially apply, "the current suit and the prior suit [must] concern … the same parties or their privies[.]" *See USG Companies, Inc. v. Advantage Sales & Marketing LLC*, 2018 WL 3117545 at *5 (D. Del. June 25, 2018) (citations omitted); *see also Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (same).

Plaintiffs cite *USG Companies, Inc. v. Advantage Sales & Marketing LLC* in support of their argument that "arbitration awards, even when unconfirmed, are generally accorded preclusive effect if the same issues or claims are later raised in court proceedings." *See* Notice (D.I. 98) at pp. 2-3. Plaintiffs ignore, however, the statement in this decision that such preclusive effect may be given only if "the same parties or their privies are involved in both suits." *See USG Companies, Inc. v. Advantage Sales & Marketing LLC*, 2018 WL 3117545 at *5. Plaintiffs' citation to *American Ins. Co. v. Messinger* is inapposite for the same reason. In *Messinger,* the court was evaluating the potential preclusive effect of a prior determination in a subsequent action between the same two parties. 43 N.Y.2d 184, 189 (1977) ("[T]he question now before [the court] is the effect to be accorded the determination with respect to a particular issue made in a proceeding between two parties when the same issue is raised in a subsequent proceeding *between the same two parties*.") (emphasis added). Here, as is obvious from the captions in these matters, none of the Plaintiffs in this action were parties to any of the arbitrations that resulted in the Arbitration Awards. Thus, the Arbitration Awards cannot have any preclusive effect here as a matter of law.

### III. Fundamental Notions of Fairness Prohibit the Application of Collateral Estoppel.

Collateral estoppel requires several elements: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 342 F.3d 242, 252 (3d Cir. 2003) (quoting *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 524–25 (3d Cir. 2002).

Notably, the U.S. Supreme Court has expressed concern about the abuse of collateral estoppel and announced a list of additional non-exclusive fairness concerns that must be considered before finding an issue precluded. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 330-331 (1979) (where "the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow" it). These fairness concerns apply even where all traditional factors are satisfied. These concerns counsel against offensive estoppel, for example, "if the judgment relied upon as a basis for the estoppel is itself inconsistent with" previous decisions "in favor of the defendant," or if the first action involves small damages compared to the now-desired preclusive effect, and other situations. *Id*. at 330; *see* Restatement (Second) of Judgments § 29 (1982) (enumerating eight non-exclusive circumstances that preclude offensive collateral estoppel, including where the "determination relied on as preclusive was itself inconsistent with another determination on the same issue" and "[o]ther compelling circumstances make it appropriate that the party be permitted to relitigate the issue").

As a preliminary matter, issue preclusion does not apply here because the issues in this litigation are not identical to those at issue in the Arbitration Awards. In *USG Companies, Inc. v. Advantage Sales & Marketing, LLC*, the court determined that the elements of issue preclusion were not satisfied because the defendant could not "establish the first element required for issue

3

preclusion – identity of issues" where "[t]he arbitration … was much narrower in scope" where "[t]he primary focus in arbitration was determining what constituted 'revenue' under the [contract], and then calculating total revenue for purposes of the earn-out payment," while the litigation focused on "purported misconduct … which reduced revenue." *USG Companies, Inc. v. Advantage Sales & Marketing LLC*, 2018 WL 3117545 at *4.  Plaintiffs suffer from the same defect here.  Plaintiffs ask this Court to enforce the Merger Agreement based on the finding in a single Arbitration Award, but that matter involved whether a former employee who was terminated for cause could enforce the terms of the Merger Agreement.  The question before this Court – whether employees who were impacted by a mass layoff can enforce the terms of the Merger Agreement – is simply different.  There is no identity of issues and therefore issue preclusion does not apply.

In addition, Plaintiffs' suggestion that an arbitration award allowing enforcement of the Merger Agreement on a third-party beneficiary theory "could have preclusive effect in this case" is directly undercut by the fact that this Court recently issued a decision reaching the exact opposite conclusion.  Specifically, the Magistrate Judge in *Arnold, et al. v. X Corp.*, Case No. 1:23-cv-00528-JLH-CJB, recently issued a Report and Recommendation finding that a breach of contract claim predicated on the Merger Agreement brought by former Twitter employees should be dismissed with prejudice because "the provisions highlighted by the Twitter Defendants demonstrate that the contracting parties to the merger agreement did not intend Plaintiffs to be third-party beneficiaries." (D. Del. Dec. 5, 2024) (D.I. 110 at *7).  Defendant has filed a Citation of Subsequent Authority attaching the decision in *Arnold* for the Court's review and consideration.  *See* D.I. 103.

Finally, in order for the Court to accept Plaintiffs' position, the Court would have to

4

disregard the express provisions of the arbitration claimants' arbitration agreements. This is fundamentally unfair and prejudicial to Defendant. Unlike litigation in federal courts, "[a]rbitration is fundamentally a creature of contract" that is dictated by the parties' agreed-upon terms. *Allstate Settlement Corp. v. Rapid Settlements, Ltd.*, 559 F.3d 164, 169 (3d Cir. 2009) (internal quotations and citations omitted). Here, these arbitration claimants' arbitration agreements expressly state: "**You and the Company agree to bring any dispute in arbitration on an individual basis only,**" and "Employee and the Company agree that any arbitration will be limited to the claims between Employee and the Company individually." *See* D.I. 18-1 at pp. 14, ¶ 5; 24, ¶ 5; 34, ¶ 5; 43, ¶ 5; 50, ¶ 5. The arbitration claimants waived their "right to participate as a plaintiff or class member in any purported class action, collective action or representative action proceeding," and this waiver "shall be enforced in arbitration on an individual basis … to the fullest extent possible." *Id.* This language makes clear that each individual arbitration must be decided independently, and individual arbitration decisions cannot be applied on a "representative" basis to decide the cases of other plaintiffs. The arbitration claimants cannot circumvent the express terms of their arbitration agreements by using an individual Arbitration Award to resolve matters outside of arbitration. Indeed, doing so here is particularly unfair, as it would allow Plaintiffs' counsel to cherry-pick one arbitration award out of many to use against Defendant, whereas Defendant could not invoke issue preclusion to apply decisions favorable to it against any individual Plaintiff. This would mean that while Defendant must win thousands of times over in arbitration, Plaintiffs need only find one friendly arbitrator to rule in their favor. Effectively, this would mean that Plaintiffs get all the upside of a class action, with none of the downsides or the procedural protections attendant to classwide resolutions. This extreme asymmetry exacerbates the fairness concerns discussed above.

Similarly, Plaintiffs' filing of the Arbitration Awards violates the confidentiality provision contained in each arbitration claimants' arbitration award. To ensure that arbitrations are decided on an individualized basis, the arbitration claimants agreed that they would not "disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties," *see* D.I. 18-1 at pp. 15, ¶ 7; 25, ¶ 7; 35, ¶ 7; 44, ¶ 7; 41, ¶ 7, and Defendant has not consented to the disclosure of the Arbitration Awards.

Strict adherence to terms that protect the confidentiality of arbitration are particularly important for the proper functioning of the arbitration process, given that "confidentiality is a paradigmatic aspect of arbitration[.]" *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). In recognition of the importance of confidentiality to the arbitration process, courts have prohibited third parties from discovering arbitration decisions subject to confidentiality agreements. *See, e.g., Fireman's Fund Insurance Co. v. Cunningham Lindsey Claims Management, Inc.*, 2005 WL 1522783, at *3 (E.D.N.Y. June 28, 2005) (a federal court denied a plaintiff's request to compel production of the award in a confidential arbitration held between the defendant and a third party, noting the "important policy interest involved in protecting the expectations of confidentiality belonging to parties who have chosen an alternative means of dispute resolution."); *see also Group Health Plan, Inc. v. BJC Health Systems, Inc.*, 30 S.W.3d 198, 205 (Mo. Ct. App. 2000) (the court enjoined the enforcement of an arbitration panel's decision to compel production of an arbitration hearing transcript and award in a separate arbitration conducted pursuant to a stipulated protective order, finding that the panel's failure to honor the arbitration parties' expectations of confidentiality would "have a chilling effect on the willingness of parties to arbitrate their disputes").

The arbitration claimants have violated the confidentiality provision in their arbitration

6

agreements by allowing a non-party to disclose the Arbitration Decisions. Such conduct is prejudicial to Defendant and has injected an otherwise confidential process into a matter of public record. It also sets claimants at odds with each other, making some arbitration claimants, potentially unwittingly, liable for damages to Defendant for breach of their arbitration agreements simply to benefit different plaintiffs and, most notably, plaintiffs' counsel, through the improper disclosure of their arbitration awards. The Court should not reward the arbitration claimants' failure to adhere to the terms of their agreement by considering the Notice or any of the Arbitration Awards attached thereto.

Dated: December 30, 2024

MORGAN, LEWIS & BOCKIUS LLP

 */s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
302-574-7294
jody.barillare@morganlewis.com

Eric Meckley
One Market, Spear Street Tower
San Francisco, CA 94105
415-442-1000
eric.meckley@morganlewis.com

*Attorneys for Defendants*

T. Cullen Wallace
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
713-890-5722
cullen.wallace@morganlewis.com