## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EMMANUEL CORNET, JUSTINE DE
CAIRES, GRAE KINDEL, ALEXIS
CAMACHO, JESSICA PAN, EMILY KIM,
MIGUEL BARRETO, and BRETT MENZIES
FOLKINS, on behalf of themselves and all
others similarly situated,

C.A. No. 1:23-cv-00441-TMH

Plaintiffs,

v.

TWITTER, INC.

Defendant.

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANT'S MOTION TO STRIKE
## PLAINTIFFS' NOTICES OF SUPPLEMENTAL AUTHORITY

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
email: kate@katebutlerlaw.com

*Attorneys for Plaintiffs*

i

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS..................4

III.    SUMMARY OF THE ARGUMENT ...............................................................4

IV.     STATEMENT OF FACTS ............................................................................6

V.      STANDARD OF REVIEW ...........................................................................8

VI.     ARGUMENT ..............................................................................................9

    A.      The Arbitration Awards, Which Support Plaintiffs' Contention That Reasonable Factfinders May Find in Plaintiffs' Favor, Are Clearly Relevant Here........................9

    B.      The Arbitration Awards Are Proper Subjects of Notices of Supplemental Authority .........................................................................................12

    C.      Plaintiffs' Notices of Supplemental Authority Do Not Violate the Confidentiality Provisions of the DRA................................................15

VII.    CONCLUSION..........................................................................................18

# TABLE OF AUTHORITIES

**Cases**

Arnold v. X Corp.,
    2024 WL 4987032 (D. Del. Dec. 5, 2024)......................................................... passim

Arthurs v. Glob. TPA LLC,
    2015 WL 13652716 (M.D. Fla. Feb. 6, 2015) ............................................................8

Billie v. Coverall N. Am., Inc.,
    2024 WL 4380618 (2d Cir. Oct. 3, 2024)..........................................................15–16

Brody v. Hankin,
    145 F. App'x 768 (3d Cir. 2005) .......................................................................10–11

Cantu v. Mammoth Energy Services,
    2023 WL 3681705 (W.D. Tex. Apr. 10, 2023)........................................................17

Chambers v. NASCO, Inc.,
    501 U.S. 32 (1991).....................................................................................................8

Chandler v. IBM Corp.,
    2023 WL 4987407 (2d Cir. Aug. 4, 2023)..............................................................17

Columbian Spot, LLC v. Dollar Bank,
    2022 WL 4610644 (W.D. Pa. Sept. 30, 2022)...........................................................9

DeSimone v. Select Portfolio Servicing, Inc.,
    2023 WL 6450236 (E.D.N.Y. Sept. 30, 2023) ......................................2, 5, 13–14

D.P. Enters., Inc. v. Bucks Cnty. Cmty. Coll.,
    725 F.2d 943 (3d Cir. 1984).......................................................................................9

Equal Emp. Opportunity Comm'n v. City of Long Branch,
    866 F.3d 93 (3d Cir. 2017).......................................................................................14

Garcia v. Serv. Emps. Int'l Union,
    2019 WL 8750273 (D. Nev. May 23, 2019).............................................................10

Hlfip Holding, Inc. v. Rutherford County,
    2020 WL 6484254 (M.D. Tenn. Sept. 13, 2020).......................................................8

In re IBM Arb. Agreement Litig.,
    76 F.4th 74 (2d Cir. 2023) ................................................................................15–16

In re Ry. Indus. Emp. No-Poach Antitrust Litig.,
   395 F. Supp. 3d 464 (W.D. Pa. 2019) ....................................................................9

ITT Educational Services, Inc. v. Arce,
   533 F.3d 342 (5th Cir. 2008) ...............................................................................15

Laudig v. IBM Corp.,
   2022 WL 18232706 (N.D. Ga. Dec. 16, 2022)....................................................16

Lodi v. IBM Corp.,
   2023 WL 4983125 (2d Cir. Aug. 4, 2023)...........................................................17

Morgan Stanley Smith Barney LLC v. Stafford,
   2015 WL 4645640 (D. Mont. Aug. 5, 2015) ...............................................2, 5, 13

Nix v. Spector Freight Sys., Inc.,
   264 F.2d 875 (3d Cir. 1959).................................................................................14

Nuance Communications, Inc. v. MModal LLC,
   2018 WL 6804488 (D. Del. Dec. 27, 2018)...........................................................9

Palmer v. Convergys Corp.,
   2012 WL 425256 (M.D. Ga. Feb. 9, 2012)..................................................2, 5, 13

Pa. Nat'l Mut. Cas. Ins. Grp. v. New England Reinsurance Corp.,
   840 F. App'x 688 (3d Cir. 2020) ............................................................................7

Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,
   998 F.2d 1192 (3d Cir. 1993)...............................................................................11

Schienblum v. Lehigh Valley Charter Sch. for the Arts,
   2016 WL 7429192 (E.D. Pa. Dec. 20, 2016)................................................2, 5, 13

Sincavage v. Schott N. Am.,
   2018 WL 4852218 (M.D. Pa. Oct. 5, 2018) ...........................................................8

Skidmore v. Swift & Co.,
   323 U.S. 134 (1944)...........................................................................2, 5, 13

Stafford v. IBM Corp.,
   78 F.4th 62 (2d Cir. 2023) .............................................................................15–16

Tavenner v. IBM Corp.,
   2023 WL 4984758 (2d Cir. Aug. 4, 2023)............................................................17

USG Cos., Inc. v. Advantage Sales & Mktg. LLC,
  2018 WL 3117545 (D. Del. June 25, 2018)........................................................................5, 14

W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC,
  2007 WL 3317551 (Del. Ch. Nov. 2, 2007) .........................................................................11

**Rules**

Fed. R. Civ. P. 12 ................................................................................................... passim

Fed. R. Civ. P. 15 ...........................................................................................................11

Local Rule 7.1.2 ...............................................................................................................12

## I.     INTRODUCTION

Nearly two years ago, on May 17, 2023, Twitter moved to dismiss Plaintiffs' claims

pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), arguing among other things

that no reasonable factfinder could find in Plaintiffs' favor on their claims. D.I. 77. During the

pendency of this motion, beginning on November 26, 2024, Plaintiffs began notifying the Court,

via sealed Notices of Supplemental Authority, of arbitration awards adjudicating the claims of

former Twitter employees who have brought the exact same claims as Plaintiffs have brought in

this action. From November 2024 to March 2025, Plaintiffs continued to update the Court on

arbitration awards that support their claims and undermine Twitter's contention that no

reasonable factfinder could find in Plaintiffs' favor. D.I. 98, 108, 111, 114, 117.

Throughout these several months in which several Notices of Supplemental Authority

were filed, Twitter never raised to the Court any issues regarding the purported impropriety of

these filings. Then, on March 25, 2025, intervenors from the media moved this Court to unseal

these arbitration awards. D.I. 119. Now, faced with the prospect of these awards being made

public, Twitter has suddenly taken the position that these filings were improper all along—

despite months of silence. Clearly, Twitter does not actually believe that these arbitration

awards—which are clearly relevant here, as they concern identical claims—are irrelevant or

improperly filed; if this were the case, a motion to strike would have been filed months ago.

Rather, the majority of Twitter's arguments pertain to the *unsealing* issue, which the Court can

properly address in ruling on the media intervenors' motion. Twitter's untimely motion to strike

should be denied, for the following reasons.

First, the arbitration awards filed under seal by Plaintiffs are undoubtedly relevant, in that

they contain decisions in adjudications (mostly by retired judges) addressing the same claims as

Plaintiffs press here. These awards directly rebut Twitter's argument that no reasonable factfinder could rule in Plaintiffs' favor. Furthermore, it goes without saying that the Court may consider nonbinding legal authorities addressing similar issues of law in deciding a motion to dismiss; indeed, any argument to the contrary is undermined by Twitter's own supplemental citation to Arnold v. X Corp., 2024 WL 4987032 (D. Del. Dec. 5, 2024), a provisional report and recommendation by a magistrate judge that lacks the force of law. D.I. 103.

Second, Twitter cites no authority holding that an arbitration award is an improper subject of a notice of supplemental authority. On the contrary, courts deciding issues of law may consult, as persuasive authorities, the decisions of other types of tribunals, including arbitration awards and administrative adjudications. See Morgan Stanley Smith Barney LLC v. Stafford, 2015 WL 4645640, at *3 (D. Mont. Aug. 5, 2015) (denying motion to strike arbitration award as supplemental authority); Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) (acknowledging that courts may consider administrative interpretations and opinions); Schienblum v. Lehigh Valley Charter Sch. for the Arts, 2016 WL 7429192, at *4 n.3 (E.D. Pa. Dec. 20, 2016) (addressing NRLB decision introduced as a supplemental authority); DeSimone v. Select Portfolio Servicing, Inc., 2023 WL 6450236, at *4 (E.D.N.Y. Sept. 30, 2023) (denying a motion to strike an advisory opinion from the CFBP as a supplemental authority); Palmer v. Convergys Corp., 2012 WL 425256, at *3 n.2 (M.D. Ga. Feb. 9, 2012) (addressing an NLRB decision filed as supplemental authority). It makes little sense for Twitter to challenge arbitration awards—which may become enforceable final judgments that are binding on the parties—as "authorities," when Twitter itself has cited an "authority" that is merely a provisional report and recommendation from a magistrate judge (likewise addressing the issue the Court has in front of it in this case) with no independent force of law.

Third, and finally, most of Twitter's arguments on the issue of confidentiality appear to pertain to the purported impropriety of these arbitration awards being *unsealed*, an entirely separate issue that is being litigated between Twitter and third-party media intervenors in this case. Plaintiffs filed these arbitration awards under seal knowing that Twitter takes the position that they are confidential, and, unlike in the other cases cited by Twitter involving Plaintiffs' counsel, Plaintiffs have not moved to unseal them. Indeed, Twitter's primary qualms appear to be related to the third-party intervenors' motion, considering that Twitter raised no objection to the filing of these arbitration awards over the course of months until just after the intervenors' motion was filed.

Twitter also cannot in good faith object to Plaintiffs' citations to these arbitration awards, since the parties have agreed that evidence from these arbitrations—including arbitration awards—may be utilized across court cases and arbitrations brought by claimants represented by Plaintiffs' counsel against Twitter.[1] The fact that this agreement extends not only to documentary or testimonial evidence, but also arbitration *awards*, is confirmed by the fact that Twitter itself has repeatedly cited and attached arbitrators' rulings in other arbitrations when it has believed doing so would be beneficial to its position.[2]

In sum, both parties have submitted to the Court non-binding, but potentially persuasive authorities addressing the issues of law presented by Twitter's motion to dismiss. Even if the Court ultimately decides to afford these arbitration awards little weight, they are nevertheless

---

[1]    This agreement is memorialized in each arbitration scheduling order entered into between claimants represented by Plaintiffs' counsel and Twitter. See Exhibit A at 2 (arbitration scheduling order template).

[2]    The parties' agreement permits the sharing of case materials across all of Plaintiffs' counsel's arbitrations *and* court cases against Twitter. See *infra* note 7.

undoubtedly relevant to the issues before the Court (and proper for Plaintiffs to file – even if simply to preserve their record), and therefore there are no grounds for them to be stricken.

## II.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This case was filed on November 3, 2022.[3] Nearly two years ago, on May 17, 2023, Twitter moved to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). D.I. 77. During the pendency of this motion, Twitter has filed a Notice of Subsequent Authority, notifying the Court of the Magistrate Judge's report and recommendation in Arnold v. X Corp., 2024 WL 4987032. D.I. 103. On November 26, 2024, January 8, 2025, January 14, 2025, February 14, 2025, and March 21, 2025, Plaintiffs filed under seal five Notices of Supplemental Authority, bringing to the Court's attention arbitration awards in more than 20 cases, deciding the cases of former Twitter employees who brought the same claims Plaintiffs brought here. D.I. 98, 108, 111, 114, 117.  But not until last week, on April 8, 2025, more than four months after Plaintiffs began filing these notices (and more than two weeks after the most recent was filed), Twitter moved to strike all these Notices of Supplemental Authority and the accompanying exhibits from the record. D.I. 124. That same day, the Court notified the parties that Plaintiffs should respond to Twitter's motion by today, April 14, 2025. D.I. 125.

## III.    SUMMARY OF THE ARGUMENT

1.      The arbitration awards filed by Plaintiffs as notices of supplemental authority are clearly relevant to, and supportive of their opposition to, Twitter's motion to dismiss. Even if these authorities are nonbinding, it is commonplace for courts to take under consideration persuasive (even if non-binding) authorities that address substantively similar issues presented in a motion to dismiss. Here, the arbitration awards are clearly relevant because they pertain to the

---

[3]      Plaintiffs originally filed suit in the Northern District of California, but the court ordered that the case be transferred to the District of Delaware on April 19, 2023. D.I. 66.

same issues before the Court on Twitter's motion to dismiss, and they directly undermine Twitter's argument that no reasonable factfinder could find in favor of Plaintiffs.[4]

2. Twitter cites no authority indicating that arbitration awards are improper subjects of notices of supplemental authority. On the contrary, courts may consult as persuasive authorities the decisions of other tribunals, including arbitration awards and administrative decisions. Morgan Stanley, 2015 WL 4645640, at *3; Skidmore, 323 U.S. at 140; Schienblum, 2016 WL 7429192, at *4 n.3; DeSimone, 2023 WL 6450236, at *4; Palmer, 2012 WL 425256, at *3 n.2. Indeed, Twitter itself has brought to the attention of the Court a nonbinding, persuasive authority by referencing a report and recommendation in Arnold; however, unlike this report and recommendation, the arbitration awards filed by Plaintiffs would be enforceable decisions on the merits (once confirmed), and they are even entitled to preclusive effect in court. See USG Cos., Inc. v. Advantage Sales & Mktg. LLC, 2018 WL 3117545, at *4 (D. Del. June 25, 2018). Accordingly, Twitter's attempt to argue that arbitration awards are not legitimate "authorities" is incorrect.

3. Any confidentiality concerns raised by Twitter are addressed by the fact that Plaintiffs filed these awards under seal, and any arguments regarding the propriety of these awards entering the public record are irrelevant to this motion and should instead be properly addressed in deciding the media intervenors' motion to unseal. Furthermore, the parties here (Twitter on the one hand, and plaintiffs and claimants represented by Plaintiffs' counsel, on the other) have agreed that materials produced in these arbitrations—which would include evidence, as well as arbitration awards, may be shared across court cases and arbitrations brought by

---

[4]    A number of these arbitrators looked to extrinsic evidence to find in favor of employees on their breach of contract third-party beneficiary claims, which undermines the reasoning of the Arnold report and recommendation, which did not consider the possibility of extrinsic evidence, where the contract included contradictory provisions. See 2024 WL 4987032, at *6–9.

Plaintiffs' counsel. Any contrary argument by Twitter that the agreement is limited to evidentiary materials only (as opposed to arbitration awards) is directly undermined by Twitter's own conduct; indeed, Twitter itself was the first party to start filing Notices of Supplemental Authority citing prior arbitration awards in arbitrations it conducted with claimants represented by Plaintiffs' counsel.

## IV.    STATEMENT OF FACTS

Plaintiffs are former Twitter employees who have brought class claims of breach of contract and promissory estoppel against the company for failing to provide severance benefits that were promised to them, in the event that they lost their jobs, prior to Elon Musk's acquisition of the company in October 2022. D.I. 40 at 2. Plaintiffs' claims arise out of Twitter's Agreement and Plan of Merger (the "Merger Agreement") (for which the employees contend that they are third party beneficiaries), as well as direct written and oral promises made by the company directly to its employees. Id. at 12–13.

On May 17, 2023, Twitter filed a motion to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.I. 77. The motion was fully briefed by June 21, 2023. D.I. 88. On December 18, 2024, Twitter filed a Notice of Subsequent Authority notifying the Court of the Magistrate Judge's report and recommendation in the matter of Arnold v. X Corp., 2024 WL 4987032 (a case that was filed six months after this case). D.I. 103. Twitter characterized the Arnold report and recommendation, which also pertains to ex-Twitter employees' claims for severance benefits following Mr. Musk's acquisition, as a "decision . . . [that] resolves key issues relating to the alleged third-party beneficiary breach of contract claim at issue in Defendant's Motion to Dismiss and Strike Class Allegations." D.I. 103.

Plaintiffs have also filed Notices of Supplemental Authority, informing this Court of awards in more than 20 arbitration cases addressing the claims of former Twitter employees who, like Plaintiffs, lost their jobs following Elon Musk's purchase of the company but did not receive the severance package they allege that they were promised. D.I. 98; D.I. 108; D.I. 111; D.I. 114; D.I. 117. Like the <u>Arnold</u> report and recommendation, the awards—even if nonbinding on this Court[5]—address the same legal claims brought by Plaintiffs here.

As Twitter notes in its motion, Twitter's standard Dispute Resolution Agreement ("DRA") contains a confidentiality agreement; because Twitter takes the position that awards in arbitrations conducted pursuant to the DRA are confidential, Plaintiffs have filed these Notices of Supplemental Authority under seal. D.I. 98; D.I. 108; D.I. 111; D.I. 114; D.I. 117. Though Twitter takes the position that such awards are confidential,[6] Twitter has agreed with Plaintiffs' counsel that materials between Twitter and any employees represented by Plaintiffs' counsel can be used in any other court proceeding or arbitration between Twitter and any other employees represented by Plaintiffs' counsel. <u>See</u> Exhibit A at 2. The parties have clearly understood that this agreement applies to arbitration awards and not just discovery materials; that understanding

---

[5]    To be clear, Plaintiffs are not arguing that these awards are entitled to preclusive effect at this time, but they made raise collateral estoppel arguments in the future. Rather, Plaintiffs reference these awards because they may be persuasive authorities to the Court – but more importantly because they undermine Twitter's argument that no reasonable factfinder could find in Plaintiffs' favor.

[6]    Plaintiffs note that Twitter's DRA provides that arbitrations are confidential "[e]xcept as may be permitted or required by law". D.I. 18-1 at Exhibit A.  Because filing a relevant arbitration award in a public lawsuit is permitted by law, it appears that the DRA would not render arbitration awards confidential once they are filed in court, given that the Third Circuit has held that arbitration awards are "judicial record[s] subject to the common-law right of access." <u>Pa. Nat'l Mut. Cas. Ins. Grp. v. New England Reinsurance Corp.</u>, 840 F. App'x 688, 691 (3d Cir. 2020).  However, Plaintiffs have not taken a position on the intervenors' motion to unseal and leave that issue for the Court to address on the intervenors' motion.

has been shown by the fact that Twitter itself has filed notices of supplemental authorities in a number of arbitrations citing other arbitration awards obtained by Plaintiffs' counsel.[7]  One of those awards is one that Plaintiffs have provided to the Court (D.I. 108-7).[8]

## V.    STANDARD OF REVIEW

While a court's authority to strike pleadings derives from Rule 12(f) of the Federal Rules of Civil Procedure, courts have recognized a limited ability by courts to strike other documents pursuant to its "inherent authority." Sincavage v. Schott N. Am., 2018 WL 4852218, at *9 (M.D. Pa. Oct. 5, 2018). "[A] court's inherent authority to strike documents other than pleadings is wielded only in rare circumstances." Id.; see also Hlfip Holding, Inc. v. Rutherford County, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) ("[M]otions to strike are generally disfavored and should be granted only when the material at issue has no possible relation to the controversy."); Arthurs v. Glob. TPA LLC, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) ("A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law."). As the Supreme Court has cautioned, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

---

[7]    There is no reason that the ability of the parties to cite arbitration decision across other cases that Plaintiffs' counsel are litigating against Twitter would be any different when cited in arbitration or in court proceedings. Indeed, the agreement between the parties provides that materials from an arbitration "may be used **in another court case** and/or arbitration between Respondents and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C." Exhibit A at 2 (emphasis added).

[8]    Twitter has provided arbitrators with the decisions of other arbitrators who have found in Twitter's favor on various discovery issues (D.I. 108-6).

## VI.    ARGUMENT

### A.    The Arbitration Awards, Which Support Plaintiffs' Contention That Reasonable Factfinders May Find in Plaintiffs' Favor, Are Clearly Relevant Here

Courts are authorized to dismiss a claim pursuant to Rule 12(b)(6) if "it appears to a certainty that no relief could be granted under any set of facts which could be proved." D.P. Enters., Inc. v. Bucks Cnty. Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). To aid in their decision-making processes, courts adjudicating motions to dismiss regularly consult persuasive but nonbinding authorities deciding similar issues—including authorities that are submitted to the court via a notice of supplemental authority. For instance, in Nuance Communications, Inc. v. MModal LLC, 2018 WL 6804488, at *3–4 (D. Del. Dec. 27, 2018), report and recommendation adopted, 2019 WL 181322 (D. Del. Jan. 11, 2019), the court denied a motion to dismiss a defendant's counterclaims, in part due to the persuasiveness of an out-of-circuit authority supplementally filed by the defendant that addressed substantively similar facts and legal issues. See also Columbian Spot, LLC v. Dollar Bank, 2022 WL 4610644, at *2 (W.D. Pa. Sept. 30, 2022) (acknowledging the supplemental authorities filed and denying a motion to dismiss based on "the great weight of persuasive authority permitting similar lawsuits across the country to proceed to discovery"); In re Ry. Indus. Emp. No-Poach Antitrust Litig., 395 F. Supp. 3d 464, 481 n.6 (W.D. Pa. 2019) (acknowledging the out-of-circuit supplemental authorities filed by plaintiff in opposition to defendant's motion to dismiss and finding these authorities persuasive as to one of the issues before the court).

Here, the relevance of the arbitration awards is clear. Even if these authorities are nonbinding, they nevertheless contain the factual findings—as well as legal conclusions—of experienced arbitrators (most of whom are retired judges) adjudicating claims that are the same

as Plaintiffs' claims here.[9] These 20 awards, which reflect unanimity among arbitrators who have addressed the substantive issues presented by Plaintiffs' case, are clearly relevant in that they directly refute Twitter's contention that no reasonable factfinder could find in favor of former Twitter employees pursuing the same claims as Plaintiffs are pursuing here. Informing the Court of recently issued persuasive authorities that are relevant to the issues raised in a pending motion is common practice and certainly not grounds for granting a motion to strike.

Because the relevance of the arbitration awards is clear, Twitter attempts to obfuscate this straightforward issue by arguing that the Court cannot consider an arbitration award on a motion to dismiss, but this is not so. In Brody v. Hankin, 145 F. App'x 768, 770–71, 773 (3d Cir. 2005), the primary authority relied upon by Twitter, the Court did not hold that arbitration awards categorically may not be considered on a motion to dismiss; rather, the Court held that a *defendant* could not base an affirmative defense (claim preclusion) on an arbitration award at the motion to dismiss stage, since the arbitration award was not referenced in the plaintiff's

---

[9]    Indeed, each arbitration demand filed by Plaintiffs' counsel included a copy of the complaint in this case, indicating that the claims being arbitrated are the same as those being litigated here. D.I. 98-6 (sample arbitration demand).

    Plaintiffs acknowledge the Court's statement at the hearing held in January 2025 that it would likely afford little weight to the arbitration awards, as compared presumably to decisions of other federal district courts and state courts. D.I. 122 at 24. Plaintiffs are not asking the Court to *rely* on these awards or consider them binding; rather, Plaintiffs have notified the Court of these awards so that the Court may take notice that reasonable factfinders (in fact, factfinders in more than 20 cases, unanimously, in addition to a number of arbitration awards that Plaintiffs have not submitted to the Court) can find, and indeed, have found in former Twitter employees' favor on the same claims raised here.

    Even if the Court decides to afford these arbitration awards little weight, these awards are still relevant authorities that do not warrant being struck from the record. See Garcia v. Serv. Emps. Int'l Union, 2019 WL 8750273, at *1 (D. Nev. May 23, 2019) (noting that striking a document pursuant to the court's inherent authority is appropriate where the document has "no bearing on the issues at hand"). Furthermore, even if the Court finds these awards to be of little utility to its own decision, Plaintiffs should be allowed to build their record as needed in the event of an appeal.

complaint. Here, on the other hand, the arbitration awards are being referenced by *Plaintiffs* to counter Twitter's argument regarding the legal sufficiency of Plaintiffs' complaint—and not to tack on additional facts to a defendant's request to dismiss that was not alleged in the complaint. Moreover, unlike Brody, this is not a case where the *defendant* is relying on external evidence in support of dismissal; in such circumstances, courts must either disregard such external evidence or treat the motion as a motion for summary judgment, because the plaintiff must be afforded an opportunity to respond. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196–97 (3d Cir. 1993). Here, because *Plaintiffs* are referencing the arbitration awards in support of a motion to dismiss, this risk of prejudice is not present.[10]

Furthermore, even if the Court were to decide that these awards may not be considered as external evidence, they are still proper subjects of notices of supplemental authority because they are persuasive *legal authorities* in which another tribunal has adjudicated the same claims. Twitter cannot seriously contend that it would be improper for the Court to take into consideration persuasive authorities from other tribunals that have considered the same legal issues raised in Twitter's motion to dismiss.

For similar reasons, Twitter's references to authorities discussing the Court's ability to consider external evidence in interpreting a contract are a red herring.[11] The arbitration awards

---

[10]    In any event, because the arbitration awards were issued *after* Plaintiffs filed their Second Amended Complaint, Plaintiffs would not have been able to cite these awards in their pleadings. If the Court finds that they are not proper at this stage unless they are cited in the complaint, then the Court could grant Plaintiffs leave to amend their complaint to include references to the awards (given that the case is still at an early procedural stage). See Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely give[n] when justice so requires").

[11]    Plaintiffs dispute Twitter's characterization of the Merger Agreement's language as unambiguous and contend that extrinsic evidence should be consulted to interpret the Merger Agreement's conflicting terms. See W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC, 2007 WL 3317551, at *1 (Del. Ch. Nov. 2, 2007). But this dispute has no relevance to Twitter's motion to strike, since Plaintiffs did not introduce the arbitration awards as extrinsic evidence to

are not extrinsic evidence that shed light on contractual ambiguity; rather, they are legal authorities that undermine Twitter's contention that Plaintiffs' claims fail as a matter of law. Indeed, any contrary argument by Twitter on this issue is disingenuous, considering that Twitter itself filed a Notice of Subsequent Authority to notify the Court of a Magistrate Judge's interpretation of this same contractual language.[12] D.I. 103. The Arnold report and recommendation, like the arbitration awards at issue here, is a nonbinding, persuasive authority that indicates how one decisionmaker has addressed the legal issues raised in Twitter's motion to dismiss. Twitter's attempt to characterize these arbitration awards as improper "external evidence"—when Twitter itself has drawn the Court's attention to nonbinding authority to aid in the Court's adjudication of Plaintiffs' third-party beneficiary claim—should be rejected.

**B.    The Arbitration Awards Are Proper Subjects of Notices of Supplemental Authority**

Twitter's contention that Plaintiffs' Notices of Supplemental Authority are "procedurally improper" is similarly baseless. Pursuant to L.R. 7.1.2(b), it is proper for the Court to consider "the citation of subsequent authorities" when ruling on a motion.

---

resolve a contractual ambiguity.  Instead, they demonstrate that factfinders who have considered external evidence (that was presented during a full-blown evidentiary hearing) have found in favor of employees raising the same third-party beneficiary claim as Plaintiffs have brought here (unlike the magistrate judge in Arnold who was neither presented with, nor considered, such external evidence).

In any event, Plaintiffs reiterate that their claims are not solely dependent on the Merger Agreement; they also bring breach of contract and promissory estoppel claims based on direct promises made to them by Twitter.

[12]    Twitter's reference to the Arnold report and recommendation also directly undermines its assertion that the arbitration awards should not be relied upon because they are purportedly "based on an informal resolution in a setting lacking many of the procedural and evidentiary safeguards attendant to legal proceedings." D.I. 124 at 7. On the contrary, the arbitrators in these matters had the benefit of a full evidentiary record and thorough evidentiary hearings with ample procedural safeguards (as well as extensive pre-hearing discovery and post-hearing briefing and argument), while the provisional report and recommendation in Arnold was based on no record and without oral argument.

Twitter makes the case that arbitration awards are not "authorities" because they are not "new statutes" or "case law" and because they are not precedential. But Twitter cites no rules or case law indicating that the definition of "authorities" is so limited. In fact, the case law points to the opposite conclusion. For instance, in Morgan Stanley, 2015 WL 4645640, at *3, a federal court addressed precisely the issue raised by Twitter in its motion to strike. In that case, a party notified the court of an arbitration award "in a case that he believe[d] [was] factually similar to the case at hand." Id. The court, citing its local rule allowing citations to a "pertinent and significant authority [that] comes to a party's notice after the briefs have been filed but before decision," permitted the filing of the arbitration award and denied the opposing party's motion to strike. Id.

Further undermining Twitter's arguments is that courts—including courts in this Circuit—regularly permit citations to administrative authorities in notices of supplemental authority. See Schienblum, 2016 WL 7429192, at *4 n.3 (acknowledging a decision by the NLRB raised to the court in a notice of supplemental authority that was relevant to the pending motion to dismiss); DeSimone, 2023 WL 6450236, at *4 (denying a motion to strike a notice of supplemental authority notifying the court of an advisory opinion from the CFPB, noting that although it was "not binding legal authority," it was nevertheless "helpful in understanding the issues" and "relevant to the issues pending before" the court on a motion to dismiss); Palmer, 2012 WL 425256, at *3 n.2 (acknowledging and addressing an NLRB decision that plaintiffs brought to the court's attention via a notice of supplemental authority). As the Supreme Court explained in Skidmore v. Swift & Co., 323 U.S. at 140, administrative authorities, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Here, the

13

Court, like the court in <u>DeSimone</u>, should similarly deny the motion to strike. Even if these awards are not binding, they are nevertheless legal authorities that are "relevant to the issues pending" before the Court. <u>See</u> <u>DeSimone</u>, 2023 WL 6450236, at *4.

Again, any contrary argument raised by Twitter is directly undermined by its own Notice of Supplemental Authority to <u>Arnold</u>, which is a nonbinding report and recommendation. Indeed, because the <u>Arnold</u> report and recommendation has not been considered by an Article III judge, it is not even a "final order" with the force of law. <u>Equal Emp. Opportunity Comm'n v. City of Long Branch</u>, 866 F.3d 93, 99–100 (3d Cir. 2017) ("[A] district court must take some action for a report and recommendation to become a final order . . . ."). An arbitration award, on the other hand, "creates or authoritatively declares rights even as a judgment does." <u>Nix v. Spector Freight Sys., Inc.</u>, 264 F.2d 875, 877 (3d Cir. 1959).[13] Plus, as this Court has found, even unconfirmed arbitration awards are generally afforded preclusive effect. <u>USG Cos., Inc.</u>, 2018 WL 3117545, at *4 (collecting cases and authorities).

In other words, it makes little sense for Twitter to file a Notice of Subsequent Authority pointing the Court's attention to <u>Arnold</u>—a provisional, nonbinding report and recommendation—and then argue that arbitration awards are improper "authorities" for the Court's consideration. Both the report and recommendation and the arbitration awards are legal authorities that the Court may consider in deciding substantively similar issues raised in Twitter's motion to dismiss. Plus, if anything, the arbitration awards are more bona fide "authorities" than <u>Arnold</u>, considering that these awards (unlike <u>Arnold</u>) are decisions reached after full evidentiary hearings and extensive briefing and argument and may become binding on

---

[13]    Indeed, Twitter's DRA provides that arbitration awards issued pursuant to the arbitration agreement are "final and binding" on the parties. D.I. 18-1 at Exhibit A.

the parties to the adjudication. Accordingly, Twitter's arguments on this point, in addition to not being supported by case law, are contradicted by its own actions in this litigation.[14]

### C.    Plaintiffs' Notices of Supplemental Authority Do Not Violate the Confidentiality Provisions of the DRA

Twitter's arguments regarding the confidentiality provisions of the DRA conspicuously ignore the fact that Plaintiffs filed the arbitration awards at issue under seal, rendering most of Twitter's arguments on this issue irrelevant. Indeed, the authorities cited by Twitter in support of its argument pertain to arbitration awards that a party was attempting to file on the public record. In ITT Educational Services, Inc. v. Arce, 533 F.3d 342, 344 (5th Cir. 2008), for example, the Fifth Circuit struck down a party's attempt to "file an *unredacted copy* of the arbitrator's findings with the district court."[15] (emphasis added). And, in fact, the Fifth Circuit noted that the appellant was able to appeal the district court's decision without violating confidentiality by filing documents under seal. Id. at 348.

The prior cases involving Plaintiffs' counsel cited by Twitter are similarly irrelevant here, where Plaintiffs have filed the arbitration awards under seal. In Stafford v. IBM Corp., 78 F.4th 62, 65 (2d Cir. 2023), In re IBM Arbitration Agreement Litigation, 76 F.4th 74, 80–81 (2d Cir. 2023), and Billie v. Coverall North America, Inc., 2024 WL 4380618, at *1 (2d Cir. Oct. 3,

---

[14]    Twitter's argument that Plaintiffs' Notices of Supplemental Authority "raise arguments on the merits" is similarly meritless. Plaintiffs have only noted that these arbitration awards "belie Twitter's argument that no reasonable factfinder could determine that an enforceable agreement exists requiring Twitter to pay severance to its former employees under its pre-acquisition severance policy"—this statement speaks only to the *relevance* of the arbitration awards in the Court's consideration and does not raise any new arguments to the Court. D.I. 108-1 at 4; D.I. 111-1 at 2–3.

[15]    It is also worth noting that the filing party was attempting to introduce the arbitration award as external evidence of its adversary's wrongdoing, whereas here Plaintiffs bring the awards to the Court's attention as evidence that reasonable factfinders could find in the Plaintiffs' favor, as well as based on them being persuasive legal authorities.

2024), the disputes centered on plaintiffs who were attempting to *unseal* arbitration awards—and file them simply so that other plaintiffs would be able to see them. In each of these cases, while the parties disputed whether the arbitration awards at issue should be *unsealed*, the propriety of the plaintiffs filing these awards in the first place was never in question. Cf. Laudig v. IBM Corp., 2022 WL 18232706, at*3 (N.D. Ga. Dec. 16, 2022) (both parties, including the defendant arguing to uphold a confidentiality provision, filed documents from arbitration, where dispute centered around whether these materials should be unsealed). Furthermore, while the Second Circuit held that it was improper for plaintiffs to seek unsealing these awards for the purpose of making them available for other potential plaintiffs (because, in those instances, the underlying controversies had become moot[16]), this is not a concern in this case, where the case is *not* moot, and since the parties have agreed that they can use arbitration materials across cases. And, in any event, it is third-party intervenors, not Plaintiffs, who are requesting that this Court unseal the arbitration awards. D.I. 119. By filing these arbitration awards, Plaintiffs' counsel are not attempting to use the docket for "their own gain"; rather, Plaintiffs' counsel are pressing the claims of their clients, who would benefit from the Court's knowledge of these arbitration decisions (which is a reason that plaintiffs may indeed want to be represented by the same counsel who are representing others with the same claims—so they can use common discovery and positive results to help the other cases—notwithstanding the company's attempt to shroud the cases in secrecy through arbitration).[17]

---

[16]    In Stafford and Billie, Plaintiffs' counsel filed motions to confirm arbitration awards, even though those awards had already been paid, and thus the reason for the filing of those cases had become moot.

[17]    Twitter further attempts to impugn Plaintiffs' counsel's motives by baselessly alleging that Plaintiffs' counsel have failed to obtain their clients' consent to file arbitration awards. D.I. 124 at 12. There is no basis for this attack or reason to presume consent was not obtained simply

Twitter's citations to <u>Chandler v. IBM Corp.</u>, 2023 WL 4987407, at *1 (2d Cir. Aug. 4, 2023), <u>Lodi v. IBM Corp.</u>, 2023 WL 4983125, at *1 (2d Cir. Aug. 4, 2023), and <u>Tavenner v. IBM Corp.</u>, 2023 WL 4984758, at *1 (2d Cir. Aug. 4, 2023), similarly lack relevance here, as each of these cases involved a direct challenge to the enforceability of the arbitration agreements—and none of these decisions addressed the purported impropriety of filing the arbitration awards on the docket.

Where an arbitration award subject to a confidentiality provision is relevant to a public lawsuit, filing the award under seal unequivocally cures any confidentiality issues. Indeed, this was the conclusion reached by the court in <u>Cantu v. Mammoth Energy Services</u>, 2023 WL 3681705, at *1 (W.D. Tex. Apr. 10, 2023), where an arbitration award was potentially relevant to the plaintiff's issue preclusion argument. Because the award was relevant to the public proceedings, the court instructed that the defendants' concerns of confidentiality could be addressed by having the award filed under seal.[18] <u>Id.</u> at *1. Twitter's arguments on this issue—which primarily pertain to the prospect of these awards being unsealed—can be properly addressed by the Court in addressing the media intervenors' motion to unseal.

Furthermore, Twitter cannot contend that Plaintiffs are prohibited by the DRA from notifying the Court of these arbitration awards, since, as Plaintiffs have previously noted, Twitter agreed that materials between Twitter and any employees represented by Plaintiffs' counsel can be used in any other proceeding between Twitter and any other employees

---

because Plaintiffs did not address this baseless argument in the <u>Arnold</u> amicus filing. Plaintiffs' counsel did obtain their clients' consent before filing the notices.

[18] Accordingly, Twitter is plainly incorrect by claiming that <u>Cantu</u> "says nothing about the right to *file* confidential arbitration awards." D.I. 124 at 11 n.3. As noted above, the court plainly instructed the parties that the relevant arbitration award could be filed under seal. <u>Cantu</u>, 2023 WL 3681705, at *1.

represented by Plaintiffs' counsel. Pursuant to this agreement "any evidence produced in [an] arbitration (including deposition and hearing testimony) **may be used in another court case** and/or arbitration between Respondents and Plaintiffs/Claimants represented by Lichten & Liss-Riordan, P.C." Exhibit A at 2 (emphasis added). The parties have mutually understood "evidence" to encompass the arbitration awards produced in these proceedings. Indeed, throughout Twitter's litigation with Plaintiffs' counsel, Twitter has repeatedly disclosed arbitrators' rulings in other arbitrations when it has believed doing so would be beneficial to its position. In the context of discovery disputes, Twitter has provided arbitrators with the decisions of other arbitrators who found in its favor. D.I. 108-6. And, in fact, Twitter—not Plaintiffs' counsel—was the first party to file a Notice of Supplemental Authority citing an arbitration award (one of the arbitration awards provided by Plaintiffs here), which it filed in several arbitrations. D.I. 108-7. Thus, Twitter cannot credibly claim that Plaintiffs' citation of the arbitration awards here breaches any confidentiality provisions.

## VII.    CONCLUSION

The arbitration awards filed here by Plaintiffs as Notices of Supplemental Authority involve the same claims present in this case.  Even if they are not binding on this Court, they are helpful to Plaintiffs' argument and undermine Twitter's contention that no reasonable factfinder could find in Plaintiffs' favor. They are also persuasive legal authorities that the Court may choose to consider in deciding Twitter's motion to dismiss (whether or not the Court decides to consider them). Twitter's attempts to obfuscate this clear conclusion are unpersuasive, and, in any event, are consistently undermined by Twitter's own conduct. This is not a situation that calls for an extraordinary exercise of the Court's inherent authority, and accordingly Twitter's motion to strike should be denied.

Dated: April 14, 2025                                             Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, and BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Kate Butler
Kate Butler, Bar I.D. No. 6017
Kate Butler Law LLC
1509 Gilpin Ave, Suite No. 3
Wilmington, DE 19806
Phone: (302) 966-9994
Email: kate@katebutlerlaw.com

Shannon Liss-Riordan (*pro hac vice*)
Bradley Manewith (*pro hac vice*)
Thomas Fowler (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com
bmanewith@llrlaw.com
tfowler@llrlaw.com

19

**CERTIFICATE OF SERVICE**

I, Kate Butler, hereby certify that a true and accurate copy of the redacted version of this document was served on all counsel of record for Defendant via filing on the Court's CM/ECF system on April 14, 2025.

        /s/ Kate Butler
        Kate Butler