IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL ANDRES BARRETO, and BRETT MENZIES FOLKINS,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | C.A. No. 1:23-cv-441-TMH |

**MEMORNDUM ORDER**

On May 17, 2023, Defendant Twitter, Inc. moved to dismiss the remaining claims in Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12 (D.I. 77). Plaintiffs have since filed five sealed Notices of Supplemental Authority (D.I. 98-1; D.I. 108-1; D.I. 111-1; D.I. 114-1; D.I. 117-1) seeking to enter into the record fifteen individual arbitration awards issued in arbitrations against Twitter in which Plaintiffs' counsel represented the claimants (D.I. 98-2; D.I. 98-3; D.I. 98-4; D.I. 98-5; D.I. 108-2; D.I. 108-3; D.I. 108-4; D.I. 111-2; D.I. 114-2; D.I. 117-2; D.I. 117-3; D.I. 117-4; D.I. 117-5; D.I. 117-6; D.I. 117-7). These notices state that "[b]ecause Twitter takes the position that arbitration awards are confidential, Plaintiffs have filed the documents under seal." (D.I. 98 at 1). Pending before this court are Defendant's Motion to Strike Plaintiffs' Notices of Supplemental Authority (D.I. 123) and the Press Coalition's Motion to Intervene and for Unsealing of Judicial Records (D.I. 119). For the reasons explained below, the Court finds that the

arbitration awards submitted by Plaintiffs are neither relevant nor persuasive authority and should not be considered judicial records. Thus, the Court grants Defendant's Motion to Strike. The Court also grants the Press Coalition's Motion to Intervene for the limited purpose of arguing against continued sealing of the arbitration awards and denies the Press Coalition's Motion for Unsealing of Judicial Records as moot given the Court's finding that the arbitration awards should not be considered judicial records.

I. **Twitter's Motion to Strike Plaintiffs' Notices of Supplemental Authority**

Plaintiffs seek to rely on the arbitration awards as persuasive but non-binding legal authorities in support of their opposition to Defendant's Motion to Dismiss. They argue that these awards are "relevant in that they directly refute Twitter's contention that no reasonable factfinder could find in favor of former Twitter employees pursuing the same claims as Plaintiffs are pursuing here." (D.I. 142 at 10). We disagree. As Defendant argues, what a factfinder "has done in an entirely separate, non-judicial action says nothing about the legal sufficiency of Plaintiffs' allegations in this case, which is the only question currently pending before the Court." (D.I. 124 at 7). The arbitration awards are not incorporated by Plaintiffs' Second Amended Complaint and thus cannot be used to supplement Plaintiffs' claims, Plaintiffs do not argue that these awards have preclusive effect (D.I. 108-1 at 2 n.1), Plaintiffs do not allege the awards will improve or alter our understanding of the case or the applicable law, and Plaintiffs do not ask us to apply the reasoning articualted in these awards in evaluating Defendant's Motion to Dismiss. Furthermore, one of the three remaining

2

claims in Plaintiffs' Second Amended Complaint is a contract interpretation claim, and as Plaintiffs acknowledge (D.I. 142 at 11–12), the arbitration awards cannot be used to demonstrate that the Merger Agreement at issue is ambiguous. *See Sunline Com. Carriers, Inc. v. CITGO Petroleum Corp.*, 206 A.3d 836, 847 n. 68 (Del. 2019) ("[W]hether a contract is unambiguous is a question of law.").

As Plaintiffs also acknowledge, administrative authorities are not controlling on this Court, and while we *may* permit citations to administrative authorities, we are not required to. (D.I. 142 at 13) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). This Court previously warned Plaintiffs during oral argument regarding Defendant's Motion to Dismiss that the awards "have very little weight . . . . So I guess if you keep filing them, you may force me to make a ruling on whether they're permissible or not. I don't find them useful." (D.I. 122 [12:40:29–12:40:40]). Without providing further justification, Plaintiffs continued to file arbitration awards as supplemental authorities (*see* D.I. 114-1; D.I. 117-1) and may continue to file dozens more. (*See* D.I. 117-1 at 2) ("Plaintiffs' counsel are nearing having completed 100 arbitrations raising the same claims against Twitter that are in this lawsuit[.]"). Defendant's Motion to Dismiss is not occasion for a popularity contest in which the Court may be persuaded by the number of arbitration awards decided in either party's favor.

We are also concerned by a trend brought to our attention in Twitter's opening brief in support of its Motion to Strike, in which Plaintiffs' counsel has repeatedly attempted to docket and unseal arbitration awards in unrelated cases in the Second

Circuit. (D.I. 124 at 5 (citing *Billie v. Coverall N. Am., Inc.*, 2024 WL 4380618 (2d Cir. Oct. 3, 2024); *Stafford v. IBM Corp.*, 78 F.4th 62 (2d Cir. 2023); *In re IBM Arbitration Agreement Litig.*, 76 F.4th 74 (2d Cir. 2023); *Chandler v. IBM Corp.*, 2023 WL 4987407 (2d Cir. Aug. 4, 2023); *Lodi v. IBM Corp.*, 2023 WL 4983125 (2d Cir. Aug. 4, 2023); *Tavenner v. IBM Corp.*, 2023 WL 4984758 (2d Cir. Aug. 4, 2023). These efforts have been unsuccessful. *See Billie,* No. 23-672-CV, 2024 WL 4380618, at *3 ("[T]he district court should not have granted [Plaintiff's] request to unseal the Arbitration Documents because 'the presumption of access to judicial documents is outweighed here by the interest in confidentiality and because [Plaintiff's] apparent purpose in filing the materials publicly is to launder their confidentiality through litigation.'") (citation omitted); *In re IBM Arb. Agreement Litig.*, 76 F.4th at 86 ("The district court correctly observed that allowing unsealing [of arbitration documents] under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings. Plaintiffs' counsel may not end-run the Confidentiality Provision by filing protected materials and then invoking the presumption of access to judicial documents.") (internal citation omitted). While Plaintiffs do not join the Press Coalition's request that we unseal the confidential arbitration awards (D.I. 142 at 3, D.I. 119 at 2 n.1), the end result is the same. As a result of Plaintiffs' voluminous filings, the Press Coalition now seeks access to the sealed documents, and we agree with the Press Coalition that if we consider the arbitration awards to be relevant, the common law right of access would

attach and compel us to unseal the awards with appropriate redactions of personally identifying information.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms[.]" *Dietz v. Bouldin.*, 579 U.S. 40, 47 (2016). Accordingly, we have decided not to review the arbitration awards. We find that they are neither relevant nor persuasive authority.

Defendant's Motion to Strike Plaintiffs' Notices of Supplemental Authority is hereby **GRANTED**. Plaintiffs' notices of supplemental authority and all accompanying exhibits (D.I. 98-1 through 98-6; D.I. 108-1 through 108-7; D.I. 111-1 through 111- 2; D.I. 114-1 through 114-2; D.I. 117-1 through 117-8) are hereby stricken from the record. Plaintiffs are henceforth precluded from filing any additional arbitration awards without first obtaining leave from this Court.

## II.  The Press Coalition's Motion to Intervene and for Unsealing of Judicial Records

The Press Coalition moved "to intervene in this proceeding for the limited purpose of vindicating the public's right to access court records" (D.I. 119 at 2). We granted this motion by entertaining oral argument on April 15, 2025, from the Press Coalition on the topic of whether the arbitration awards should be made public. (*See* Oral Order at D.I. 121). Because we have determined that the arbitration awards are neither relevant nor persuasive authority, we deny the Press Coalition's Motion for Unsealing of Judicial Records as moot because arbitration awards struck from the docket are not judicial records. "Whether the common law right of access applies to a particular document or record 'turns on whether that item is considered to be a

"judicial record.'" A "judicial record" is a document that 'has been filed with the court or . . . otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal citations omitted). We agree with the Press Coalition that a document is no less a judicial record just because it is sealed. (D.I. 119 at 8). We disagree, however, with what we understand to be the Press Coalition's position during oral argument: that, even if we grant Defendant's Motion to Strike, the arbitration awards remain judicial records, and the public has an interest in viewing them to understand why we found them irrelevant. To hold that documents which we find irrelevant and accordingly strike from the docket are still judicial records would potentially allow for abuse of docketing to evade the obligations of confidentiality. In any case, we did not consider the merits of these arbitration awards in deciding that they are irrelevant. Our reasons for excluding these documents are stated in full, above.

The Press Coalition's Motion to Intervene and for Unsealing of Judicial Records is hereby **GRANTED-IN-PART** and **DENIED-IN-PART**.

/s/ Todd M. Hughes
The Honorable Todd M. Hughes
United States Circuit Judge, sitting by designation